**RELATED DDJ**          FILED

Gurkirn Hundal
PO Box 78494
Los Angeles, California, 90016
Email Address: flawlesswellness10@gmail.com
Phone Number: 323-608-9900

2024 MAR -1  PM 3:20

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____ **rsm** _____

UNITED STATES DISTRIC COUT

CENTRAL DISTRICT OF CALIFORNIA

**2:24-CV-01721-CAS-MAR**

Case No.:

GURKIRN HUNAL,

Plaintiff(s)

vs.

RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; BETHANY SPOONER; MICHAEL VASQUEZ; MARK WIESE; JOEL JIMENEZ; SHERRY DICKO; JE T'AIME BRADSHAW; GONZALO RIVERA; LOGAN CAPITAL ADVISORS, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; ISLAS DEVELOPMENT, LLC; SUFFOLK DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; ROSSLYN PARTNERS, LLC; INSPIRATION PROPERTY MANAGEMENT, INC.; BEACH FRONT PROPERTY MANAGEMENT, INC.; MICHAEL CHILDRESS; ERICA DELERY; CLAUDIA JAUREGUI; LANA DENNIS; RODRIGO CASTELLANOS; KYLE DANA KAZAN;

**COMPLAINT FOR DAMAGES**
1. VIOLATION 42 U.S. CODE § 1983
2. VIOLATION LIABILITY FOR BREACH OF EQFIDUCIARY DUTY (29 U.S. CODE § 1109)
3. VIOLATON LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
4. VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
5. VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
6. VIOLATION TOM BANE CIVIL RIGHTS ACT
7. VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
8. VIOLATON INTENTIONAL TORT
9. VIOLATION CALIFORNIA CIVIL CODE § 527.6 – HARASSMENT
10. VIOLATION 42 U.S. CODE § 1985 - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
11. VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
12. VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
13. VIOLATION INTENTIONAL TORT
14. VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
15. VIOLATION GENERAL NEGIGENCE
16. VIOLATION INTENTIONAL TORT
17. VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
18. VIOLATION INTENTIONAL TORT
19. VIOLATION CALIFORNIA CIVIL CODE § 527.6 – HARASSMENT
20. VIOLATION TOM BANE CIVIL RIGHTS ACT
21. VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI
22. VIOLATION UNRUH CIVIL RIGHTS ACT
23. VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

MARGARET HOLDEN; KRIS HULGREN; MELINDA
JOHNSON; RICARDO LOPEZ; JORGE LOPEZ; SARA
LOPEZ; DOE 1; VALERIE SOSA; HAROLD SAMUEL
BEARD; DOMONICK LAWRENCE GUY; CYNTHIA PARRY;
RUBY MONTOYA; RBW SECURITY SERVICES INC.;
MASTER MUHAMMAD; HUGHFORD MUHAMMAD;
DEWEY SERVICES, INCORPORATED; KNOWLES
SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; JOSE
SANDIN; KEANDRE STEPHENSON; TYRONE JENKINS;
ALICO SECURITY GROUP, INC.; MANAL SABRY; DANIEL
WHEELER; BRIAN HSIAO; MARIE SFAIR; MICHELLE
TSIEBOS; THEODORE VICTORIO; RICHARD LAVIN;
JANGBIR SINGH; GINA KOJAYAN; GLADYS BOATENG;
EDGAR ANTONYAN; LOS ANGELES POLICE
DEPARTMENT; DOES 2 TO 15; CITY OF LOS ANGELES;
DOE GRADY (41438); DOE MADJD (42075); PIETRO
PIRA; SOPHIA LEE; DOE ALVAREZ; DOE VACA; DOE
OROCCO; ABRAHAM TAPIA; TED DEAN CONLEY; RAY,
ALOIA & CONLEY, LLC; STARBUCKS CORPOR ATION;
WALMART INC.; THE COCA-COLA COMPANY; BURGER
KING COR.; HORTENCIA GARCIA; KIMBERLY JOHNSON;
ERICA PEREZ; CARMEN CORTEZ; SEVANA PETROSIAN;
PETROSIAN ESTHETICS ENTERPRISES, LLC; SEV LASER
REAL ESTATE HOLDINGS, LLC; SEV LASER AESTHETICS
CALABASAS, LLC; KAYLA CRICHLOW; EMMA PERRY;
DOE 16; RAFAELA VASQUEZ; DOES 17-25,

Defendant(s)

24. VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
25. VIOLATION BATTERY
26. VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
27. VIOLATION CALIFORNIA CIVIL CODE § 527.6 – HARASSMENT
28. VIOLATION DISCRIMINATION
29. VIOLATION TOM BANE CIVIL RIGHTS ACT
30. VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI
31. VIOLATION CIVIL RIGHTS ACT OF 1866
32. VIOLATION UNRUH CIVIL RIGHTS ACT
33. VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
34. VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
35. VIOLATION NEGLIGENT HIRING
36. VIOLATION INTENTIONAL TORT
37. VIOLATION CALIFORNIA CIVIL CODE § 527.6 – HARASSMENT
38. VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
39. VIOLATION FRAUD
40. VIOLATION TOM BANE CIVIL RIGHTS ACT
41. VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 4301 – UNPROFESSIONAL CONDUCT
42. VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
43. VIOLATION INTENTIONAL MISREPRESENTATION
44. VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
45. VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
46. VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
47. VIOLATION NEGLIGENCE
48. VIOLATION GENERAL NEGLIGENCE
49. VIOLATION UNRUH CIVIL RIGHTS ACT
50. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
51. VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
52. VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
53. VIOLATION CAL. BUS. & PROF. CODE § 17200 – UNFAIR BUSINESS PRACTICES
54. VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 4301
55. VIOLATION CALIFORNIA CODE OF CIVIL PROCEDURE § 527.6 – HARASSMENT

56. VIOLATION INTENTIONAL TORT
57. VIOLATION CALIFORNIA CODE OF CIVIL PROCEDURE § 527.6 – HARASSMENT
58. VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
59. VIOLATION TOM BANE CIVIL RIGHTS ACT
60. VIOLATION CALIFORNIA BUSINESS & PROFESSIONS CODE § 4301
61. VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
62. VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
63. VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
64. VIOLATION CALIFORNIA CODE OF CIVIL PROCEDURE § 527.6 – HARASSMENT
65. VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
66. VIOILATION INTENTIONAL TORT
67. VIOLATION TOM BANE CIVIL RIGHTS ACT
68. VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
69. VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
70. VIOLATION 42 U.S. CODE § 1981- EQUAL RIGHTS UNDER THE LAW
71. VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
72. VIOLATION CAL. BUS. & PROF. CODE § 17200 – UNFAIR BUSINESS PRACTICES
73. VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 4301
74. VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
75. VIOLATION GENERAL NEGLIGENCE
76. VIOLATION CALIFORNIA CIVI CODE § 51.9 – SEXUAL HARASSMENT IN PROFESSIONAL RELATIONSHIP
77. VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
78. VIOLATION CALIFORNIA CIVIL CODE § 527.6 – HARASSMENT
79. VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
80. VIOLATION CIVIL RIGHTS ACT OF 1964 – TITLE VI: 42 U.S CODE § 2000d
81. VIOLATION TOM BANE CIVIL RIGHTS ACT
82. VIOLATION INTENTIONAL TORT
83. VIOLATION CALIFORNIA CODE OF CIVIL PROCEDURE § 527.6 – HARASSMENT
84. VIOLATION INTENTONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

)    85. VIOLATION 42 U.S. CODE § 1985 –
)        CONSPIRACY TO INTERFERE WITH CIVIL
)        RIGHTS
)    86. VIOLATION 42 U.S. CODE § 1981 – EQUAL
)        RIGHTS UNDER THE LAW
)    87. VIOLATION BREACH OF IMPLIED COVENANT
)        OF GOOD FAITH AND FAIR DEALING
)    88. VIOLATION CAL. BUS. & PROF. CODE § 17200
)        – UNFAIR BUSINESS PRACTICES
)    89. VIOLATION INTENTIONAL TORT
)    90. VIOLATION INTENTIONAL TORT
)    91. VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE
)        VI
)    92. VIOLATION 42 U.S. CODE § 1981 – EQUAL
)        RIGHTS UNDER THE LAW
)    93. VIOLATION CAL. BUS. & PROF. CODE § 17200
)        – UNFAIR BUSINESS PRACTICES
)    94. VIOLATION BREACH OF IMPLIED COVENANT
)        OF GOOD FAITH AND FAIR DEALING
)    95. VIOLATION CALIFORNIA CIVIL CODE § 527.6 –
)        HARASSMENT
)    96. VIOLATION 42 U.S. Code § 1985 –
)        CONSPIRACY TO INTERFERE WITH CIVIL
)        RIGHTS
)    97. VIOLATION INTENTIONAL INFLICTION OF
)        EMOTIONAL DISTRESS (IIED)
)    98. VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE
)        VI – 42 U.S. CODE § 2000d
)    99. VIOLATION GENERAL NEGLIGENCE
)    100.        VIOLATION 42 U.S. CODE § 1983 –
)        FOURTEENTH AMENDMENT RIGHTS:
)        UNLAWFUL SEARCH
)    101.        VIOLATION 42 U.S. CODE § 1983 –
)        FOURTEENTH AMDNEDMENT RIGHTS:
)        EXCESSIVE/UNREASONABLE USE OF FORCE
)    102.        VIOLATION 42 U.S. CODE § 1 983 –
)        FAILURE TO INTERVENE
)    103.        CAL. CIV. CODE § 52.1 – BANE ACT
)    104.        VIOLATION ASSULT AND BATTERY
)    105.        VIOLATION INTENTIONAL INFLICTION
)        OF EMOTIONAL DISTRESS (IIED)
)    106.        VIOLATION NEGLIGENCE/NEGLIGENT
)        INFLICTION OF EMTIONAL DISTRESS (NIED)
)    107.        VIOLATION DEPRIBVATION OF CIVIL
)        RIGHTS – ENTITY AN SUPERVISORY LIABILITY
)        (42 USC § 1983)
)    108.        VIOLATION UNRUH CIVIL RIGHTS ACT
)        – CAL. CIV. CODE § 51
)    109.        VIOLATION CIVIL RIGHTS ACT TITLE II:
)        PUBLIC ACCOMODATIONS 42 U.S. CODE §
)        2000
)    110.        VIOLATIONS INTENTIONAL
)        INFLICTION OF EMOTIONAL DISTRESS (IIED)
)    111.        VIOLATION DISCRIMINATION
)    112.        VIOLATION CALIFORNIA CODE OF
)        CIVIL § 527.6 – HARASSMENT, CREDIBLE
)        THREAT OF VIOLENCE

COMPLAINT FOR DAMAGES || JURY DEMAND - 4

| | |
|---|---|
| ) | 113.      VIOLAION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS |
| ) | 114.      VIOLATION UNRUH CIVIL RIGHTS ACT |
| ) | 115.      VIOLATION CALIFORNIA CIVIL CODE § 1.5 – DISCRIMINDATION IN BSUINESS DEALING |
| ) | 116.      VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) |
| ) | 117.      VIOLATION INTENTIONAL TORT |
| ) | 118.      VIOLATION NEGLIGENCE |
| ) | 119.      VIOLATION CAL. BUS. & PROF. CODE § 6128(a) |
| ) | 120.      VIOLATION 42 U.S. CODE § 1983 – FOURTEENTH AMENDMENT RIGHTS |
| ) | 121.      VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFER WITH CIVIL RIGHTS |
| ) | 122.      VIOLATION 42 U.S. CODE § 1983 – CIVIL ACTION FOR DEPRIVATION OF RIGHTS |
| ) | 123.      VIOLATION INTENTIONAL TORT |
| ) | 124.      VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109) |

**JURY TRIAL DEMANDED: YES**

## I.      JURISDICTION

1.   This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  Federal question jurisdiction Arises pursuant to 42 U.S.C. § 1983.

2.   Plaintiff Gurkirn Hundal claims for violations of Title VI of the Civil Rights Act of 1964 ("Title VI"), and 42 U.S.C. §§ 1983 and 1985(3), among other claims for relief, arise under the Constitution and laws of the United States such that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3.   Plaintiff Gurkirn Hundal claims for violation of California State Law concern the same action and omissions that form the basis of Plaintiff federal question claims such that they all are part of the same case or controversy.

4.   This Court, therefore, has supplemental jurisdiction over those California State Law claims pursuant to 28 U.S.C. § 1367.

## II. VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1 and 2). Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Julus Lucius Arthur; Paul Runkle; Bethany Spooner; Michael Vasquez; Mark Wiese; Joel Jimenez; Sherry Dicko; Je T'aime Bradshaw; Gonzalo Rivera; Logan Capital Advisors, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Islas Development, LLC; Suffolk Development, LLC; Pacific Housing, INC.; Rosslyn Partners, LLC; Inspiration Property Management, INC.; Beach Front Property Management, INC.; Michael Childress; Erica Delery; Claudia Jauregui; Lana Dennis; Rodrigo Castellanos; Kyle Dana Kazan; Margaret Holden; Kris Hulgreen; Melinda Johnson; Ricardo Lopez; Jorge Lopez; DOE 1; Valerie Sosa; Harold Samuel Beard; Domonick Lawrence Guy; Cynthia Parry; Ruby Montoya; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Dewey Services, Incorporated; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Jose Sandin; Keandre Stephenson; Tyrone Jenkins; Alico Security Group, INC.; Manal Sabry; Daniel Wheeler; Brian Hsaio; Marie Sfair; Michelle Tsiebos; Theodore Victorio; Richard Lavin; Jangbir Singh; Gina Kojayan; Gladys Boateng; Edgar Antonyan; Los Angeles Police Department; DOES 2 to 15; City of Los Angeles; DOE Grady (41438); DOE Madjd (42075); Pietro Pira; Abraham Tapia; Ted Dean Conley; Ray, Aloia & Conley, LLP; Starbucks Corporation; Walmart INC.; The Coca-Cola Company; Burger King Cor.; Hortencia Garcia; Kimberly Johnson; Erica Perez; Carmen Cortez; Sevana Petrosian; Esthetics Enterprises, LLC; Sev Real Estate Holdings, LLC; Sev Laser Aesthetics Calabasas, LLC; Kayla Crichlow; Emma Perry; DOE 16; Rafaela Vasquez; DOES 17-25, reside in the Central District of California, and the events, acts and omissions giving rise to Plaintiff Gurkirn Hundal ocurred in the Central District of California.

## III.   PARTIES

6. Plaintiff Gurkirn Hundal is an adult qualified to bring suit on her own behalf.  At all relevant time Plaintiff Gurkirn Hundal resided in the City of Los Angeles, County of Los Angeles, in the State of California.  Plaintiff Gurkirn Hundal is South Asian and suffers from emotional, mental and physical challenges that affect her daily routine.

7. Defendant Ruben Islas Jr is sued in his individual capacity and also the other businesses that Defendant Ruben Islas Jr owns, operates, manages and oversees all business ventures of Logan Capital Advisors, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Alexandria Housing Partners, L.P., Islas Development, LLC.; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing,

INC.; Inspiration Property Management, INC.; Suffolk Development, LLC; Beach Front Property Management, INC.

8. Defendant Ruben Islas is sued in his individual capacity and also the other businesses that Defendant Ruben Islas Jr owns, operates, manages and oversees all business ventures of Logan Capital Advisors, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Alexandria Housing Partners, L.P., Islas Development, LLC.; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Inspiration Property Management, INC.; Suffolk Development, LLC; Beach Front Property Management, INC.

9. Defendant Logan Capital Advisors, LLC is sued in their official capacity as a Limited Liability Company. Registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San Diego, California, 92116 and doing business at address 451 S Main Street, Los Angeles, California, 90013.

10. Defendant The Rosslyn Lofts Housing Partners, LP is sued in their official capacity as a Limited Partnership. Registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San Diego, California, 92106 and doing business at address 451 S Main Street, Los Angeles, California, 90013.

11. Defendant Logan Property Management, INC. is sued in their official capacity as a Incorporation. Registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San Diego, California, 92116 and doing business at address 451 S Main Street, Los Angeles, California, 90013.

12. Defendant The Amerland Group, LLC is sued in their official capacity as a Limited Liability Company. Registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San Diego, California, 92116 and doing business at address 451 S Main Street, Los Angeles, California, 90013.

13. Defendant Islas Development, LLC is sued in their official capacity as a Limited Liability Company. Registered in the State of California and principal address of 1927 Adams Avenue, #200, San Diego, California, 92116 and doing business at address 451 S Main Street, Los Angeles, California, 90013.

14. Defendant Suffolk Development, LLC is sued in their official capacity as a Limited Liability Company. Registered in the State of California and principal address of 1927 Adams Avenue, Suite 200, San Diego, California, 92116.

15. Defendant Martha Enriquez is the sister of Defendant Ruben Islas Jr, as they both have the same father

Ruben Islas. Defendant Martha Enriquez original name when she was born was Martha Islas. Defendant Martha Enriquez is sued in her individual capacity and also the other business the Defendant Martha Enriquez owns, operates, manages and oversees all business ventures of Logan Capital Advisors, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Alexandria Housing Partners, L.P.

16. Defendant Jules Lucius Arthur is sued in his individual capacity and also other businesses the Defendant Jules Arthur owns, operates, manages and oversees all business ventures of Logan Capital Advisors, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Alexandria Housing Partners, L.P., and president of Defendant Suffolk Development, LLC.

17. Defendant Paul Runkle is sued in his individual capacity and also other businesses the Defendant Paul Runkle is a partner of Defendant Logan Capital Advisors, LLC.

18. Defendant Michael Vasquez is sued in his individual capacity. Defendant Michael Vasquez is the manager of Logan Capital Advisors, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Alexandria Housing Partners, L.P.

19. Defendant Joel Jimenez is sued in his individual capacity. Defendant Joel Jimenez is the manager of The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Inspiration Property Management, INC., doing business at address 451 S Main Street, Los Angeles, California, 90013.

20. Defendant Bethany Spooner is sued in her individual capacity. Defendant Bethany Spooner is Human Resources of Logan Capital Advisors, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC., The Amerland Group, LLC. And doing business at 451 S Main Street, Los Angeles, California, 90013.

21. Defendant Melinda Johnson is sued in her individual capacity and resides at address 451 S Main Street, Unit 435, Los Angeles, California, 90013.

22. Defendant Cynthia Parry is sued in her individual capacity as she is an employee of the public entity of The Bureau of Security and Investigative Services of the State of California.

23. Defendant Ruby Montoya is sued in her individual capacity as she is an employee of the public entity of The Bureau of Security and Investigative Services of the State of California.

24. Defendant Master Muhammad is sued in his individual capacity. Defendant Master Muhammad owns, operates and manages RBW Security Services, INC., while performing security duties at address 451 S Main Street, Los Angeles, California, 90013.

25. Defendant Hughford Muhammad is sued in his individual capacity. Defendant Hughford Muhammad owns, operates, and manages RBW Security Services, INC., while performing security duties at address 451 S Main Street, Los Angeles, California, 90013.

26. Defendant RBW Security Services INC., is sued in their official capacity. Defendant RBW Security Services, INC., while performing duties at address 451 S Main Street, Los Angeles, California, 90013 according to California Secretary of State, Defendant RBW Security Services, INC., still is suspended since April 2, 2013, and were still performing duty services at address 451 S Main Street, Los Angeles, California, 90013.

27. Defendant Keandre Stephenson is sued in his individual capacity. Defendant Keandre Stephenson is an employee security guard of RBW Security Services, INC., and Knowles Security, INC., performing security duties at 451 S Main Street, Los Angeles, California, 90013.

28. Defendant Dewey Services, Incorporated is sued in their official capacity. Defendant Dewey Services, Incorporated principal address 939 East Union Street, Pasadena, California, 91106 while performing pest control services at address 451 S Main Street, Los Angeles, California, 90013.

29. Defendant Joe Zuniga is sued in his individual capacity. Defendant Joe Zuniga, is a Detective for the Fullerton Police Department and he owns, operates, and manages Knowles Security, INC., and was performing duties at address 451 S Main Street, Los Angeles, California, 90013.

30. Kevin Zuniga is sued in his individual capacity. Defendant Kevin Zuniga is the son of Defendant Joe Zuniga. Also, Defendant Kevin Zuniga is the manager of Knowles Security, INC., and was performing security duties at address 451 S Main Street, Los Angeles, California, 90013.

31. Defendant Knowles Security, INC., is sued in their official capacity. Defendant Knowles Security, INC., principal address is 335 S State College Boulevard, Fullerton, California, 92831, performing security duties at 451 S Main Street, Los Angeles, California, 90013.

32. Defendant Tyrone Jenkins is sued in his individual capacity. Defendant Tyrone Jenkins is a non-licensed security guard in the State of California and all other States of the United States of America. As he is an employee of Knowles Security, INC., performing security guard duties at address 451 S Main Street, Los Angeles, California, 90013.

33. Defendant Jose Sandin is sued in his individual capacity. Defendant Jose Sandin is an employee of

Defendant Knowles Security, INC., performing security guard duties at address 451 S Main Street, Los Angeles, California, 90013.

34. Defendant City of Los Angeles is sued in their official capacity. Defendant City of Los Angeles is a municipality and is a political subdivision of the State of California. Defendant The Los Angeles Police Department (hereinafter "LAPD") is a non-separable department of the City of Los Angeles located in the Los Angeles County, California.

35. Defendant Brian Hsiao is sued in his individual capacity. Defendant Brian Hsiao is an employee of Los Angeles County Department of Public Health Environmental Health Division.

36. Defendant Marie Sfair is sued in her individual capacity. Defendant Marie Sfair is an employee of the Los Angeles County Department of Public Health Environmental Health Division.

37. Defendant Michelle Tsiebos is sued in her individual capacity. Defendant Michelle Tsiebos is an Environmental Health Services Manager for the Central Region at the Los Angeles County Department of Public Health Environmental Health Division

38. Defendant Richard Lavin is sued in his individual capacity. Defendant Richard Lavin was the Chief Environmental Health Services at the Los Angeles County Department of Public Health Environmental Health Division and now is the Chief Environment Health Services of the Civic Center in the Central Region.

39. Defendant Jangbir Singh is sued in his individual capacity. Defendant Jangbir Singh Chief Environmental Health Services at the Los Angeles County Department of Public Health Environmental Health Division.

40. Defendant Domonick Lawrence Guy is sued in his individual capacity. Defendant Domonick Lawrence Guy is a resident of the County of Los Angeles in the State of California.

41. Defendant Manal Sabry is sued in his individual capacity and the owner, manager of Alico Security Group, INC., that perform security duties at address 451 S Main Street, Los Angeles, California, 90013.

42. Defendant Alico Security Group, INC., is sued in their official capacity principal address 1401 Ventura BLVD STE 209, Sherman Oaks, California, 91403, performing security services at address 451 S Main Street, Los Angeles, California, 90013.

43. Defendant Daniel Wheeler is sued in his individual capacity and is an employee, manager and security guard of Alico Security Group, INC., performing security duties at address 451 S Main Street, Los Angeles, California, 90013.

44. Defendant Ted Dean Conley is sued in his individual capacity and Defendant Ray, Aloia & Conley, LLP is sued in their official capacity. Defendant Ted Dean Conley is a licensed attorney in the State of California and Defendant Ray, Aloia & Conley, LLP are located at address 18430 Brookhurst St. #201L, Fountain Valley, California, 92708.

45. Defendant Starbucks Corporation is sued in their official capacity. Defendant Starbucks Corporation performing duties at address 6745 Hollywood Blvd., Los Angeles, California, 90028.

46. Defendant Walmart INC., is sued in their official capacity. Defendant Walmart INC., performing duties at address 1301 N. Victory Pl., Burbank, California, 91502.

47. Defendant The Coca-Cola Company is sued in their official capacity. Defendant The Coca-Cola Company performed duties at address 1301 N. Victory Pl., Burbank, California, 91502.

48. Defendant Michael Childress is sued in his individual capacity. Defendant Michael Childress performs duties at address 451 S Main Street, Los Angeles, California, 90013 and is the manager for Defendant Inspiration Property Management, INC.

49. Defendant Inspiration Property Management, INC., is sued in their official capacity. Defendant Inspiration Property Management, INC., is a corporation with their principal address at 1212 Long Beach Blvd., Long Beach, California, 90813. Defendant Inspiration Property Management, INC., are currently doing business at address 451 S Main Street, Los Angeles, California, 90013.

50. Defendant Ricardo Lopez is sued in his individual capacity. Defendant Ricardo Lopez lives with his mother Sara Lopez at address 451 S Main Street Unit 429, Los Angeles, California, 90013.

51. Defendant Jorge Lopez is sued in his individual capacity. Defendant Jorge Lopez is the son of Defendant Sara Lopez and brother to Defendant Ricardo Lopez who reside at address 451 S Main Street Unit 429, Los Angeles, California, 90013.

52. Defendant Sara Lopez is sued in her individual capacity. Defendant Sara Lopez resides at address 451 S Main Street Unit 429, Los Angeles, California, 90013 and is the mother to Defendant Ricardo Lopez and Defendant Jorge Lopez.

53. Defendant DOE 1 is sued in her individual capacity. Defendant DOE 1 is the daughter of Defendant Jorge Lopez, the niece of Defendant Ricardo Lopez and the granddaughter of Defendant Sara Lopez who resides at address 451 S Main Street Unit 429, Los Angeles, California, 90013.

54. Defendant Erica Perez is sued in their individual capacity. Defendant Erica Perez is an employee of the County of Los Angeles.

55. Defendant Carmen Cortez is sued in their individual capacity. Defendant Carmen Cortez is an employee of the County of Los Angeles.

56. Defendant Sherry Dicko is sued in her individual capacity. Defendant Sherry Dicko is an employee of Defendants Ruben Islas Jr; Martha Enriquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.

57. Defendant Je T'aime Bradshaw is sued in her individual capacity. Defendant Je T'aime Bradshaw is an employee of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.

58. Defendant Theodore Victorio is sued in her individual capacity. Defendant Theodore Victorio is an employee of the Los Angeles County Department of Public Health Environmental Health Division.

59. Defendant Gonzalo Rivera is sued in his individual capacity. Defendant Gonzalo Rivera is a maintenance worker employee of Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arther; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.

60. Defendant Gladys Boateng is sued in her individual capacity. Defendant Gladys Boateng is an employee of the Los Angeles County Department of Public Health Environmental Health Division.

61. Defendant Edgar Antonyan is sued in his individual capacity. Defendant Edgar Antonyan is an employee of the Los Angeles County Department of Public Health Environmental Health Division.

62. Defendant Erica Delery is sued in her individual capacity. Defendant Erica Delery is an employee of Defendant Inspiration Property Management, INC.

63. Defendant Gina Kojayan is sued in her individual capacity. Defendant Gina Kojayan is an employee of the Los Angeles County Department of Public Health Environmental Health Division.

64. Defendant Claudia Jauregui is sued in their individual capacity. Defendant Claudia Jauregui is an employee of Defendant Inspiration Property Management, INC.

65. Defendant Pacific Housing, INC., is sued in their official capacity. Defendant Pacific Housing, INC., is an Incorporated Company registered in the State of California with California Secretary of State with a principal address of 2115 J Street, Suite 201, Sacramento, California, 95816.

66. Defendant Mark Wiese is sued in his individual capacity. Defendant Mark Wiese is the Chief Executive Officer for Defendant Pacific Housing, INC.

67. Defendant Rosslyn Partners, LLC, is sued in their official capacity. Defendant Rosslyn Partners, LLC is an Limited Liability Company registered in the State of California with California Secretary of State with a principal address of 1927 Adams Ave #200, San Diego, California, 92116.

68. Defendant Abraham Tapia is sued in his individual capacity. Defendant Abraham Tapia is a Captain with the Los Angeles Fire Department in the City of Los Angeles.

69. Defendant Valerie Sosa is sued in her individual capacity. Defendant Valerie Sosa is a resident of County of Los Angeles, California.

70. Defendant Harold Samuel Beard is sued in his individual capacity. Defendant Harold Samuel Beard is a resident of County of Los Angeles, California.

71. Defendant Beach Front Property Management, INC., is sued in their official capacity. Defendant Beach Front Property Management, INC., is a Stock Corporation Company registered in the State of Californian with California Secretary of State with principal address of 1212 Long Beach Blvd., Long Beach, California, 90813. Defendant Beach Front Property Management, INC., is the parent company working parallel with Defendant Inspiration Property Management, INC.

72. Defendant Lana Dennis is sued in their individual capacity. Defendant Lana Dennis is the Manager employed by Defendant Inspiration Property Management, INC., performing business at 451 S Main Street, Los Angeles, California, 90013.

73. Defendant Rodrigo Castellanos is sued in their individual capacity. Defendant Rodrigo Castellanos is the Manager employed by Defendant Inspiration Property Management, INC.; and Defendant Beach Front Property Management, INC., which both companies are performing business at address 451 S Main Street, Los Angeles, California, 90013.

74. Defendant DOE Grady (41438) is sued in his individual capacity. Defendant DOE Grady (41438) is a City of Los Angeles Police Department, Police Officer.

75. Defendant DOE Madjd (42075) is sued in her individual capacity.  Defendant DOE Madjd (42075) is a City of Los Angeles Police Department, Police Officer.

76. Defendant Pietro Pira is sued in his individual capacity.  Defendant Pietro Pira is a Detective with the City of Burbank Police Department, Police Officer – Detective.

77. Defendant Hortencia Garcia is sued in her individual capacity.  Defendant Hortencia Garcia is an employee of County of Los Angeles.

78. Defendant Kimberly Johnson is sued in her individual capacity.  Defendant Kimberly Johnson is an employee of County of Los Angeles.

79. Defendant Sevana Petrosian is sued in her individual capacity.  Defendant Sevana Petrosian is the owner, operator of Defendants Petrosian Esthetics Enterprise, LLC; Sev Lazer Real Estate Holdings, LLC; Sev Laser Aesthetics Calabasas, LLC.

80. Defendant Petrosian Esthetics Enterprises, LLC is sued in their official capacity.  Defendant Petrosian Esthetics Enterprises, LLC is registered with the State of California Secretary of State with a principal address at 1131 N. Brand Boulevard, Glendale, California, 91202 with the agent of service listed as Defendant Sevana Petrosian.

81. Defendant Sev Laser Real Estate Holdings, LLC are sued in their official capacity.  Defendant Sev Laser Real Estate Holdings, LLC is registered with the State of California Secretary of State with a principal address at 1234 San Luis Rey Dr, Glendale, California, 91210 with the agent of services listed as Defendant Sevana Petrosian.

82.  Defendant Sev Laser Aesthetics Calabasas, LLC is sued in their official capacity.  Defendant Sev Laser Aesthetics Calabasas, LLC is registered with the State of California Secretary of State with a principal address at 3840 Old Topanga Canyon Road, Calabasas, California, 91302 with the agent of services listed as Defendant Sevana Petrosian.  Defendant Sevena Petrosian does not have her location of Sev Laser Melrose registered with the Secretary of State to be operating a business.  Sev Laser Melrose is located at address 8465 Melrose Pl, West Hollywood, California, 90069 with an upstairs laser salon location and downstairs laser salon location within the same building.

83. Defendant Emma Perry is sued in her individual capacity. Defenant Emma Perry is the Manager for Sev Laser Melrose location at address 8465 Melrose Pl, West Hollywood, California, 90069, with Defendants employer being Defendant Sevana Petrosian.

84. Defendant Kayla Crichlow is sued in her individual capacity. Defendant Kayla Crichlow is a nurse, working out of Sev Laser Melrose location at address 8465 Melrose Pl, West Hollywood, California, 90069, performing laser services employed by Defendant Sevana Petrosian.

85. DOE 16 is used in her individual capacity. DOE 16 is the nurse in charge at Sev Laser Melrose at address 8465 Melrose Pl, West Hollywood, California, 90069, responsible for Defendant Kayla Crichlow and employed by Defendant Sevana Petrosian.

86. Defendant Rafaela Vasquez is sued in her individual capacity. Defendant Rafaela Vasquez is the Special Investigator at the Department of Consumer Affairs, Board of Registered Nursing.

87. Defendant DOES 17 to 25 is sued in their individual capacity.

## IV.    STATEMENT OF FACTS

88. This civil lawsuit arises from main Defendants Ruben Islas; Ruben Islas Jr; and his sister Defendant Martha Enriquez, with unlawful encouragement, aiding and abetting, corruption, with the assistance from their business partner State of California Treasurer Fiona Ma. Continuous unlawful civil racketeering enterprise that has performed a slew of intentional, malicious, negligent and unlawful acts that include these Defendants unlawful political and unlawful business conspiracy network scheme of low income housing and unlawful acts that include numerous Local and State employees from Los Angeles Superior Court, Los Angeles Fire Department, Los Angeles Police Department, Los Angeles Housing Department subdivision of Code Enforcement and Public Health Department, Department of Consumer Affairs, State of California Bureau of Security and Investigative Services, State of California Dental Board, Starbucks Corporation, Walmart, INC, Burbank Police Department, Dewey Services, Incorporated, attorneys in the State of California, Court employees and other Defendants engaging in collusion, unlawfully, violence, aiding and abetting a scheme, unjust enrichment of frauding millions of dollars from Local, State and Federal funding. Plaintiff Cecil Elmore has been constantly filing complaints with merit and evidence to Local, State and Federal Government agencies and/or entities of these unlawful acts that caused intentional, malicious, unlawful, oppressive incidents and causations

that caused sever harm to Plaintiff. These Defendants collectively have retaliated and violated Federal Civil and Constitutional Rights and California State Constitutional Rights of Plaintiff Cecil Elmore. Plaintiff has discovered that Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez and other Defendants have collectively in concert discriminated, retaliated, frauded an excessive amount of housing residents at these residents and others expense as Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez and other Defendants unjust enrichment benefited millions of dollars from Local, State and Federal funding, grants, loans and tax credits. Defendants are taking advantage of Local, State and Federal funding while the State of California and City of Los Angeles are in the mist of a homeless housing crisis. These Defendants have intentionally, maliciously, negligently interfered with corruption, Plaintiff Gurkirn Hundal Federal Civil and Constitution Rights and California Constitutional Rights. All Defendants, and others involved in unlawful, civil racketeering organization on this lawsuit.

89. Two Los Angeles City Counsel Members lobbied extensively – and unusually – to assure that the alleged slumlord of the Alexandria Hotel, Defendant Ruben Islas, received $8 million in tax payer monies for another, similar Downtown renovation project. L.A. Weekly has learned that City Counselman Tony Cardenas and his colleague Jan Parry – with an assist from Assemblyman Fabian Nunez – sought Mayor Antonio Villaraigosas personal involvement last August to make an unguaranteed loan of public funds to Islas, a rich political insider. The push came after Islas, his wife, his business partner, his employees and their family members gave Cardenas $10,100 in contributions in 2006 and 2007. In fact, City records show, just 27 days before the raucous CRA hearing in August, Islas and his wife gave Cardenas $2,000. And 10 days after Islas got final City Counsel approval for the subsidy, Cardenas received another $2,000 in total from Islas, his wife, his business partner Jules Arthur and Arthurs wife. The CRA Board backed Cardenas, approving an $8 million subsidy for the so-called Defendant The Rosslyn Lofts Housing Partners, LP, and Islas – controlled renovation project Downtown. Board Member John Parez, the well-connected first cousin of Villaraigosas who is expected to win an East Side seat in the California Legislator in November, promptly visited the Alexandria Hotel. There, Parez saw the squalid conditions the current tenants tried in vain to alert the Board to. "The conditions were deplorable," Parez tells the Weekly. Tenants had no running water or drinking water in the mist of summer heat, and, without running water, toilets were backing up with raw sewage. "People literally had human waste that had been there for three days," Parez recalls. Islas attorneys admit that 100 residents have been evicted since August 2006 from the 344 occupied units at the Alexandria Hotel. Judge Morrow in her May ruling,

showed little patience with the community redevelopment agencies behavior in the controversy, ordering its bureaucrats to launch a costly effort to track down and pay relocation fees to Islas' evicted tenants. "Amerland came here and robbed the City," Rowe said simply. In December 2007, the Cities Housing Department declared the Alexandria "uninhabitable" due to a lack of running water. "There was always hot water. It was inconsistent. We bought a building that was 100 years old that had numerous deficiencies," said by Defendant Jules Arthur. [Source: laweekly.com *"Los Angeles City Hall as Slumlord"* published July 9, 2008 by Tibby Rothman].

90. When Defendants Ruben Islas; Jules Arthur and their San Diego based group arrived Downtown they were met with open arms. Los Angeles Police Department Captain Andy Smith, Richard Montoya of Culture Clash, Counsel-members Parry and Cardenas just to name a few in attendance. [Source cangress.wordpress.com *"LA Times uncovers Amerland Group/Counsel-member Cardenas Connection"*].

91. "Former residents of the fire ravaged Casa de Vallejo Senior Home are suing the buildings owners and managers, blaming them for the 2008 fatal blaze at the historic building. The lawsuits are in addition to a pending criminal case against five owners and managers, charging them with elder abuse and manslaughter in connection with the blaze that killed three elderly tenants and displaced 117. An investigation after the fire revealed the historic building's alarm system was inoperable. Another lawsuit filed Aug. 13 by 27 former residents – all over 65 – claims owners and managers ignored fire code violations and failed to fix the alarm system. The building burnt on August 15, 2008. Dying in or immediately after the first were Bennett, 68, Harold Fortune, 61, and John Argente, 74. The Defendants include Amerland Group LLC executives Jules Arthur and Ruben Islas Jr., who founded the San Diego – based affordable housing company that owns Casa de Vallejo. Also named as Defendants were Vallejo Housing Partners, LLP, a subsidiary of Amerland; Logan Property Management and Amerland/Vallejo LLC. Also charged in June by Solano County District Attorney David Paulson's office were Martha Islas-Enriquez, 38, Chief Exectuvie Office of Vallejo Housing Patners a subsidiary of the Amerland Group; Michael Hagigeorgio, 32, Project Manager for the buildings fire alarm system; and Jeremy Turner, 31, Director of Construction Management. Founded in 2001, Amerland owns 17 affordable-housing complexes in California, Colorado and New Mexico, according to the companies website." [Source: eastbaytimes.com *"More suits filed in Casa de Vallejo fire tragedy"* by Tony Burchyns and Vallejo Times – Harold published: August 20, 2010 and updated: August 15, 2016].

92. In April 2008, then City Attorney Rocky Delgadillo filed 36 criminal counts against the company related to fire code violations at both properties. Defendants The Rosslyn Lofts Housing Partners, LP and Alexandria Hotel are these properties. [Source: ladowntownnews.com *"Amerland officials facing Criminal Charges"* published June 24, 2010 by Ryan Vaillancourt].

93. Solano County prosecutors said Wednesday, each of the five Defendants – all either owners or operators of the Casa de Vallejo retirement complex – has been charged with 2 counts of manslaughter, 1 count of elder abuse, and 2 counts of elder abuse causing death. Four of the Defendants – Jules Arthur, Martha Islas-Enriquez, Michael Hagigeorgio and Jeremy Turner – were arrested Wednesday in San Diego County. [Source: sandiegouniontribune.com *"5 Charged in Deadly Vallejo Retirement Home Fire"* published June 24, 2010 by The Associated Press].

94. Jerriemie Morgan, a resident and front desk worker for the senior housing complex, said she had provided an affidavit to investigators regarding the lack of audible fire alarm system during the blaze. Former building resident Maxine Brewer said she still is angered two years later by the memory of the fire. "They were working on it (the alarm system)." "Even the little red boxes had been taken out right infront of my door," Brewer said. She added she was surprised to hear about the arrests. "I thought they had gotten away with murder," Brewer said. [Source: timesharoldonline.com *"Solano County Prosecutors to Charge 5 people in Fatal Casa de Vallejo Blaze"* published June 24, 2010; updated August 29, 2018 by Jessica A. York and Tony Burchyns]. Plaintiff Cecil Elmore as a resident at address 451 S Main Street, Los Angeles, California, 90013 at Defendant The Rosslyn Lofts Housing Partners, LP, has never seen any fire alarm red boxes on the property which is used to warn the property and fire department of a fire.

95. In support California State Treasurer Fiona Ma, who is also Defendants Ruben Islas Jr; Ruben Islas, business partner. California State Treasurer Fiona Ma in the unlawful benefit of Defendant Ruben Islas Jr; Ruben Islas; Paul Runkle and other Defendants, Fiona Ma sent letters in August 2023 to studios representing by the Alliance of Motion Picture and Television Producers, urging them to negotiate "fair deals" to end the dual strikes lead by film and tv writers and actors. Fiona Ma sent wrote letters to seven companies: Netlifx, Walt Disney CO., Comcast, Warner Bros., Discovery, Apple, Paramount, Global, and Amazon. Her message emphasized the damage the prolonged labor dispute is having on the State's economy [Source: latimes.com *"California Treasure Fiona Ma calls on Hollywood studios to end writers' and actors' strikes"* by staff writer

Wendy Lee]. Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Joel Jimenez; Wendy Contreras; Aracelli Castillo; Rachel Gilgar; Luther Gadson; Danielle Williams; Sherry Dicko; Je T'aime Bradshaw; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Mark Wiese; Pacific Housing, INC.; Logan Capital Advisors, LLC; Logan Property Management, INC.; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Chase Protective Services, INC.; Thomas Paul White; Joe Zuniga; Kevin Zuniga; Knowles Security, INC.; Master Muhammad; Hughford Muhammad; RBW Security Services INC.; Manal Sabry; Alico Security Group, INC.; Dewey Services, Incorporated, Los Angeles Fire Department Employees, collectively benefit in monetary funds from Defendant Ruben Islas Jr; Ruben Islas and other Defendants renting to a slew of production studios the inhabitable building Defendant The Rosslyn Lofts Housing Partners, LP at address 451 S Main Street, Los Angeles, California, 90013.

96. In Spring 2008, Defendant The Amerland Group, LLC was convicted of 36 counts of fire code violations in their two Los Angeles residential hotels, and tenants of these buildings say the problem persists. The two locations being referred to owned, maintained, managed and operated by Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur are the Defendant The Rosslyn Lofts Housing Partners, LP at address 451 S Main Street, Los Angeles, California, 90013 and The Alexandria Hotel at address 501 S Spring Street, Los Angeles, California, 90013. In May 2008, the Los Angeles City Attorney filed criminal charges against the company because of fire code violations at the Defendant The Rosslyn Lofts Housing Partners, LP and Alexandria Hotel. The complaint alleged, in part, that Defendant The Amerland Group, LLC failed to repair broken fire systems and clear blocked exits at the Alexandria Hotel. Also it alleged that the fire protection system in Defendant The Rosslyn Lofts Housing Partners, LP was in such disrepair that Defendant The Amerland Group, LLC, employees were suppose to have 24-hour fire watch patrols ordered by the Los Angeles Fire Department. Defendant The Amerland Group, LLC was later convicted of the charges. Lenard Woods, a disabled, retired worker who has lived at the Alexandria for more than a decade said, "when the fire alarm goes off, the elevators stop, and if you can't get down the steps, you're stuck." These criminal charges came in addition to civil claims addressing issues such as illegal evictions, harassment of vocal tenants, disability discrimination, and major habitability issues. [Source: Los Angeles Community Action Network (LACAN) cangress.wordpress.com *"Los Angeles Affordable Housing Developers Arrested for Northern CA Manslaughter of Tenants"* published June 24, 2010, contact Becky Dennison and Pete White].

97. Defendant Ruben Islas Jr; Ruben Islas are the Defendants of this mastermind unlawful civil and criminal enterprise. Numerous Defendants are intentionally, maliciously, unlawfully encouraging while aiding and abetting Defendants Ruben Islas Jr; Ruben Islas with his production company Grandave Studios acquire with the help of Local, State and Federal funding which State of California Treasurer Fiona Ma as she also encourages more help to acquire a $200 million studio in Banning, California. In the article from Record Gazette, "*Movie company picks Banning as its home, will focus on independent, Latinx stories,* published February 28, 2021" Defendants Ruben Islas Jr; Ruben Islas, was taught this unlawful scheme of fraud of how to extract unlawful Government funds from Local, State and Federal funding, while using financing and affordable housing. In this article, Defendant Ruben Islas states, "my mothers younger sister fell in love with a man from Banning," "Ruben Islas explained to Bannings City Counsel at their Feb. 23 meeting" "Islas (pronounced "Ees-las"), of San Diego, described his grandmother as being "overly protective," and required her daughters to be supervised." "That's where then 14 year-old Islas stepped in, got chaperone Flores – who was 24 – as he dated his aunt." Defendant Ruben Islas Jr; Ruben Islas is referring to his aunts lover Carlos Flores. "Carlos took me under his wing, and taught me about financing and affordable housing, "Islas recalls."" "In 1997 he called me while I was freelancing in New York "as a writer," and Islas flew back to California to meet with Flores, who was dying of Pancreatic Cancer, and passed away in 1998." "Flores passed along the rains in his business to Islas, who would go on to build probability 10,000 affordable housing units since he became involved in 1998, creating a small real estate empire in the process." "At the Feb. 23 Counsel meeting he publicly announced through a presentation the establishment of Grandave Studios, which is purchasing property around Banning Municipal Airport that will support roughly 8,000 "high-paying jobs."" "Islas told the Record Gazette that he has secured $200 million to finance the construction of the project, not including budgets for the films that will be produced." The Defendants Ruben Islas Jr; Ruben Islas, has allowed for his monetary benefit several residents of his property Defendant The Rosslyn Lofts Housing Partners, LP at address 451 S Main Street, Los Angeles, California, 90013, sell narcotics such as, Prescription Pills; Chrystal Methamphetamine with various violent criminal acts carried out on and off the premises of Defendant The Rosslyn Lofts Housings Partners, LP at address 451 S Main Street, Los Angeles, California, 90013. Defendants Ricardo Lopez; Sara Lopez; Valerie Sosa; Harold Samuel Beard; Melinda Johnson, reside or have resided in this building or on this property aiding and abetting the selling of unlawful and illegal narcotics and violent acts on this premises on behalf of and under

Defendants Ruben Islas Jr; Ruben Islas as the landlord, manager as well as controlling, operating and maintaining the building on the premises.  Defendants Valerie Sosa; Harold Samuel Beard; Ricardo Lopez have stated that they sell illegal narcotics and prescriptions pills for Defendants Ruben Islas Jr; Ruben Islas on the property at address 451 S Main Street, Los Angeles, California, 90013.  Defendants Valerie Sosa; Ricardo Lopez; Harold Samuel Beard stated that they are helping Defendants Ruben Islas Jr; Ruben Islas so that they can bring drugs through the airport in Banning, California.  "Tonia Causey-Bush, Chief Academic Officer for Banning Unified School District, was "excited about the vibe" associated with Grandave Studios representative's visitation."  Defendants Ruben Islas Jr; Ruben Islas told the Record Gazette, "we have to plan a strong partnership to actually build sets at the high school that we can use in our films, and provide internships."  "He anticipates that Grandave Studios could produce a dozen films a year with budgets averaging $10 million or more, but expects to put out 40 to 50 films a year once they are established, with budgets hovering closer to $20 million."  "The company will rely on Grandave International, a distribution arm, as well as other distributors such as Netflix and HBO, among others, to distribute films."  "His film "In Other Words," a romantic comedy in which a man creates the perfect dating app, despite hiccups in his own dating scene, is available for streaming on HBO Max, and was produced by Islas."  Numerous Defendants and others such as State of California Treasurer Fiona Ma, are unlawfully aiding and abetting Defendants Ruben Islas Jr; Ruben Islas, scheme to acquire a $200 million grant from Local, State and Federal funding.

98. On February 28, 2021, Defendants Ruben Islas Jr; Ruben Islas, unlawful business partner, State of California Treasurer Fiona Ma posted on her Facebook page account, "movie company picks Banning as it's home, will focus on independent, Latinx stories" with a direct link to the article posted by Records Gazette, "*Movie company picks Banning as its home, will focus on independent, Latinx stories,* published February 28, 2021."  This shows that State of California Treasurer Fiona Ma has a direct financial and business partner relationship linking her to Defendant Ruben Islas Jr; Ruben Islas scheme to inquire $200 million in Government funds for Banning, California production studio and airport.

99. *What to know about Cockroaches and your Health.*  Cockroaches are a type of insect.  They come in thousands of species, but only a few of them are common household pests.  Cockroaches also carry substances such as feces on their body.  They can release these substances into the air, causing allergic reactions or asthma attacks.  The debris from dead roaches, body parts, or poop also can trigger allergies or

asthma. Roaches can also contaminate your food, utensils and even surfaces where you prepare your food. This may cause health hazards such as food poisoning and infections. Cockroaches are fast moving insects with legs, wings, and long antennae. Cockroaches develop from an egg (oothecae), then hatch into nymphs, and finally grow into adult cockroaches. They only develop wings in their adult stage. A female cockroach mates and carries around the eggs or ootheca, which is pillow shaped and has up too 48 eggs, depending on the species. Studies show that cockroaches are responsible for the spread of thirty-three types of bacteria, six varieties of parasitic warms and seven types of pathogens. Cockroaches can spread germs and diseases: diarrhea; cholera; typhoid fever; leprosy; dysentery; plague; poliomyelitis; salmonella; e-coli. Cockroach allergens can cause chronic symptoms that last longer than other seasonal allergies.

100. A Bill in the California legislator to promote diversity in TV and Film would also help a housing developer who wants to build a $200 million film studio in Banning, California. The housing developer they are referring to is Defendant Ruben Islas Jr. The Bill would add Banning, California as an area were producers pay lower mileage rates per diems. The Bill would also create a new $200 million annual tax-credit for "minority films" – independent productions that are minority-owned and employ a majority non-white cast and crew. The developer behind the studio project, Ruben Islas, told Variety in an interview this week that his aim is to produce films with uplifting and inclusive messages. He said he wanted to see more positive depictions of Latinos, which would reflect his own experience growing up in a low-income neighborhood in San Diego. "I understand there is a void for representation for minorities," Islas said. "I hope I can create a place that can foster new talent and new films." The proposal has the backing of the State of California Treasurer, Fiona Ma, who is a long time supporter of the States Film Tax-Credit Program. Fiona Ma is the sponsor of the Bill – AB986 – and helped Ruben Islas identify the City's airport as the development site. Ma and Islas, toured the site about four months ago, in the talks have progressed from there, said James Wurtz, the City's Economic Development Manager. Defendant Ruben Islas Jr also recently contributed $15,600 to Fiona Ma's re-election campaign, according to State Campaign Finance Records. In an interview, Ma talked up Islas' "dream project" – dubbed Grandave Studios – as a way to keep diverse productions in the State. State of California Treasurer Fiona Ma said, "this is modeled after the Tyler Perry Studio," she said. "We're trying to level the playing field with this." Islas presented his plans at a Banning City Counsel meeting last month. Fiona Ma called into the meeting to offer her support for the project. Defendants Ruben Islas Jr; Ruben Islas at this hearing "I've got the

money. I'm gonna do it," he said at the meeting. "So lets get things approved." Mayor Colleen Wallace told Variety, "I have seen the highs and I've seen the lows. It's low now. This will help us. This will put us on the map." State of California Treasurer Fiona Ma eluded in the Counsel Meeting to providing Tax-Credits to help make the project a reality. Assemblyman Mike Gipson, who introduced the bill last month, said it represented win-win for the State and for the Entertainment industry. [Source variety.com *"California Officials want Films to be more Diverse. Their plan would help a studio developer in Banning"* published March 11, 2021 by Gene Maddaus].

101. On the website logancapitaladvisors.com it states that Defendant Logan Capital Advisors, LLC has a portfolio of 3,966 multi-family rental homes consist of 15 affordable properties totaling 2,014 units and 10 conventional properties totally 1,952 units. Defendant Logan Capital Advisors, LLC conducts property business in California, Nevada, New Mexico and Colorado expanding to Washington State. Defendant Logan Capital Advisors, LLC legal counsel is attorney Christopher Steward. Posted on this website, Defendant Logan Capital Advisors, LLC buys: Southern Highlands Complex for $64 million (published July 9, 2018); Bayclub Apartments for $35.7 million (published July 29, 2020); multi-family property in Phoenix, Arizona for $42 million (published March 5, 2021); continues Phoenix, Arizona multi-family expansion for 4th acquisition for $37.2 million; South Beach Apartments in Las Vegas, Nevada for $97.5 million (published March 1, 2022); The Overlook at Buffalo Park in Flagstaff, Arizona for $75 million (published July 18, 2022); CTC Ellsworth in Mesa, Arizona for $53 million (published December 29, 2022). Sale of Phoenix, Arizona Covid acquisition for $69.7 million (published June 22, 2022).

102. The property of 451 S Main Street, Los Angeles, California, 90013 has received a slew of violations from the Cecil Elmore complaint which have came from Defendant County of Los Angeles (Los Angeles County Department of Public Health Environmental Health Division) and County of Los Angeles (Los Angeles Housing Department) and Los Angeles County Housing Department Code Enforcement Division. The County of Los Angeles Department of Public Health has been unlawfully, negligently, maliciously, and intentionally aiding and abiding along with conspiring numerous fraudulent Official Health Inspection Reports to unlawfully, maliciously, negligently and intentionally engage in unlawful collusion as they encouraged Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Mark Wiese; Mark Runkle; Michael Vasquez; Joel Jimenez; Sherry Dicko; Je T'aime Bradshaw; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Logan

Capital Advisors, LLC; Logan Property Management, INC.; Rosslyn Partners, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; The Amerland Group, LLC, to obtain unlawful monetary funds, grants, loans from residents, Local, State and Federal Funding.  In lieu of Cecil Elmore filing complaints Defendants and Co-Defendants have retaliated against Cecil Elmore and Gurkirn Hundal on numerous occasions collectively in concert.

103. The Defendants Ruben Islas Jr; Ruben Islas keeps using his network of political figures such as Fiona Ma, State of California Treasurer, business and personal relationships to harm physically and mentally Plaintiff Gurkirn Hundal and Cecil Elmore.  The other Defendants utilized by Defendants Ruben Islas Jr; Ruben Islas against Plaintiff Cecil Elmore are Defendants Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Sherry Dicko; Je T'aime Bradshaw; Joel Jimenez; Logan Capital Advisors, LLC; The Rosslyn Lofts Housings Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Rosslyn Partners, LP; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Gonzalo Rivera; Melinda Johnson; Cynthia Parry; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Dewey Services, Incorporated; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Jose Sandin; Tryrone Jenkins; Keandre Stephenson; City of Los Angeles; Los Angeles Police Department; DOES 2 – 15; Brian Hsiao; Marie Sfair; Michelle Tsiebos; Richard Lavin; Jangbir Singh; Gina Kojayan; Domonick Lawrence Guy; Tonyua Newsome; Ruby Montoya; Alico Security Group, INC.; Manal Sabry; Daniel Wheeler; Starbucks Corporation; Walmart INC.; Burger King Cor.; Ted Dean Conley; Ray, Aloia & Conley, LLP; Valerie Sosa; Harold Beard; Inspiration Property Management, INC.; Claudia Jauregui; Erica Delery; Michael Childress; Sevana Petrosian; Petrosian Esthetics Enterprises, LLC;  Sev Laser Real Estate Holdings, LLC; Sev Laser Aesthetics Calabasas, LLC; Kayla Crichlow; Emma Perry; Rafaela Vasquez; DOES 1 to 25 and Non-Defendants State of California Bureau of Security and Investigative Services; County of Los Angeles; Burbank Police Department; Consumer Affiars.

104. Plaintiff Gurkirn Hundal filed Civil Lawsuits against Defendants Ruben Islas Jr; Ruben Islas Martha Enriquez; Michael Vasquez; Sherry Dicko; Je T'aime Bradshaw; Joel Jimenez; Logan Capital Advisors, LLC; The Rosslyn Lofts Housings Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Melinda Johnson; Cynthia Parry; Ruby Montoya; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Dewey Services, Incorporated; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Brian Hsiao; Marie Sfair; Michelle Tsiebos; Richard Lavin; Jangbir Singh; Domonick Lawrence Guy; Alico Security Group,

INC.; Manal Sabry; Daniel Wheeler; Tyrone Jenkins; Keandre Stephenson; Jose Sandin; Ricardo Lopez; Sevana Petrosian; Petrosian Esthetics Enterprises, LLC; Sev Laser Real Estate Holdings, LLC; Sev Laser Aesthetics Calabasas, LLC; Kayla Crichlow; DOES 7 and DOES 8 listed as Los Angeles Police Department ("LAPD"). And during Plaintiff Gurkirn Hundal Civil Lawsuits against said Defendants stated above, the Defendants unlawfully engaged in Civil Racketeering and included more physical violence, threats of violence and threats of murder to Plaintiff Cecil Elmore which have resulted in physical and emotional injury to Plaintiff Cecil Elmore.

105. During Plaintiff Gurkirn Hundal civil litigation against Defendants in the paragraph above, the Defendants severely injured Plaintiff as a result of battery and assault by Defendants in July 2023, Plaintiff Gurkirn Hundal has sustained an eye injury after being sprayed with a toxic chemical that burned her eyes.

106. These Defendants listed in this complaint forced Plaintiff Gurkirn Hundal to dismiss his lawsuits with physical violence and threats of violence to dismiss his Civil cases filed previously at Stanley Mosk Courthouse, Los Angeles, California, 90012.

107. During the retaliation of physical violence and threats of violence against Plaintiff Gurkirn Hundal the Defendants Ted Dean Conley; Ray, Aloia & Conley, LLP; County of Los Angeles; City of Beverly Hills; City of Los Angeles; Los Angeles Police Department ("LAPD") conspired and retaliated against Plaintiff Gurkirn Hundal which caused irreparable harm to Plaintiff. After Cecil Elmore and Plaintiff Gurkirn Hundal were shot at in a murder for hire attempt, Defendants Ruben Islas Jr; Ruben Islas co-conspirator Christopher Phillip Lomilli Sr., had the revolver firearm that was used in the shooting in a bag as he was running out of The Alexandria Hotel the night of the shooting.

108. Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur, had a major fire at an apartment property they owned, operated, managed called Casa de Vallejo in Vallejo, California, which killed numerous residents and other residents suffered minor injuries said Vallejo Fire Department spokesman William Tweedy. A total of 59 firefighters were at the scene with 13 engines, five ladder trucks and nine ambulances, Tweedy said. The estimated property loss is in the millions, he said. As some displaced seniors were able to move in with family, while about 80 seniors were placed in other assisted/living centers or local hotels. Permanent living situations are being sought, said RedCross spokeswoman Melanie Sanders. Doctors and pharmacists also worked with the seniors to make sure they were physically well and had any prescription medications they need, she said. Anybody who is interested in helping the displaced seniors should call (888)

443-5722 or visit www.redcrossbayarea.org. Jules Lucius Arthur said the property management company is trying to determine how quickly the Casa de Vallejo can be repaired and reopened to the seniors. The fact that the seniors were on HUD vouchers makes it harder for them to find long-term housing in the meantime he said [This information was found at sfgate.com under the story heading "Deadly Vallejo Fire Under Investigation"].

109. As four (4) people have died as a result of this deadly fire. Numerous Plaintiffs filed lawsuits against Defendants Ruben Islas Jr; Ruben Islas; Jules Lucius Arthur; Martha Enriquez. Plaintiff claimed that managers knew that a resident, a chronic alcoholic, had a "habit of smoking cigars while receiving medical oxygen" but they "provided (him) with alcohol and/or smoking tobacco" anyway. At lease twenty-seven (27) residents sued Defendant The Amerland Group, LLC, claiming owners and managers of the Casa de Vallejo blew off two (2) fire code citations and failed to fix the alarm system. In that complaint, the residents claimed that the Defendants also refused to fix fire-code violations at two (2) properties in Los Angeles even after they were criminally cited for it. Those two (2) properties are Defendant The Rosslyn Lofts Housing Partners, LP at address 451 S Main Street, Los Angeles, California, 90013 and Alexandria Hotel at address 501 S Spring Street, Los Angeles, California, 90013. In April 2008, then Los Angeles City Attorney Rocky Delgadillo filed 36 Criminal Counts against the companies related to fire code violations for the properties located in Los Angeles.

110. The Alexandria Hotel owned by Defendants Ruben Islas Jr; Ruben Islas; Jules Lucius Arthur had an acquisition and renovation that was funding by more than $56 Million in tax-exempt bonds issued by the CRA, low-income housing tax credits and other sources.

111. In December 2007, several current and former residents of Alexandria Hotel and the Los Angeles Community Action Network filed a lawsuit against Alexandria Housing Partners, the CRA and the City of Los Angeles. Among other complaints, the suit alleged that during renovations, hotel residents had been subjected to electricity and water shut-offs, faulty elevator service and other problems. Some also claim that they had been forced out of the hotel. The CRA and the developer filed additional claims against each other and a restraining order was filed. A restraining order against the Alexandria Hotel from the U.S. District Court prohibited the displacement of Alexandria tenants. In the Case of *Leonard Woods v. Alexandria Housing Partners, L.P.; Logan Property Management, INC., et al*, Federal Case No.: CV07-08262 MMM (JWJx), Case was dismissed with prejudice pursuant to settlement agreement by Judge Margaret M. Morrow. The office of the City Attorney Rockard J. Delgadillo, City Attorney request for closed session pursuant to Government Code

Section 54956.9(a), recommendation for settlement, *Leonard Woods et al., v. Alexandria Housing Partners, L.P., et al.,* filed on February 5, 2009. [Source: clkrep.lacity.org].  Forthwith subject to Mayors approval counsel file no.: 08-2593, counsel approval date February 11, 2009 [Source: clkrep.lacity.org]. The attorney Benjamin Trachtman represented Defendant Alexandria Housing Partners, L.P., in this case above titled *Leonard Woods, et al., v. Alexandria Housing Partners, L.P., et al.* On February 11, 2009 the Community Redevelopment Agency of the City of Los Angeles, California, and Alexandria Housing Partners, L.P., filed a permanent loan agreement $11,900,000.00, loan #872550A [Source: clkrep.lacity.org].

112. Since the early 2000's, Defendant Starbucks Corporation has had a policy of giving free coffee to Police Officers.  This is a way Defendant Starbucks Corporation has a way to curry favor with the Police Department [Source: thecommoncafe.com "Starbucks' Free Coffee For Police Officers: A Controversial Policy].  Since 2011, Defendant Starbucks Corporation joined Burbank Police Department and Law Enforcement through the Coffee with a Cop Program which is brought to Starbucks stores with their partners Burbank Police Department and Law Enforcement Police Officers.  In 2017, Defendant Starbucks Corporation announced they were partnering with the International Association of Chiefs of Police and Major Cities Chiefs Association to expand the events.  Since then, Defendant Starbucks Corporation has supported more than 1500 Coffee with a Cop Events [Source: Stories.Starbucks.com].  For example, on October 2, 2019, there was a National Coffee with a Cop Day at Defendant Starbucks Corporation store located at address 1520 W. Olive, Burbank, California.  From December 1, 2020, Defendant Starbucks Corporation gave Los Angeles Police Department Police Officers and employees a free tall brewed coffee until December 31, 2020.  Defendant Starbucks Corporation has a business and personal relationship with Police Departments throughout the United States of America, and with this relationship, Law Enforcement Police Officers favor Defendant Starbucks Corporation.  Law Enforcement Police Department Officers are receiving Defendant Starbucks Corporation store products in exchange for Law Enforcement duties and Defendant Starbucks Corporation favor.

113. Defendants Ruben Islas Jr; Ruben Islas, Grandave Capital CEO, greats New Mexico House Speaker Javier Martinez at the State Capital in Santa Fe as Islas launches a social justice film initiative in New Mexico.  [Source abqjournal.com *"Director, Producer, and CEO Grandave Capital Ruben Islas launches Social Justice in Film Initiative at New Mexico State Capitol"* published February 6, 2024 by Sam Wasson].

114. On February 13, 2024, at address 451 S Main Street, Los Angeles, California, 90013, owned,

operated, maintained and managed by Defendants Ruben Islas Jr; Ruben Islas. A 365 No Days Off, LLC security guard stated to Plaintiff and Cecil Elmore that Stephon DOE had a bunch of packages unclaimed downstairs in the lobby area in a room were packages are stored for residents. The 365 No Days Off LLC, unlicensed security guard Stephon DOE knocked on resident unit 829 apartment door to notify them of packages that need to be claimed. After Stephon DOE knocked on the door he stated that he was going to call the Police. One of the persons in apartment unit 829 then jumped out of the window, falling to their death on 5th Street. A woman inside of this apartment unit came out screaming, cursing all while recording Stephon DOE in regard to the person who jumped out of the window death. The other 365 No Days Off LLC, security guard stated that Stephon DOE was in the back office with managers trying to figure out what to do next. The other security guard working for 365 No Days Off LLC, in uniform and on duty called the Los Angeles Police Department and made a Police Report regarding the incident of the person in unit 829 jumping to their death. Cecil Elmore and Plaintiff Gurkirn Hundal witnessed Stephon DOE appearing distressed, coming from a back-room office that has double doors with two Defendant Inspiration Property Management, INC., managers or employees trailing Stephon DOE. Unlicensed security guard Stephon DOE mother came to pick him up from work. This is another example of the dangers, negligence, and unlawful conspiracy in concert that Defendants conduct on behalf of Defendants Ruben Islas Jr; Ruben Islas and other Defendants to conceal negligence.

115. In summary, Defendant Ruben Islas Jr; Ruben Islas are actively engaging in a pattern of racketeering activity connected to the establishment and conduct of his enterprise Logan Capital Advisors, LLC, which owns, operates, manages, other businesses owned, operated, managed and maintained by Defendant Ruben Islas Jr; Ruben Islas. During the course of this unlawful racketeering engaged by Defendant Ruben Islas Jr; Ruben Islas through unlawful business transactions, a large Political network and violence thus aiding and abetting numerous unlawful acts against Plaintiff and Cecil Elmore. Plaintiff has raised numerous complaints that have led to violations against Defendant Ruben Islas Jr; Ruben Islas and other Defendants which raised the bar for retaliation, corruption, violence and unlawful interference to numerous Civil Lawsuits filed by Plaintiff in the State of California in which Plaintiff sustained irreparable harm caused by a slew of Defendants in their racketeering enterprise. With Plaintiff merit of complaints against Defendant Ruben Islas Jr; Ruben Islas, this placed the Defendants unlawful racketeering enterprise in jeopardy of failing to acquire an operate the "dream project" in Banning, California a property including production studio, distribution studio, airport for

transporting narcotics. With the funding coming directly from a grant provided by Local, State and Federal Funding of $200 million along with tax credits and a Bill passed through Law in California with the assistance and backing with the State of California Treasurer Fiona Ma. The Defendant Ruben Islas Jr; Ruben Islas even went through the great lengths of unlawfully interfering with Plaintiff Civil Lawsuits filed in California, Police Reports, Investigations, complaints, and a murder for hire with the intent to murder Cecil Elmore and Plaintiff Gurkirn Hundal. In this Federal Lawsuit Plaintiff has a slew of claims for numerous unlawful acts that have caused significant damage to Plaintiff directly from Defendant Ruben Islas Jr; Ruben Islas, racketeering and corrupt enterprise of power. Collectively in concert Defendants and each of them unlawfully aided and abetted Defendant Ruben Islas Jr; Ruben Islas racketeering enterprise. Defendant Ruben Islas Jr; Ruben Islas intentionally, maliciously, unlawfully with the help of other Defendants misappropriated monetary funds, grants, loans, tax credits from residents, citizens, Local, State, Federal funding in which Defendant Ruben Islas Jr; Ruben Islas and other Defendants with malice intent unlawfully did not pay back loans, mortgage from Local, State and Federal funding that were for address 451 S Main Street, Los Angeles, California, 90013 an apartment building mostly for low-income and disabled residents. With Defendant Ruben Islas Jr; Ruben Islas and Defendants throughout this Federal Lawsuit they collectively unlawfully displaced residents from having a home or residence. Defendants Ruben Islas Jr; Ruben Islas and the businesses he owns, manages, operates and works with Defendants The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Pacific Housing, INC.; Logan Capital Advisors, LLC; Logan Property Management, INC.; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Inspiration Property Management, INC.; Breach Front Property Management, INC., allow, aid and abet, encourage Defendant Ricardo Lopez to sell narcotics and prescription drugs at address 451 S Main Street Unit 429, Los Angeles, California, 90013 and Jonathon Flores to sell narcotics at address 451 S Main Street Unit 433, Los Angeles, California, 90013 in the direct benefit and unlawful racketeering organization of Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Pacific Housing, INC.; Logan Capital Advisors, LLC; Logan Property Management, INC.; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC. Defendant Michael Vasquez stated that his boss Defendant Ruben Islas Jr; Ruben Islas said that Defendant Ruben Isalas Jr; Ruben Islas is defaulting on his payments of the building so that Cecil Elmore and Plaintiff Gurkirn Hundal will not recover any compensation from the lawsuit. And the "niggers" they don't like are going to get evicted from the Rosslyn Lofts. A slew of Defendants listed on this

Federal Lawsuit Complaint are responsible for Plaintiff Civil Rights violated by violence, interference and force as they all have knowledge of Plaintiff lawsuits filed and/or pending against Defendants. As these unlawful acts were committed against the Plaintiff in a dangerous form of retaliation because of Plaintiff being a Plaintiff Party to Cases and a Witness to a numerous amount of Civil Lawsuits filed in California and testifying against Defendant Domonick Lawrence Guy. Defendant Keandre Stephenson wrote a signed letter stating that Cecil Elmore files Civil Lawsuits against everybody. As this proves that even Defendant Keandre Stephenson is retaliating on behalf of Defendants that Plaintiff have filed Civil Lawsuits against in the County of Los Angeles, Superior Court in Los Angeles, California.

## V.    CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

VIOLATION 42 U.S. CODE § 1983

(PLAINTIFF AGAINST ALL DEFENDANTS LISTE ON FEDERAL LAWSUIT IN ITS ENTIRETY)

116.    Defendants Ruben Islas Jr; Ruben Islas, manages, maintains, operates and owns a racketeering influenced and corruption organization with the unlawful assistance of all Defendants listed on this Federal Lawsuit in its entirety. These Defendants maliciously, intentionally, negligently, unlawfully, in concert directly unlawfully aid and abet Defendant Ruben Islas Jr; Ruben Islas and his entire organization, misappropriate unlawful monetary funds from Local, State and Federal funding, grants, loans and tax credit breaks.

117.    These Defendants and each of them play a major role in the unlawful interference with Civil Lawsuits filed by Plaintiff in the State of California as these Defendants with the help of other persons, businesses, Politicians, and employees of entities, in concert retaliated against Plaintiff.

### SECOND CAUSE OF ACTION

VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. § 1109)

(AGAINST CAPTAIN ABRAHAM TAPIA)

118.     On February 9, 2021, at address 451 S Main Street, Los Angeles, California, 90013, Cecil Elmore emailed Defendant The Rosslyn Lofts Housing Partners, LP manager Wendy Contereas in regard to resident Robert Kemp setting off his smoke detector in his apartment unit 431 with intentional fires.

119.     Defendant Abraham Tapia, Captain of the Los Angeles Fire Department, Fire Station 9, while on duty and in uniform, called Cecil Elmore witness by Plaintiff Gurkirn Hundal and told not to ever call the fire department and the next time there is a fire to knock on the resident's door.

120.     During a series of phone calls, Defendant Abraham Tapia told Cecil Elmore with Plaintiff Gurkirn Hundal as witness that management told them that Plaintiff Cecil Elmore said he was dissatisfied with the fire department service.  This is false information and not true as Plaintiff Cecil Elmore never told management, owners, operators as of this date that Cecil Elmore is dissatisfied with fire department services to management.  The Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC.; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Mark Weise; Bethany Spooner, are retaliating against Cecil Elmore in which in turn affects Plaintiff Gurkirn Hundal.  Plaintiff Gurkirn Hundal is South Asian and has filed complaints to the City against these named Defendants and each of them, to the City of Los Angeles, County of Los Angeles, and State of California, regarding the Defendants and each of them, negligence, unlawful, malicious, intentional acts to Plaintiff.

121.     With this being said, Defendant Abraham Tapia have an established fiduciary duty to act with the utmost good faith and the best interest of Plaintiff  and Cecil Elmore.  This fiduciary duty was breached when Defendant Abraham Tapia negligently, maliciously, unlawfully, intentionally, purposely, told Plaintiff and Cecil Elmore to not call 911 for Fire emergencies and for Cecil Elmore to handle all Los Angeles Fire Department duties and issues at the address 451 S Main Street, Los Angeles, California, 90013, on his own.

122.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.

123.     In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby

justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### THIRD CAUSE OF ACTION

VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; BETHANY SPOONER; GONZALO RIVERA; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WEISE; ROSSLYN PARTNERS, LLC; ABRAHAM TAPIA)

124.     On April 4, 2021, at address 451 S Main Street Unit 431, Los Angeles, California, 90013, a resident by the name of Robert Kemp had an intentional fire in his apartment unit which is approximately fifteen (15) feet away from Cecil Elmore apartment unit in which Plaintiff Gurkirn Hundal was also inside of.  During the fire, Plaintiff Gurkirn Hundal suffered from smoke inhalation that came directly from resident Robert Kemp apartment unit.  This smoke inhalation filled from resident Robert Kemp apartment unit, into the hallway and subsequently into Cecil Elmore apartment unit.  While this fire caused a massive amount of smoke, it did not alarm and/or sound alarm not warning Plaintiff Gurkirn Hundal and Cecil Elmore or any other persons that there is smoke.  Prior to this incident, on a slew of incidents Cecil Elmore contacted via email Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Mark Weiss; Rosslyn Partners, LLC, in regards to resident Robert Kemp intentionally setting fires in his apartment unit which endangers all guest and resident lives in the building and on the premises.  The Los Angeles Fire Department confirmed that the smoke detector did not operate and was inoperable when the Fire Department arrived for the emergency fire that was in the apartment Unit 431 of resident Robert Kemp.  After this incident, Defendant Gonzalo Rivera stated that the owner told him to turned off the detector, to get Cecil Elmore and Plaintiff out of Cecil Elmore apartment.

125.     Prior to this incident, the Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur, had a major fire at an apartment property they owned, operated, managed called Casa de Vallejo in Vallejo, California, which killed numerous residents and other residents suffered minor injuries said Vallejo Fire

Department spokesman William Tweedy. A total of 59 firefighters were at the scene with 13 engines, five ladder trucks and nine ambulances, Tweedy said. The estimated property loss is in the millions, he said. As some displaced seniors were able to move in with family, while about 80 seniors were placed in other assisted/living centers or local hotels. Permanent living situations are being sought, said RedCross spokeswoman Melanie Sanders. Doctors and pharmacists also worked with the seniors to make sure they were physically well and had any prescription medications they need, she said. Anybody who is interested in helping the displaced seniors should call (888) 443-5722 or visit www.redcrossbayarea.org. Jules Lucius Arthur said the property management company is trying to determine how quickly the Casa de Vallejo can be repaired and reopened to the seniors. The fact that the seniors were on HUD vouchers makes it harder for them to find long-term housing in the meantime he said [This information was found at sfgate.com under the story heading "Deadly Vallejo Fire Under Investigation"].

126.    As four (4) people have died as a result of this deadly fire. Numerous Plaintiffs filed lawsuits against Defendants Ruben Islas Jr; Ruben Islas; Jules Lucius Arthur; Martha Enriquez. Plaintiff claimed that managers knew that a resident, a chronic alcoholic, had a "habit of smoking cigars while receiving medical oxygen" but they "provided (him) with alcohol and/or smoking tobacco" anyway. At lease twenty-seven (27) residents sued Defendant The Amerland Group, LLC, claiming owners and managers of the Casa de Vallejo blew off two (2) fire code citations and failed to fix the alarm system. In that complaint, the residents claimed that the Defendants also refused to fix fire-code violations at two (2) properties in Los Angeles even after they were criminally cited for it. Those two (2) properties are Defendant The Rosslyn Lofts Housing Partners, LP at address 451 S Main Street, Los Angeles, California, 90013 and Alexandria Hotel at address 501 S Spring Street, Los Angeles, California, 90013. In April 2008, then Los Angeles City Attorney Rocky Delgadillo filed 36 Criminal Counts against the companies related to fire code violations for the properties located in Los Angeles.

127.    On March 15, 2021, Defendant Gonzalo Rivera, on behalf of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Mark Weiss; Rosslyn Partners, LLC, entered into resident Robert Kemp apartment unit with a ladder and disconnected and uninstalled the one (1) and only smoke detector inside of this apartment Unit 431. After this incident, Cecil Elmore directly told Defendant

Michael Vasquez that Defendant Gonzalo Rivera disconnected and uninstalled resident Robert Kemp smoke detector in his apartment Unit 431.

128.    Defendants and each of them, violated committed a violation of 42 U.S. Code § 1981 — Equal Rights Under the Law to Plaintiff Gurkirn Hundal and by intentionally causing harm to Plaintiff Gurkirn Hundal while violating 42 U.S. Code § 1981 — Equal Rights Under the Law:

(a) Statement of Equal Rights;

(b) Make and Enforce Contracts;

(c) Protection Against Impairment.

129.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.

130.    In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### FOURTH CAUSE OF ACTION

VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; BETHANY SPOONER; GONZALO RIVERA; WENDY CONTRERAS; ARACELLI CASTILLO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WEISE; ROSSLYN PARTNERS, LLC)

131.    Plaintiff incorporates by reference the allegations of paragraphs 124 through 130 above, as if each such allegation was set forth herein.

132.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain,

anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## FIFTH CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1981 —

### EQUAL RIGHTS UNDER THE LAW

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; BETHANY SPOONER; GONZALO RIVERA; ARACELLI CASTILLO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WEISE; ROSSLYN PARTNERS, LLC)

133.    Plaintiff incorporates by reference the allegations of paragraphs 124 through 130 above, as if each such allegation was set forth herein.

134.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## SIXTH CAUSE OF ACTION

### VIOLATION TOM BANE CIVIL RIGHTS ACT

(AGAINST VALERIE SOSA; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; MICHAEL VASQUEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA)

135. On March 4, 2022, Cecil Elmore and Plaintiff Gurkirn Hundal were shot at twice with a revolver by a Latinx male as the suspect stated "this is for Valerie" at address 4th Street and Main Street, Los Angeles, California 90013. The Latinx male shooter, suspect, accomplice Christopher Phillip Lomelli walked fast nervously, looking over his shoulders, exiting Defendant Ruben Islas Jr; Ruben Islas property The Alexandria Hotel located at address 501 S Spring Street, Los Angeles, California, 90013 with a suspicious black carrying bag moments after Cecil Elmore and Plaintiff Gurkirn Hundal were shot at.

136. Cecil Elmore and Plaintiff Gurkirn Hundal filed a Los Angeles Police Department Police Report of the attempted murder for hire on their lives.

137. Another one of Defendant Valerie Sosa guest stalked Cecil Elmore apartment unit. Hours later at address 451 S Main Street, Los Angeles, California, 90013, the Defendants Valerie Sosa; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arther; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga had a Latinx male with a firearm and a bicycle intentionally harm Cecil Elmore and Plaintiff Gurkirn Hundal by harassing and trying to break into Cecil Elmore apartment unit to cause great bodily harm. At this address, while Cecil Elmore and Plaintiff Gurkirn Hundal were harmed Defendant Joe Zuniga; Kevin Zuniga; Knowles Security, INC., had their security guard intentionally allow the Latinx male with the bicycle to harass, intimidate and intentionally cause harm to Cecil Elmore and Plaintiff Gurkirn Hundal as the Defendants were performing intentional negligent security duties.

138. Cecil Elmore had Defendant Valerie Sosa served with a Civil Lawsuit by the Los Angeles Sheriff Department, in which these Defendants retaliated by causing intentional harm and attempting to murder Cecil Elmore and Plaintiff Gurkirn Hundal.

139. The Defendants involved in this intentional harm to Plaintiff Gurkirn Hundal are Defendants Valerie Sosa; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arther; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC; The Amerland Group, LLC; Suffolk Development,

LLC; Islas Development, LLC; Michael Vasquez; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga. These Defendants caused intentional harm to Plaintiff Gurkirn Hundal because Plaintiff Gurkirn Hundal is South Asian guest of Cecil Elmore. The Defendants have a negative reputation for intentionally causing harm to African American residents on the property and Plaintiff Gurkirn Hundal does no look Latinx therefore being South Asian and the guest of Cecil Elmore, Plaintiff has been retaliated again and discriminated against as well. The Defendants receive money and federal assistance from Local, State and Federal funding.

140.    As a proximate result of Defendants Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal. The Plaintiff Gurkirn Hundal suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

## SEVENTH CAUSE OF ACTION

### VIOLATION INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS (IIED)

(AGAINST VALERIE SOSA; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; MICHAEL VASQUEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA)

141.    Plaintiff incorporates by reference the allegations of paragraphs 135 through 140 above, as if each such allegation was set forth herein.

142.    As a proximate result of Defendants Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal. The Plaintiff Gurkirn Hundal suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

**EIGHTH CAUSE OF ACTION**

**VIOLATION INTENTIONAL TORT**

(AGAINST VALERIE SOSA; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; MICHAEL VASQUEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA)

143.    Plaintiff incorporates by reference the allegations of paragraphs 135 through 140 above, as if each such allegation was set forth herein.

144.    As a proximate result of Defendants Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal.  The Plaintiff Gurkirn Hundal suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

**NINETH CAUSE OF ACTION**

**VIOLATION CALIFORNIA CIVIL CODE § 527.6 —**

**HARASSMENT**

(AGAINST VALERIE SOSA; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; MICHAEL VASQUEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA)

145.    Plaintiff incorporates by reference the allegations of paragraphs 135 through 140 above, as if each such allegation was set forth herein.

146.    As a proximate result of Defendants Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez, willful, negligent, malicious, intentional and outrageous acts against

Plaintiff Gurkirn Hundal. The Plaintiff Gurkirn Hundal suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

### TENTH CAUSE OF ACTION

VIOLATION 42 U.S. CODE §1985 —

CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

(AGAINST VALERIE SOSA; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; MICHAEL VASQUEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE)

147.     Plaintiff incorporates by reference the allegations of paragraphs 135 through 140 above, as if each such allegation was set forth herein.

148.     As a proximate result of Defendants Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal. The Plaintiff Gurkirn Hundal suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

### ELEVENTH CAUSE OF ACTION

VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

(AGAINST SOPHIA LEE)

149.     Plaintiff Gurkirn Hundal and Cecil Elmore filed numerous Police Reports to the Los Angeles Police Department Central Division. For multiple of these Los Angeles Police Department Police Reports, Detective Sophia Lee was assigned to investigate, Plaintiff Gurkirn Hundal and Cecil Elmore reports. This Los Angeles Police Department Detective Defendant Sophia Lee owes Plaintiff Gurkirn Hundal a fiduciary duty. Plaintiff and Cecil Elmore stated to Defendant Sophia Lee in regards to a slew of unlawful acts and criminal

acts conducted by Defendants Ruben Islas Jr and other Defendants involvement in the unlawful civil and criminal racketeer enterprise lead by Defendants Ruben Islas Jr; Ruben Islas.  Defendant Sophia Lee maliciously, intentionally, unlawfully conspired in concert with Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Mark Wiese; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC to cause intentional, malicious, direct harm to Plaintiff.  With knowledge and extensive amount of evidence Defendant Sophia Lee intentionally, maliciously, negligently, unlawfully breached her duty which is owed to Plaintiff.  Randomly Defendant Sophia Lee called Plaintiff and Cecil Elmore and stated to Cecil Elmore "do not call here anymore."  This Defendant stated numerous, untrue, false statements of facts about Cecil Elmore while Plaintiff heard everything as Defendant was on speaker phone during the duration of this phone call.  Plaintiff and Cecil Elmore pleaded that he did not call Defendant Sophia Lee that day as neither Plaintiff or Cecil Elmore did not call any type of law enforcement in regards to any of the cases Defendant Sophia Lee is investigating.  This Defendant Sophia Lee stated the same exact phrase to Cecil Elmore "do not call here," as this is the same statement that Defendant Abraham Tapia stated to Cecil Elmore while Defendant Abraham Tapia was engaging in unlawful collusion with Defendants Ruben Islas Jr; Ruben Islas and other Defendants.

150.        Even with knowledge and evidence, Defendant Sophia Lee retaliated against Plaintiff as Defendant Sophia Lee stated that they are not going to arrest anyone.  This means that Defendant Sophia Lee is stating that no one from Law Enforcement in the Los Angeles Police Department will be arresting anyone for any of the crimes and criminal acts that have been committed against Plaintiff and Cecil Elmore.  Defendants Ruben Islas Jr; Ruben Islas, used his unlawful connection with State of California Treasure Fiona Ma and Defendants Joe Zuniga; Kevin Zuniga, to unlawfully, intentionally, maliciously conspire in concert to unlawfully interfere with Plaintiff Cecil Elmore Los Angeles Police Department cases and investigations.  As this caused direct harm to Plaintiff.  Defendant Ricardo Lopez stated that Ruben Islas Jr and Joe Zuniga are unlawfully interfering with Plaintiff and Cecil Elmore Los Angeles Police Department cases, investigations and Los Angeles Civil Court Cases that were pending.  Defendant Jose Sandin stated that his boss Joe Zuniga is unlawfully interfering with Plaintiff and Cecil Elmore Los Angeles Police Department cases and investigations.

151.     These Defendants and each of them, negligently, maliciously, collectively conspired in concert as they interfered with Plaintiff and Cecil Elmore of them collectively in concert conspired to keep this building on the premises unlawfully operating and to collect unlawful monetary Local, State, Federal funding, grants, loans and tax credits.

152.     All Defendants and each of them compelled, coerced, aided or abetted the unlawful acts and violations in this complaint, which conduct is prohibited.  All Defendants were responsible for the events and damages stated herein, including on the following basis: (a) Defendants committed the acts stated; (b) at all relevant times, one of more Defendants was the agent or employee, and/or acted under control or supervision of one or more of the remaining Defendants and in committing the acts, acted within the course and scope of such agency and employment and/or is or otherwise liable for Plaintiff Gurkirn Hundal damages; (c) at all relevant times; there existed a unity of ownership in interest between or among two or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another.  Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times here in mention did not, exist.  All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors of employment with all Defendants, were taken on behalf of all Defendants, and were engaged with, authorized ratified, and approved of by all other Defendants.

154.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.

155.     In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### TWELVETH CAUSE OF ACTION

#### VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

(AGAINST SOPHIA LEE; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARTNES, LLC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; MARK WIESE; PACIFIC HOUSING, INC.; RICARDO LOPEZ; JOE ZUNIGA; KEVIN ZUNIGA; KNOWLES SECURITY, INC.; JOSE SANDIN)

156.    Plaintiff incorporates by reference the allegations of paragraphs 149 through 155 above, as if each such allegation was set forth herein.

157.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### THIRTEENTH CAUSE OF ACTION

### VIOLATION INTENTIONAL TORT

(AGAINST SOPHIA LEE; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARTNES, LLC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; MARK WIESE; PACIFIC HOUSING, INC.; RICARDO LOPEZ; JOE ZUNIGA; KEVIN ZUNIGA; KNOWLES SECURITY, INC.; JOSE SANDIN)

158.    Plaintiff incorporates by reference the allegations of paragraphs 149 through 155 above, as if each such allegation was set forth herein.

159.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain,

anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.

## FOURTEENTH CAUSE OF ACTION

### VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; MICHAEL VASQUEZ; BETHANY SPOONER; PACIFIC HOUSING INC.; MARK WIESE; SHERRY DICKO; JE T'AIME BRADSHAW; GONZALO RIVERA; DEWEY SERVICES, INCORPORATED)

160.    From August 10, 2020 until February 29, 2024, at address 451 S Main Street, Los Angeles, California, 90013, which is owned, operated, managed, and maintained by Defendants Ruben Islas Jr; Ruben Islas; Jules Lucius Arthur; Bethany Spooner; Sherry Dicko; Je T'aime Bradshaw; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC.; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; Pacific Housing, INC.; Mark Wiese; Gonzalo Rivera; Dewey Services, Incorporated, resident of the building on this premises Plaintiff Gurkirn Hundal was injured by cockroaches, pests and bedbugs. Plaintiff Gurkirn Hundal sustained injuries to his body from this incident.

161.    Prior to this date, Cecil Elmore notified Defendants Ruben Islas Jr; Ruben Islas; Jules Lucius Arthur; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC.; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; Pacific Housing, INC.; Mark Wiese; Sherry Dicko; Je T'aime Bradshaw; Michael Vasquez; Gonzalo Rivera; Dewey Services, Incorporated, and their attorney Christopher Steward numerous times a week in regards to the cockroach, bedbug and pest infestation in the building on the premises.  These Defendants and each of them are intentionally negligent, intentionally malicious, and disregarded this infestation as a priority concern for Plaintiff health and well-being.

162. Defendant Dewey Services, Incorporated, intentionally, maliciously are negligent of their duties as they breached their fiduciary duty that's owed to Plaintiff. Defendant Dewey Services, Incorporated did not eradicate all pests on the property as they knew this would cause significant harm to Plaintiff. The Defendants and each of them intentionally, maliciously, negligently, unlawfully conspired to disregard this significant cockroach, pest and bedbug infestation in the building on the premises that they know will cause direct harm to Plaintiff.

163. These Defendants and each of them collectively in concert conspired to keep this building on the premises unlawfully operating and to collect unlawful monetary Local, State, Federal funding, grants, loans and tax credits at the expense of Plaintiff and other residents on floors third to the ninth floor.

164. All Defendants and each of them compelled, coerced, aided or abetted the unlawful acts and violations in this complaint, which conduct is prohibited. All Defendants were responsible for the events and damages stated herein, including on the following basis: (a) Defendants committed the acts stated; (b) at all relevant times, one of more Defendants was the agent or employee, and/or acted under control or supervision of one or more of the remaining Defendants and in committing the acts, acted within the course and scope of such agency and employment and/or is or otherwise liable for Plaintiff damages; (c) at all relevant times; there existed a unity of ownership in interest between or among two or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times here in mention did not, exist. All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors of employment with all Defendants, were taken on behalf of all Defendants, and were engaged with, authorized ratified, and approved of by all other Defendants.

165. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.

166. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby

justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## FIFTEENTH CAUSE OF ACTION

### VIOLATION GENERAL NEGLIGENCE

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; MICHAEL VASQUEZ; BETHANY SPOONER; PACIFIC HOUSING INC.; MARK WIESE; SHERRY DICKO; JE T'AIME BRADSHAW; GONZALO RIVERA; DEWEY SERVICES, INCORPORATED)

167. Plaintiff incorporates by reference the allegations of paragraphs 160 through 166 above, as if each such allegation was set forth herein.

168. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## SIXTEENTH CAUSE OF ACTION

### VIOLATION INTENTIONAL TORT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; MICHAEL VASQUEZ; BETHANY SPOONER; PACIFIC HOUSING INC.; MARK WIESE; LUTHER GADSON; RACHEL GILGAR; GONZALO RIVERA; DEWEY SERVICES, INCORPORATED)

169.     Plaintiff incorporates by reference the allegations of paragraphs 160 through 166 above, as if each such allegation was set forth herein.

170.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.

**SEVENTEENTH CAUSE OF ACTION**

VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; MICHAEL VASQUEZ; BETHANY SPOONER; PACIFIC HOUSING INC.; MARK WIESE; LUTHER GADSON; RACHEL GILGAR; GONZALO RIVERA; DEWEY SERVICES, INCORPORATED)

171.     Plaintiff incorporates by reference the allegations of paragraphs 160 through 166 above, as if each such allegation was set forth herein.

172.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

**EIGHTEENTH CAUSE OF ACTION**

VIOLATION INTENTIONAL TORT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; MICHAEL VASQUEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; RICARDO LOPEZ; JOSE SANDIN; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; MELINDA JOHNSON; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; VALERIE SOSA; HAROLD SAMUEL BEARD)

173.      On April 2, 2022, at address 451 S Main Street, Los Angeles, California, 90013, Harold Samuel Beard brandished a firearm at Cecil Elmore and pointed the same firearm at Plaintiff Gurkirn Hundal.  Then Valerie Sosa proceeded to spray a toxic chemical of mace at Cecil Elmore and Plaintiff Gurkirn Hundal.  And later on, Defendant Ricardo Lopez threatened to murder, and threatened with gang violence to Cecil Elmore.

174.      Defendant Knowles Security, INC., security guard Defendant Jose Sandin gave personal security service to Valerie Sosa onto the elevator and off the property after Defendant Valerie Sosa assaulted with battery Plaintiff Gurkirn Hundal by hitting Plaintiff in the leg with Defendant Valerie Sosa cart on the elevator. Two (2) Defendant Knowles Security, INC., security guards impersonated Los Angeles Police Department Police Officers.  On duty at all of these incidents was Defendant Jose Sandin and other Defendant Knowles Security, INC., security guard with tattoos on his face.  On numerous occasions, Cecil Elmore notified Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC.; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Jose Sandin; Ricardo Lopez; Sherry Dicko; Je T'aime Bradshaw; Bethany Spooner in regards to Defendant Ricardo Lopez, Valerie Sosa, guest and residents unlawful acts, harassment, physical threats of murder, violence and stalking on the property.  The Defendant Ricardo Lopez admitted that Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC.; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Jose Sandin; Sherry Dicko; Je T'aime Bradshaw; Bethany Spooner and Valerie Sosa, owner, management, operators, and security conspired to cause harm with this incident to Cecil Elmore and Plaintiff Gurkirn Hundal and because Cecil Elmore is African American and Plaintiff is South Asian.

175.    The Defendants involved in this intentional harm to Plaintiff are Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC.; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Jose Sandin; Sherry Dicko; Je T'aime Bradshaw; Bethany Spooner; Ricardo Lopez intentional harm to Plaintiff Cecil Elmore because Plaintiff Cecil Elmore is an African American resident.  The Defendants have a negative reputation for intentionally causing harm to African American residents on the property.  The Defendants receive money and federal assistance from Local, State and Federal funding.  These Defendants collectively conspired to cause harm to Plaintiff and Cecil Elmore.

176.    Defendant Melinda Johnson witness Harold Samuel Beard with a firearm wrapped in a bandanna.  Defendant Melinda Johnson intentionally and purposely gave false statements to the Los Angeles Police Department after conspiring with other Defendants against Plaintiff Gurkirn Hundal and Cecil Elmore.  With these false statements, Defendant Melinda Johnson gave false facts and defamatory statements about Cecil Elmore and Plaintiff Gurkirn Hundal.  On another date, Defendant Melinda Johnson, admitted that she told Defendant Michael Vasquez that Harold Samuel Beard used a firearm against Cecil Elmore and Plaintiff Gurkirn Hundal on April 2, 2022.  Defendant Melinda Johnson admitted that the property, management, owners, security, operators, employees collectively conspired to cause harm to Plaintiff Gurkirn Hundal and Cecil Elmore  with the incident on April 2, 2022, because Cecil Elmore is African American and Plaintiff Gurkirn Hundal is South Asian.

177.    Defendants and each of them, violated committed a violation of 42 U.S. Code § 1981 — Equal Rights Under the Law to Plaintiff and by intentionally causing harm to Plaintiff while violating 42 U.S. Code § 1981 — Equal Rights Under the Law:

    (a) Statement of Equal Rights;

    (b) Make and Enforce Contracts;

    (c) Protection Against Impairment.

178.    These Defendants caused intentionally harm to Plaintiff Gurkirn Hundal and Cecil Elmore because of pending lawsuits at the time filed at Stanley Mosk Courthouse in retaliation.

179. As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arther; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Ricardo Lopez; Melinda Johnson; Bethany Spooner; Sherry Dicko; Je T'aime Bradshaw willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal. The Plaintiff Cecil Elmore has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

## NINETEENTH CAUSE OF ACTION

### VIOLATION CALIFORNIA CIVIL CODE § 527.6 —

### HARASSMENT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; MICHAEL VASQUEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; RICARDO LOPEZ; JOSE SANDIN; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; MELINDA JOHNSON; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; VALERIE SOSA; HAROLD SAMUEL BEARD)

180. Plaintiff incorporates by reference the allegations of paragraphs 173 through 179 above, as if each such allegation was set forth herein.

181. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## TWENTIETH CAUSE OF ACTION

### VIOLATION TOM BANE CIVIL RIGHTS ACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; MICHAEL VASQUEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; RICARDO LOPEZ; JOSE SANDIN; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; MELINDA JOHNSON; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; VALERIE SOSA; HAROLD SAMUEL BEARD)

182.    Plaintiff incorporates by reference the allegations of paragraphs 173 through 179 above, as if each such allegation was set forth herein.

183.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## TWENTY-FIRST CAUSE OF ACTION

### VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; MICHAEL VASQUEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; RICARDO LOPEZ; JOSE SANDIN; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; MELINDA JOHNSON; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; VALERIE SOSA; HAROLD SAMUEL BEARD)

184.    Plaintiff incorporates by reference the allegations of paragraphs 173 through 179 above, as if

each such allegation was set forth herein.

185.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## TWENTY-SECOND CAUSE OF ACTION

### VIOLATION UNRUH CIVIL RIGHTS ACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; MICHAEL VASQUEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; RICARDO LOPEZ; JOSE SANDIN; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; MELINDA JOHNSON; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; VALERIE SOSA)

186.    Plaintiff incorporates by reference the allegations of paragraphs 173 through 179 above, as if each such allegation was set forth herein.

187.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## TWENTY-THIRD CAUSE OF ACTION

### VIOLATION INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS (IIED)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; MICHAEL VASQUEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; RICARDO LOPEZ; JOSE SANDIN; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; MELINDA JOHNSON; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE)

188.    Plaintiff incorporates by reference the allegations of paragraphs 173 through 179 above, as if each such allegation was set forth herein.

189.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### TWENTY-FOURTH CAUSE OF ACTION

VIOLATION 42 U.S. CODE § 1981 —

EQUAL RIGHTS UNDER THE LAW

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; MICHAEL VASQUEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; RICARDO LOPEZ; JOSE SANDIN; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; MELINDA JOHNSON; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; VALERIE SOSA; HAROLD SAMUEL BEARD)

190.    Plaintiff incorporates by reference the allegations of paragraphs 173 through 179 above, as if

each such allegation was set forth herein.

191.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## TWENTY-FIFTH CAUSE OF ACTION

### VIOLATION BATTERY

### (AGAINST VALERIE SOSA)

192.    Plaintiff incorporates by reference the allegations of paragraphs 173 through 179 above, as if each such allegation was set forth herein.

193.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## TWENTY-SIXTH CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1985 —

### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; MICHAEL VASQUEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; RICARDO LOPEZ; JOSE SANDIN; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; MELINDA JOHNSON; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; VALERIE SOSA; HAROLD SAMUEL BEARD)

194.    Plaintiff incorporates by reference the allegations of paragraphs 173 through 179 above, as if each such allegation was set forth herein.

195.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## TWENTY-SEVENTH CAUSE OF ACTION

### VIOLATION CALIFORNIA CIVIL CODE § 527.6 —

### HARASSMENT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES Arthur; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; LOGAN PROPERTY MANAGEMENT, INC.; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; BETHANY SPOONER; RICARDO LOPEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; JOSE SANDIN; JORGE LOPEZ; DOE 1)

196.     On May 12, 2022, at address 451 S Main Street, Los Angeles, California, 90013, Defendant Ricardo Lopez and his brother Jorge Lopez threatened with physical violence to harm Cecil Elmore.  While Defendant Jorge Lopez and Defendant Ricardo Lopez were threatening Cecil Elmore, they called Cecil Elmore a "nigger."  Which is a discriminatory statement towards Cecil Elmore being African American and Plaintiff Gurkirn Hundal is South Asian.

197.     Defendant Knowles Security, INC., security guard Defendant Jose Sandin was on duty at the premises and intentionally allowed, aided and abetted Defendant Ricardo Lopez and his brother Defendant Jorge Lopez threatening with physical acts of violence and racist remarks to Plaintiff Cecil Elmore.  The Defendant Knowles Security, INC., security guard, Defendant Jose Sandin was notified on numerous occasions of Defendant Ricardo Lopez and his brother Defendant Jorge Lopez threatening with physical violence along with racist gestures against Cecil Elmore with Plaintiff Gurkirn Hundal witness to the entire thing.

198.     After Cecil Elmore was threatened inside of the building at the above address, Defendant Ricardo Lopez and his brother Defendant Jorge Lopez followed Plaintiff Cecil Elmore outside and threatened again with a knife and physical violence along with more racist remarks to Cecil Elmore which intentionally caused the Cecil Elmore harm.  Defendant Jose Sandin, well aware of Defendant Ricardo Lopez and his brother Defendant Jorge Lopez threatening Cecil Elmore and racist remarks as witnessed by Defendant Jose Sandin, Defendant Jose Sandin recorded with his personal cellphone this incident.  Defendant Jorge Lopez daughter, DOE 1, threatened Plaintiff Gurkirn Hundal with gang violence.  This incident happened earlier the day of when Cecil Elmore and Plaintiff Gurkirn Hundal were on the way to the Stanley Mosk Courthouse in regards to a court hearing for restraining order against  Defendant Valerie Sosa.  These Defendants Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Jose Sandin; Ricardo Lopez and Defendant Ricardo Lopez's brother Defendant Jorge Lopez with his daughter, DOE 1, threatened Plaintiff and Cecil Elmore for Plaintiff and Cecil Elmore civil action at the Stanley Mosk Courthouse against Defendant Valerie Sosa.

199.     Defendant Ricardo Lopez brother Jorge Lopez stated to Plaintiff and Cecil Elmore that they were enforcers for Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Michael Vasquez; Jules Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Bethany Spooner; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Jose Sandin; Ricardo Lopez and that these Defendants wanted Cecil Elmore "[your] black

ass off the property." These Defendants intentionally allowed and sent Defendant Ricardo Lopez and his brother Jorge Lopez as enforcers to cause intentional harm to Plaintiff and Cecil Elmore on and off the property with an agenda to make Cecil Elmore forfeit as a resident on the property.

200.     Defendant Jose Sandin told Cecil Elmore that he is a "nigger" and that the property and security will not be providing security services to black people which Plaintiff has been witnessed to hearing.

201.     Defendants and each of them, violated committed a violation of 42 U.S. Code § 1981 — Equal Rights Under the Law to Plaintiff and by intentionally causing harm to Plaintiff while violating 42 U.S. Code § 1981 — Equal Rights Under the Law:

(a) Statement of Equal Rights;

(b) Make and Enforce Contracts;

(c) Protection Against Impairment.

202.     As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arther; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Ricardo Lopez; Defendant Ricardo Lopez brother Defendant Jorge Lopez and his daughter, DOE 1, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal. The Plaintiff Gurkirn Hundal has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

## TWENTY-EIGHTH CAUSE OF ACTION

### VIOLATION DISCRIMINATION

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES Arthur; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; LOGAN PROPERTY MANAGEMENT, INC.; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; BETHANY SPOONER; RICARDO LOPEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; JOSE SANDIN; JORGE LOPEZ; DOE 1)

203.     Plaintiff incorporates by reference the allegations of paragraphs 196 through 202 above, as if

each such allegation was set forth herein.

204.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arther; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Ricardo Lopez; Defendant Ricardo Lopez brother Defendant Jorge Lopez and his daughter, DOE 1, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal. The Plaintiff Gurkirn Hundal has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

## TWENTY-NINETH CAUSE OF ACTION

### VIOLATION TOM BANE CIVIL RIGHTS ACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES Arthur; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; LOGAN PROPERTY MANAGEMENT, INC.; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; BETHANY SPOONER; RICARDO LOPEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; JOSE SANDIN; JORGE LOPEZ; DOE 1)

205.    Plaintiff incorporates by reference the allegations of paragraphs 196 through 202 above, as if each such allegation was set forth herein.

206.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arther; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Ricardo Lopez; Defendant Ricardo Lopez brother Defendant Jorge Lopez and his daughter, DOE 1, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal. The Plaintiff Gurkirn Hundal has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

## THIRTIETH CAUSE OF ACTION

### VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES Arthur; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; LOGAN PROPERTY MANAGEMENT, INC.; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, SLLC; PACIFIC HOUSING, INC.; MARK WIESE; BETHANY SPOONER; RICARDO LOPEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; JOSE SANDIN; JORGE LOPEZ; DOE 1)

207.    Plaintiff incorporates by reference the allegations of paragraphs 196 through 202 above, as if each such allegation was set forth herein.

208.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arther; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Ricardo Lopez; Defendant Ricardo Lopez brother Defendant Jorge Lopez and his daughter, DOE 1, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal.  The Plaintiff Gurkirn Hundal has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

### THIRTY-FIRST CAUSE OF ACTION

### VIOLATION CIVIL RIGHTS ACT OF 1866

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES Arthur; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; LOGAN PROPERTY MANAGEMENT, INC.; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; BETHANY SPOONER; RICARDO LOPEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; JOSE SANDIN; JORGE LOPEZ; DOE 1)

209.    Plaintiff incorporates by reference the allegations of paragraphs 196 through 202 above, as if each such allegation was set forth herein.

210.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arther; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Ricardo Lopez; Defendant Ricardo Lopez brother Defendant Jorge Lopez and his

daughter, DOE 1, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal. The Plaintiff Gurkirn Hundal has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

### THIRTY-SECOND CAUSE OF ACTION

### VIOLATION UNRUH CIVIL RIGHTS ACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; LOGAN PROPERTY MANAGEMENT, INC.; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; MARK WIESE; PACIFIC HOUSING, INC.; ROSSLYN PARTNERS, LLC; BETHANY SPOONER; RICARDO LOPEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; JOSE SANDIN; JORGE LOPEZ; DOE 1)

211. Plaintiff incorporates by reference the allegations of paragraphs 196 through 202 above, as if each such allegation was set forth herein.

212. As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arther; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Ricardo Lopez; Defendant Ricardo Lopez brother Defendant Jorge Lopez and his daughter, DOE 1, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal. The Plaintiff Gurkirn Hundal has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof

### THIRTY-THIRD CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1981 —

### EQUAL RIGHTS UNDER THE LAW

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; LOGAN PROPERTY MANAGEMENT, INC.; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; BETHANY SPOONER; RICARDO LOPEZ; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; JOSE SANDIN; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; JORGE LOPEZ; DOE 1)

213.    Plaintiff incorporates by reference the allegations of paragraphs 196 through 202 above, as if each such allegation was set forth herein.

214.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arther; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Ricardo Lopez; Defendant Ricardo Lopez brother Defendant Jorge Lopez and his daughter, DOE 1, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal.  The Plaintiff Gurkirn Hundal has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

## THIRTY-FOURTH CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1985 —

### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; LOGAN PROPERTY MANAGEMENT, INC.; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; MARK WIESE; PACIFIC HOUSING, INC.; BETHANY SPOONER; VALERIE SOSA; HAROLD SAMUEL BEARD; RICARDO LOPEZ; MELINDA JOHNSON)

215.    Plaintiff incorporates by reference the allegations of paragraphs 196 through 202 above, as if each such allegation was set forth herein.

216.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arther; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Ricardo Lopez; Defendant Ricardo Lopez brother Defendant Jorge Lopez and his daughter, DOE 1, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal.  The Plaintiff Gurkirn Hundal has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

**THIRTY-FIFTH CAUSE OF ACTION**

**VIOLATION NEGLIGENT HIRING**

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; BETHANY SPOONER; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; RUBY MOTOYA; CYNTHIA PARRY)

217.	The Defendant Tyrone Jenkins is an unlicensed security guard and is not licensed with the State of California Bureau of Security and Investigative Services as required by the State of California to perform security guard duties.

218.	Cecil Elmore a resident of address 451 S Main Street, Los Angeles, California, 90013, and Plaintiff is Cecil Elmore guest, both Plaintiff and Cecil Elmore are owed security guard duties by Defendant Tyrone Jenkins who is in uniform and on duty, fraudulently impersonating a State of California licensed security guard.  For his employer Defendant Knowles Security, INC.; Joe Zuniga; Kevin Zuniga and for Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Bethany Spooner; Ruby Montoya; Cynthia Parry.

219.	On June 7, 2022, at address 451 S Main Street, Los Angeles, California, 90013, Defendant Tyrone Jenkins in uniform for Defendant Knowles Security, INC., refused and denied to give Cecil Elmore his parcel package that was delivered to the property.  Defendant Tyrone Jenkins also threatened with physical violence against Cecil Elmore as Defendant Tyrone Jenkins had his two fists in the air wanting and threatening to fight Cecil Elmore.  The Cecil Elmore had a cellphone in one hand and a package slip in the other hand and not attempting to fight the Defendant Tyrone Jenkins.  During Defendant Tyrone Jenkins harassment to Plaintiff and Cecil Elmore, the Defendant Tyrone Jenkins said to Cecil Elmore with a physical threat, "I will pop you" "you better get your gun," meaning that the Defendant Tyrone Jenkins will shoot the Cecil Elmore and that Cecil Elmore will need a firearm to protect himself.  The Defendant Tyrone Jenkins continued to verbally harass Plaintiff and Cecil Elmore in which Defendant Tyrone Jenkins said to Plaintiff and Cecil Elmore, "your pussy just

like your girl." In which Defendant Tyrone Jenkins was making direct reference to Plaintiff Gurkirn Hundal. Defendant Tyrone Jenkins is an enforcer for Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC.; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga.

220.    The Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Mark Wiese, Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Bethany Spooner; Knowles Security INC.; Joe Zuniga; Kevin Zuniga intentionally, maliciously, unlawfully, purposely, negligently conspired to have their unlawful enforcer Defendant Tyrone Jenkins, to threaten with physical violence, harass and intimidate which caused intentional harm to Plaintiff and Elmore. The Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Mark Wiese, Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Bethany Spooner, intentionally breached this contract to force Cecil Elmore out of his apartment unit

221.    All of these Defendants collectively conspired in concert to intentionally, maliciously, negligently interfere with Plaintiff and Cecil Elmore rights by threats and intimidation.

222.    Plaintiff and Cecil Elmore filed a complaint with the California Bureau of Security and Investigative Services as it was negligently, intentionally and maliciously not investigated properly by Defendant Cynthia Parry and Defendant Ruby Montoya as they conspired with Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Tyrone Jenkins to cause intentionally harm to Plaintiff and Cecil Elmore and these Defendants engaged in unlawful collusion to aid and abed the unlawful civil enterprise of these Defendants.

223.    These Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property

Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Tyrone Jenkins; Ruby Montoya; Cynthia Parry, intentionally caused harm to Plaintiff Cecil Elmore with violence because Plaintiff Cecil Elmore filed a lawsuit against Defendants at the Stanley Mosk Courthouse which was pending, complaints filed to State of California Bureau of Security and Investigative Services, Los Angeles County Public Health Department, Los Angeles County Housing Department, Los Angeles County Code Enforcement, and State of California Department of Fair Employment and Housing.  Which these Defendants are retaliating, violating Plaintiff andCecil Elmore Civil Rights.

224.    These Defendants threatened Plaintiff and Cecil Elmore with physical violence to force Plaintiff Cecil Elmore to dismiss his Civil lawsuits and all complaints filed with the County of Los Angeles and State of California.

225.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Tyrone Jenkins; Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal.  The Plaintiff Gurkirn Hundal has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

### THIRTY-SIXTH CAUSE OF ACTION

#### VIOLATION INTENTIONAL TORT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; BETHANY SPOONER; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; TYRONE JENKINS; RUBY MONTOYA; CYNTHIA PARRY)

226.     Plaintiff incorporates by reference the allegations of paragraphs 219 through 225 above, as if each such allegation was set forth herein.

227.     As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Tyrone Jenkins; Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal. The Plaintiff Gurkirn Hundal has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

## THIRTY-SEVENTH CAUSE OF ACTION

### VIOLATION CALIFORNIA CIVIL CODE § 572.6 —

### HARASSMENT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; BETHANY SPOONER; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; TYRONE JENKINS; RUBY MONTOYA; CYNTHIA PARRY)

228.     Plaintiff incorporates by reference the allegations of paragraphs 219 through 225 above, as if each such allegation was set forth herein.

229.     As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Tyrone Jenkins; Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal. The Plaintiff Gurkirn Hundal has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

Case 2:24-cv-01721-JGB-SP    Document 1    Filed 03/01/24    Page 65 of 161    Page ID
#:65

**THIRTY-EIGHTH CAUSE OF ACTION**

VIOLATION INTENTIONAL INFLICTION OF EMOTION DISTRESS (IIED)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; BETHANY SPOONER; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; TYRONE JENKINS; RUBY MONTOYA; CYNTHIA PARRY)

230.     Plaintiff incorporates by reference the allegations of paragraphs 219 through 225 above, as if each such allegation was set forth herein.

231.     As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Tyrone Jenkins; Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal.  The Plaintiff Gurkirn Hundal has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

**THIRTY-NINETH CAUSE OF ACTION**

VIOLATION FRAUD

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; PACIFIC PARTNERS, LLC; BETHANY SPOONER; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; TYRONE JENKINS; RUBY MONTOYA; CYNTHIA PARRY)

232.    Plaintiff incorporates by reference the allegations of paragraphs 219 through 225 above, as if each such allegation was set forth herein.

233.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Tyrone Jenkins; Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal. The Plaintiff Gurkirn Hundal has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

## FOURTHEITH CAUSE OF ACTION

### VIOLATION TOM BANE CIVIL RIGHTS ACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; BETHANY SPOONER; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; TYRONE JENKINS; RUBY MONTOYA; CYNTHIA PARRY)

234.    Plaintiff incorporates by reference the allegations of paragraphs 219 through 225 above, as if each such allegation was set forth herein.

235.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Tyrone Jenkins; Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal. The Plaintiff Gurkirn Hundal has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

## FOURTY-FIRST CAUSE OF ACTION

### VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 4301 —

### UNPROFESSIONAL CONDUCT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; BETHANY SPOONER; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; TYRONE JENKINS; RUBY MONTOYA; CYNTHIA PARRY)

236.    Plaintiff incorporates by reference the allegations of paragraphs 219 through 225 above, as if each such allegation was set forth herein.

237.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Tyrone Jenkins; Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal.  The Plaintiff Gurkirn Hundal has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

## FOURTY-SECOND CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1985 —

### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; BETHANY

SPOONER; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; TYRONE JENKINS; RUBY MONTOYA; CYNTHIA PARRY; ROBIN PEREZ)

238.    Plaintiff incorporates by reference the allegations of paragraphs 219 through 225 above, as if each such allegation was set forth herein.

239.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Tyrone Jenkins; Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal.  The Plaintiff Gurkirn Hundal has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

### FOURTY-THIRD CAUSE OF ACTION

VIOLATION INTENTIONAL MISREPRESENTATION

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; BETHANY SPOONER; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; TYRONE JENKINS; RUBY MONTOYA; CYNTHIA PARRY)

240.    Plaintiff incorporates by reference the allegations of paragraphs 219 through 225 above, as if each such allegation was set forth herein.

241.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Tyrone Jenkins; Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal.  The

Plaintiff Gurkirn Hundal has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

## FOURTY-FOURTH CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1981 —

### EQUAL RIGHTS UNDER THE LAW

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; BETHANY SPOONER; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; TYRONE JENKINS; RUBY MONTOYA; CYNTHIA PARRY; ROBIN PEREZ)

242.    Plaintiff incorporates by reference the allegations of paragraphs 219 through 225 above, as if each such allegation was set forth herein.

243.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Tyrone Jenkins; Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal.  The Plaintiff Gurkirn Hundal has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

## FOURTY- FIFTH CAUSE OF ACTION

### VIOLATION INTENTIONAL INLFICTION OF EMOTIONAL DISTRESS (IIED)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MARK WIESE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; ROSSLYN

PARTNERS, LLC; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; BETHANY SPOONER)

244.     On July 8, 2022, at address 451 S Main Street, Los Angeles, California, 90013.  Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Mark Wiese, Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Bethany Spooner, Defendant Ricardo Lopez; Defendant Jorge Lopez; RBW Security Services, INC.; Master Muhammad; Hughford Muhammad, maliciously, intentionally, willfully, negligently, collectively unlawfully conspired to cause intentional harm to Plaintiff and Cecil Elmore.  Plaintiff and Cecil Elmore notified Defendant RBW Security Services, INC., security guard known as Xavier that Defendant Sara Lopez son Defendant Jorge Lopez girlfriend threatened Plaintiff Gurkirn Hundal and Cecil Elmore.  Upon Plaintiff Gurkirn Hundal and Cecil Elmore walking in the building at the above address, the unlawful enforcers Defendants Ricardo Lopez and Jorge Lopez for and on behalf of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Mark Wiese, Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Bethany Spooner, Defendant Ricardo Lopez and his brother Jorge Lopez symbolized gang signs using their hands with threats of physical violence to Plaintiff Gurkirn Hundal and Cecil Elmore.  While Defendants Ricardo Lopez and Jorge Lopez were threatening Plaintiff Gurkirn Hundal and Cecil Elmore with physical violence, Defendant Ricardo Lopez called Cecil Elmore a "nigger."  On numerous occasions, Plaintiff Gurkirn Hundal and Cecil Elmore has notified Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Mark Wiese, Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Bethany Spooner; RBW Security Services, INC.; Master Muhammad; Hughford Muhammad; RBW Security Services, INC., security guard Xavier, about Defendants Ricardo Lopez and Jorge Lopez constantly threatening with physical violence to Plaintiff Gurkirn Hundal and Cecil Elmore on the property in the building at address 451 S Main Street, Los Angeles, California, 90013.

245.    The Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Mark Wiese, Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Bethany Spooner, intentionally, maliciously, unlawfully, purposely, negligently conspired to have their unlawful enforcer Defendants Ricardo Lopez and Jorge Lopez threaten with gang violence of physical harm to Plaintiff Gurkirn Hundal and Cecil Elmore.   Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Mark Wiese, Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Bethany Spooner, violating and sending their unlawful enforcer Defendants Ricardo Lopez and Jorge Lopez to engage in criminal activity against Plaintiff and Cecil Elmore, and allowing Defendant Ricardo Lopez to sell prescription pills, Chrystal Meth and narcotics out of resident Sara Lopez apartment unit at address 451 S Main Street Unit 429, Los Angeles, California, 90013. Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Mark Wiese, Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Bethany Spooner, did not terminate resident Defendant Sara Lopez tenancy as stated in this contract for any resident and/or guest as Defendants Ricardo Lopez and Jorge Lopez are the guest of resident Defendant Sara Lopez.

246.    The Defendants and each of them conspired in concert to cause intentional harm to Plaintiff Gurkirn Hundal as all of these Defendants intentionally, maliciously, purposely, discriminated against Plaintiff Gurkirn Hundal because she is South Asian.

247.    Defendants and each of them, violated committed a violation of 42 U.S. Code § 1981 — Equal Rights Under the Law to Plaintiff Gurkirn Hundal and by intentionally causing harm to Plaintiff Cecil Elmore while violating 42 U.S. Code § 1981 — Equal Rights Under the Law:

(a) Statement of Equal Rights;

(b) Make and Enforce Contracts;

(c) Protection Against Impairment.

248.      After, this incident Defendants Ricardo Lopez and Jorge Lopez who are unlawful enforcers for Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Mark Wiese, Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Bethany Spooner, said that threatened Cecil Elmore on July 8, 2022 because Cecil Elmore is a complaining "nigger" and needs to get the fuck out of the building.

249.      Plaintiff is informed and believes, and on that basis states, that each of the Defendants sued is in some manner responsible for the wrongs, violations, and damages stated, in so acting was functioning as the agent, servant, partner, and employee of Defendants, in taking the actions mentioned was acting within the course and scope of his or her authority as such agent, servant, partner, and employee with the permission and consent of the Defendants.

250.      All Defendants and each of them compelled, coerced, aided or abetted the unlawful acts and violations in this complaint, which conduct is prohibited.  All Defendants were responsible for the events and damages stated herein, including on the following basis: (a) Defendants committed the acts stated; (b) at all relevant times, one of more Defendants was the agent or employee, and/or acted under control or supervision of one or more of the remaining Defendants and in committing the acts, acted within the course and scope of such agency and employment and/or is or otherwise liable for Plaintiff Gurkirn Hundal damages; (c) at all relevant times; there existed a unity of ownership in interest between or among two or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another.  Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times here in mention did not, exist. All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors of employment with all Defendants, were taken on behalf of all Defendants, and were engaged with, authorized ratified, and approved of by all other Defendants.

251.      Plaintiff believes that her race and color were substantial motivating factors in Defendants actions against the Plaintiff.

252.      Plaintiff raised complaints of illegality and the Defendants retaliated against Plaintiff.

253. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.

254. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## FOURTY-SIXTH CAUSE OF ACTION

### VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALINGS

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MARK WEISE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; ROSSLYN PARTNERS, LLC; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; BETHANY SPOONER)

255. Plaintiff incorporates by reference the allegations of paragraphs 244 through 254 above, as if each such allegation was set forth herein.

256. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## FOURTY-SEVENTH CAUSE OF ACTION

### VIOLATION NEGLIGENCE

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MARK WEISE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; ROSSLYN PARTNERS, LLC; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; BETHANY SPOONER; RBW SECURITY SERVICES, INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD)

257.       Plaintiff incorporates by reference the allegations of paragraphs 244 through 254 above, as if each such allegation was set forth herein.

258.       As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## FOURTY-EIGHTH CAUSE OF ACTION

### VIOLATION GENERAL NEGLIGENCE

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MARK WEISE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; ROSSLYN PARTNERS, LLC; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; BETHANY SPOONER; RBW SECURITY SERVICES, INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RICARDO LOPEZ; SARA LOPEZ; JORGE LOPEZ)

259.  Plaintiff incorporates by reference the allegations of paragraphs 244 through 254 above, as if each such allegation was set forth herein.

260. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have

caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## FOURTY-NINETH CAUSE OF ACTION

VIOLATION UNRUH CIVIL RIGHTS ACT —

DISCRIMINATION

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MARK WEISE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; ROSSLYN PARTNERS, LLC; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; BETHANY SPOONER; RICARDO LOPEZ; JORGE LOPEZ; SARA LOPEZ)

261. Plaintiff incorporates by reference the allegations of paragraphs 244 through 254 above, as if each such allegation was set forth herein.

262. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## FIFTIETH CAUSE OF ACTION

VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MARK WEISE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; ROSSLYN PARTNERS, LLC; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; BETHANY SPOONER)

263. Plaintiff incorporates by reference the allegations of paragraphs 244 through 254 above, as if each such allegation was set forth herein.

264. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### FIFTY-FIRST CAUSE OF ACTION

VIOLATION 42 U.S. CODE § 1985 —

CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MARK WEISE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; ROSSLYN PARTNERS, LLC; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; BETHANY SPOONER; RICARDO LOPEZ; SARA LOPEZ; JORGE LOPEZ; RBW SECURITY SERVICES, INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD)

265. Plaintiff incorporates by reference the allegations of paragraphs 244 through 254 above, as if each such allegation was set forth herein.

266. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have

caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### FIFTY-SECOND CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1981 –

### EQUAL RIGHTS UNDER THE LAW

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MARK WEISE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; ROSSLYN PARTNERS, LLC; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; BETHANY SPOONER)

267.	Plaintiff incorporates by reference the allegations of paragraphs 244 through 254 above, as if each such allegation was set forth herein.

268.	As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### FIFTY-THIRD CAUSE OF ACTION

### VIOLATION CAL. BUS. & PROF. CODE § 17200 —

### UNFAIR BUSINESS PRACTICES

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MARK WEISE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; ROSSLYN PARTNERS, LLC; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; BETHANY SPOONER)

269.    Plaintiff incorporates by reference the allegations of paragraphs 244 through 258 above, as if each such allegation was set forth herein.

270.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.

### FIFTY-FOUR CAUSE OF ACTION

#### VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 4301

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MARK WEISE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; ROSSLYN PARTNERS, LLC; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; BETHANY SPOONER)

271.  Plaintiff incorporates by reference the allegations of paragraphs 244 through 254 above, as if each such allegation was set forth herein.

272.  As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.

### FIFTY-FIFTH CAUSE OF ACTION

#### VIOLATION CALIFORNIA CODE OF CIVIL PROCEDURE § 527.6 —

#### HARASSMENT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MARK WEISE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; ROSSLYN PARTNERS, LLC; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; BETHANY SPOONER)

273. Plaintiff incorporates by reference the allegations of paragraphs 244 through 254 above, as if each such allegation was set forth herein.

274. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.

## FIFTY-SIXTH CAUSE OF ACTION

### VIOLATION INTENTIONAL TORT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WEISE)

275. On August 11, 2022, at address 451 S Main Street, Los Angeles, California, 90013, Plaintiff Gurkirn Hundal was inside Cecil Elmore apartment unit. The resident Valerie Sosa guest Harold Samuel Beard who is the enforcer for Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad attempted a home invasion into Cecil Elmore apartment unit. While Harold Samuel Beard was attempting the home invasion into Plaintiff Cecil Elmore apartment unit, Harold Samuel Beard had a firearm with him.

276.    Cecil Elmore guest Plaintiff Gurkirn Hundal called security and notified Defendant RBW Security Services INC.; security guard on duty and notified them of Harold Samuel Beard attempting a home invasion into Plaintiff Cecil Elmore apartment unit.  Then Defendant RBW Security Services INC., security guard aided and abetted Harold Samuel Beard during this incident.  The Defendant RBW Security Services INC., security guard unlawfully aided and abetted Harold Samuel Beard and Valerie Sosa with personal security duties and services while escorting them safely out of the building.

277.    Plaintiff Gurkirn Hundal and Cecil Elmore filed a Los Angeles Police Department report for the attempted home invasion.  Defendant The Los Angeles Police Department intentionally, purposely and maliciously did not investigate and/or charge Harold Samuel Beard for the crimes committed against Plaintiff and Cecil Elmore.

278.    Cecil Elmore filed a complaint with the State of California Bureau of Security and Investigative Services with evidence to Defendant Cynthia Parry and Defendant Ruby Montoya.  The Defendants Cynthia Parry and Ruby Montoya negligently, intentionally, purposely and maliciously did not investigated properly by as they conspired with Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad and Valerie Sosa and Harold Samuel Beard to cause intentionally harm to Plaintiff and Cecil Elmore  and these Defendants engaged in unlawful collusion to aid and abed the unlawful civil enterprise of these Defendants.  The Defendants Cynthia Parry and Ruby Montoya owe Plaintiff Gurkirn Hundal and Cecil Elmore a duty to investigate the Plaintiff Cecil Elmore complaint with the State of California Bureau of Security and Investigative Services.  As all persons, such as Plaintiff and Cecil Elmore complaint must be properly investigated as it is a complaint with the State of California Bureau of Security and Investigative Services.

279.    These Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad, intentionally caused harm to Plaintiff and Cecil Elmore with violence because Plaintiff and Cecil Elmore filed a lawsuit against

Defendants at the Stanley Mosk Courthouse which was pending, complaints filed to State of California Bureau of Security and Investigative Services, Los Angeles County Public Health Department, Los Angeles County Housing Department, Los Angeles County Code Enforcement, and State of California Department of Fair Employment and Housing.  Which these Defendants are retaliating, violating Plaintiff Civil Rights.  Harold Samuel Beard is an unlawful enforcer for Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad to cause intentional harm to Plaintiff.

280.     These Defendants threatened Plaintiff with physical violence to force Plaintiff to dismiss his Civil lawsuits and all complaints filed with the County of Los Angeles and State of California.

281.     As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal.  The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## FIFTY-EIGHT CAUSE OF ACTION

### VIOLATION CALIFORNIA CODE OF CIVIL PROCEDURE § 527.6

### HARASSMENT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY)

282. Plaintiff incorporates by reference the allegations of paragraphs 275 through 281 above, as if

each such allegation was set forth herein.

283. As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal. The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## FIFTY-NINETH CAUSE OF ACTION

### VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY)

284.        Plaintiff incorporates by reference the allegations of paragraphs 275 through 281 above, as if each such allegation was set forth herein.

285. As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal. The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## FIFTY-NINETH CAUSE OF ACTION

### VIOLATION TOM BANE CIVIL RIGHTS ACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY)

286.       Plaintiff incorporates by reference the allegations of paragraphs 275 through 281 above, as if each such allegation was set forth herein.

287. As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal.  The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

### SIXIETH CAUSE OF ACTION

### VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 4301

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY)

288.       Plaintiff incorporates by reference the allegations of paragraphs 275 through 281 above, as if each such allegation was set forth herein.

289. As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal.  The Plaintiff Gurkirn Hundal has

suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

**SIXTY-FIRST CAUSE OF ACTION**

VIOLATION 42 U.S. CODE § 1985 —

CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; ;BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY)

290.    Plaintiff incorporates by reference the allegations of paragraphs 275 through 281 above, as if each such allegation was set forth herein.

291. As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal.  The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

**SIXTY-SECOND CAUSE OF ACTION**

VIOLATION 42 U.S. CODE § 1981 —

EQUAL RIGHTS UNDER THE LAW

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY)

292.    Plaintiff incorporates by reference the allegations of paragraphs 275 through 281 above, as if

each such allegation was set forth herein.

293. As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal. The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

### SIXTY-THIRD CAUSE OF ACTION

**VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY)

294. Plaintiff incorporates by reference the allegations of paragraphs 275 through 281 above, as if each such allegation was set forth herein.

295. As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal. The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

### SIXTY-FOURTH CAUSE OF ACTION

VIOLATION CALIFORNIA CODE OF CIVIL PROCEDURE § 527.6 —

HARASSMENT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; ROSSLYN PARTNERS, LLC; MARK WIESE; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY; KEANDRE STEPHENSON)

296.     On August 16, 2022, at address 451 S Main Street, Los Angeles, California, 90013, Defendant Keandre Stephenson security guard employee of Defendants RBW Security Services INC., Master Muhammad; Hughford Muhammad; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC.  As Defendant Keandre Stephenson sexually harassed Plaintiff Gurkirn Hundal and threatened with physical violence to shoot Cecil Elmore. During Defendant Keandre Stephenson threatening Cecil Elmore, Defendant Keandre Stephenson with one hand in front of his face and one hand at the back of the other simulating the position as if Defendant Keandre Stephenson is holding an assault rifle and pulling the trigger at Cecil Elmore while Cecil Elmore was standing right beside Plaintiff Gurkirn Hundal.  The Defendants RBW Security Services INC., Master Muhammad; Hughford Muhammad; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Ruby Montoya; Cynthia Parry, ordered and had Defendant Keandre Stephenson as an enforcer to intentionally, purposely, willfully and maliciously cause harm to Plaintiff and Cecil Elmore.

297.     Plaintiff and Cecil Elmore filed a complaint with the State of California Bureau of Security and Investigative Services with evidence to Defendant Cynthia Parry and Defendant Ruby Montoya.  The Defendants Cynthia Parry and Ruby Montoya negligently, intentionally, purposely and maliciously did not investigate properly as they conspired with Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan

Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson, to cause intentionally harm to Plaintiff Gurkirn Hundal and Cecil Elmore as these Defendants engaged in unlawful collusion to aid and abed the unlawful civil enterprise of these Defendants.  The Defendants Cynthia Parry and Ruby Montoya owe Plaintiff Gurkirn Hundal a duty to investigate the Plaintiff and Cecil Elmore complaint with the State of California Bureau of Security and Investigative Services.  As all persons, such as Plaintiff and Cecil Elmore complaint must be properly investigated as it is a complaint with the State of California Bureau of Security and Investigative Services.

298.     These Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson, intentionally caused harm to Plaintiff Gurkirn Hundal and Cecil Elmore with violence because Plaintiff Gurkirn Hundal and Cecil Elmore filed a lawsuit against Defendants at the Stanley Mosk Courthouse which was pending, complaints filed to State of California Bureau of Security and Investigative Services, Los Angeles County Public Health Department, Los Angeles County Housing Department, Los Angeles County Code Enforcement, and State of California Department of Fair Employment and Housing.  Which these Defendants are retaliating, violating Plaintiff Civil Rights.  Defendant Keandre Stephenson is an unlawful enforcer for Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad to cause intentional harm to Plaintiff Gurkirn Hundal and Cecil Elmore.

299.     These Defendants threatened Plaintiff Gurkirn Hundal and Cecil Elmore with physical violence to force Plaintiff Gurkirn Hundal to dismiss his Civil lawsuits and all complaints filed with the County of Los Angeles and State of California.

300.     As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP;

Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson; Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore.  The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## SIXTY-FIFTH CAUSE OF ACTION

### VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; ROSSLYN PARTNERS, LLC; MARK WIESE; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY; KEANDRE STEPHENSON)

301.     Plaintiff incorporates by reference the allegations of paragraphs 296 through 300 above, as if each such allegation was set forth herein.

302.  As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson; Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore.  The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## SIXTY-SIXTH CAUSE OF ACTION

### VIOLATION INTENTIONAL TORT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT,

INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY; KEANDRE STEPHENSON)

303.     Plaintiff incorporates by reference the allegations of paragraphs 296 through 300 above, as if each such allegation was set forth herein.

304. As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson; Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore. The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## SIXTY-SEVENTH CAUSE OF ACTION

### VIOLATION TOM BANE CIVIL RIGHTS ACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY; KEANDRE STEPHENSON)

305.     Plaintiff incorporates by reference the allegations of paragraphs 296 through 300 above, as if each such allegation was set forth herein.

306.     As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre

Stephenson; Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore. The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## SIXTY-EIGHTH CAUSE OF ACTION

VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

(AGAINST RUBY MONTOYA; CYNTHIA PARRY)

307.    Plaintiff incorporates by reference the allegations of paragraphs 296 through 300 above, as if each such allegation was set forth herein.

308.    As a proximate result of Defendants Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore. The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## SIXTY-NINETH CAUSE OF ACTION

VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY; KEANDRE STEPHENSON)

309.    Plaintiff incorporates by reference the allegations of paragraphs 296 through 300 above, as if each such allegation was set forth herein.

310. As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson; Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against

Plaintiff Cecil Elmore.  The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## SEVENTHIETH CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1981 —

### EQUAL RIGHTS UNDER THE LAW

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY; KEANDRE STEPHENSON)

311.     Plaintiff incorporates by reference the allegations of paragraphs 296 through 300 above, as if each such allegation was set forth herein.

312.     As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson; Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore.  The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## SEVENTY-FIRST CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1985 —

### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND

GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; BETHANY SPOONER; RBW

SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY;

KEANDRE STEPHENSON)

313.    Plaintiff incorporates by reference the allegations of paragraphs 296 through 300 above, as if each such allegation was set forth herein.

314.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson; Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore.  The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

### SEVENTY-SECOND CAUSE OF ACTION

VIOLATION CAL. BUS. & PROF. CODE § 17200 —

UNFAIR BUSINESS PRACTICES

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY; KEANDRE STEPHENSON)

315.    Plaintiff incorporates by reference the allegations of paragraphs 296 through 300 above, as if each such allegation was set forth herein.

316.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre

Stephenson; Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore.  The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## SEVENTY-THIRD CAUSE OF ACTION

### VIOLATION CALIFORNIA BUSINESS & PROFESSIONS CODE § 4301

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY; KEANDRE STEPHENSON)

317.    Plaintiff incorporates by reference the allegations of paragraphs 1100 through 1104 above, as if each such allegation was set forth herein.

318.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson; Ruby Montoya; Cynthia Parry, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore.  The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## SEVENTY-FOURTH CAUSE OF ACTION

### VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; ROSSLYN PARTNERS, LLC; MARK WIESE; BETHANY

SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY; KEANDRE STEPHENSON)

319. On September 19, 2022, at address 451 S Main Street, Los Angeles, California, 90013, Defendant Keandre Stephenson security guard employee of Defendants RBW Security Services INC., Master Muhammad; Hughford Muhammad; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC. As Defendant Keandre Stephenson committed battery by intentionally, maliciously, unlawfully, sexually harassed Plaintiff Gurkirn Hundal. Plaintiff did not feel comfortable with the sexual advances of Defendant Keandre Stephenson licking his lips while talking and looking at Plaintiff Gurkirn Hundal stating, "I know I look good mama," Defendant Keandre Stephenson sexually harassed Plaintiff.

320. Plaintiff Gurkirn Hundal filed a complaint with the State of California Bureau of Security and Investigative Services with evidence to Defendant Cynthia Parry and Defendant Ruby Montoya. The Defendants Cynthia Parry and Ruby Montoya negligently, intentionally, purposely and maliciously did not investigate properly as they conspired with Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson, to cause intentionally harm to Plaintiff Gurkirn Hundal and Cecil Elmore as these Defendants engaged in unlawful collusion to aid and abed the unlawful civil enterprise of these Defendants. The Defendants Cynthia Parry and Ruby Montoya owe Plaintiff Gurkirn Hundal a fiduciary duty with the State of California Bureau of Security and Investigative Services. As all persons, such as Plaintiff Cecil Elmore complaint must be properly investigated as it is a complaint with the State of California Bureau of Security and Investigative Services. All these Defendants and each of them are negligent of all duties owed to Plaintiff.

321. These Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The

Amerland Group, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson, retaliated and intentionally caused harm to Plaintiff Gurkirn Hundal and Cecil Elmore with sexual harassment and battery, in retaliation to Plaintiff and Cecil Elmore, Plaintiff filed a lawsuit against Defendants at the Stanley Mosk Courthouse which was pending. Which these Defendants are retaliating, violating Plaintiff Civil Rights. Defendant Keandre Stephenson is an unlawful enforcer for Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; RBW Security Services INC.; Master Muhammad; Hughford Muhammad to cause intentional harm to Plaintiff Cecil Elmore. These Defendants unlawful acts are to influence Cecil Elmore to vacate his apartment unit.

322. These Defendants and each of them collectively unlawfully conspired in concert to intentionally, maliciously, unlawfully, interfered, intimidated with force and sexually harassed Plaintiff Gurkirn Hundal with the purpose to deter and interfere with Plaintiff Gurkirn Hundal as a Plaintiff party in several pending Civil Lawsuits in the State of California.

323. The Defendants and each of them obstructing justice and depriving Plaintiff of rights and privileges, as these Defendants collectively in concert, intentionally, maliciously, negligently, unlawfully conspired in concert to interfere with Plaintiff Gurkirn Hundal Civil Rights. As these Defendants interfered with intimidation and force as they intentionally caused direct harm to Plaintiff Gurkirn Hundal as Plaintiff Gurkirn Hundal has a pending Civil Cases in which Plaintiff Cecil Elmore is a Plaintiff party involving some Defendants mentioned. Plaintiff Gurkirn Hundal is also a cooperating witness with the District Attorneys for the State of California which involves some of these Defendants unlawful criminal acts against Plaintiff Gurkirn Hundal and Cecil Elmore.

324. Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Je T'aime Bradshaw; Sherry Dicko; Michael Vasquez, receive Local, State and Federally assisted programs and these Defendants discriminated against Plaintiff for being South Asian.

325.     All Defendants compelled, coerced, aided and/or abetted the unlawful acts and violations alleged in this complaint, which conduct is prohibited.  All Defendants were responsible for the events and damages stated herein, including on the following basis: (a) Defendants committed the acts stated; (b) At all relevant times, one or more Defendants was the agent or employee, and/or acted under the control or supervisor of one or more of the remaining Defendants and in committing the acts stated, acted within the course and scope of such agency and employment and/or is or otherwise liable for Plaintiff Gurkirn Hundal damages; (c) At all relevant times, there existed a unity of ownership and interest between or among two (2) or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another, Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times here in mention did not, exist.  All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors of employment with all Defendants, were taken on behalf of all Defendants, and were engaged with, authorized, ratified, and approved of by all other Defendants.  All of these Defendants and each of them are vicariously liable for all damages caused to Plaintiff Gurkirn Hundal.

326.     Plaintiff Gurkirn Hundal raised complaints of illegality and the Defendants retaliated against him.

327.     Each of the Defendants involved, conspired and aided and abetted to intentionally harm Plaintiff Gurkirn Hundal of her rights secured by the Constitution and Laws of the United States and rights secured by the Constitution and Laws of the State.

328.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, and harm to reputation, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.

329.     In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

**SEVENTY-FIFTH CAUSE OF ACTION**

VIOLATION GENERAL NEGLIGENCE

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; ROSSLYN PARTNERS, LLC; MARK WIESE; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY; KEANDRE STEPHENSON)

330.    Plaintiff incorporates by reference the allegations of paragraphs 319 through 329 above, as if each such allegation was set forth herein.

331. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, and harm to reputation, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### SEVENTY-SIXTH CAUSE OF ACTION

VIOLATION CALIFORNIA CIVIL CODE § 51.9 —

SEXUAL HARASSMENT IN PROFESSIONAL RELATIONSHIPS

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; ROSSLYN PARTNERS, LLC; MARK WIESE; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY; KEANDRE STEPHENSON)

332.    Plaintiff incorporates by reference the allegations of paragraphs 319 through 329 above, as if

each such allegation was set forth herein.

333. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, and harm to reputation, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## SEVENTY-SEVENTH CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1985 —

### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; ROSSLYN PARTNERS, LLC; MARK WIESE; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY; KEANDRE STEPHENSON)

334.        Plaintiff incorporates by reference the allegations of paragraphs 319 through 329 above, as if each such allegation was set forth herein.

335.        As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, and harm to reputation, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of

exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## SEVENTY-EIGHT CAUSE OF ACTION

### VIOLATION CALIFORNIA CIVIL CODE § 527.6 —

### HARASSMENT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; ROSSLYN PARTNERS, LLC; MARK WIESE; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY; KEANDRE STEPHENSON)

336.    Plaintiff incorporates by reference the allegations of paragraphs 319 through 329 above, as if each such allegation was set forth herein.

337. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, and harm to reputation, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## SEVENTY-NINETH CAUSE OF ACTION

### VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC;

THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; ROSSLYN PARTNERS, LLC; MARK WIESE; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY; KEANDRE STEPHENSON)

339.     Plaintiff incorporates by reference the allegations of paragraphs 319 through 329 above, as if each such allegation was set forth herein.

340.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, and harm to reputation, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## EIGHTIETH CASUE OF ACTION

### VIOLATION CIVIL RIGHTS ACT OF 1964 – TITLE VI

### 42 U.S. CODE § 2000d

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; ROSSLYN PARTNERS, LLC; MARK WIESE; BETHANY SPOONER; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RUBY MONTOYA; CYNTHIA PARRY; KEANDRE STEPHENSON)

341.     Plaintiff incorporates by reference the allegations of paragraphs 319 through 329 above, as if each such allegation was set forth herein.

342.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain,

anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, and harm to reputation, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.

## EIGHTY-FIRST CAUSE OF ACTION

### VIOLATION TOM BANE CIVIL RIGHTS ACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; ROSSLYN PARTNERS, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; KEANDRE STEPHENSON; DOMONICK LAWRENCE GUY; CYNTHIA PARRY; RUBY MONTOYA)

343.    On September 24, 2022, at address 451 S Main Street, Los Angeles, California, 90013, the Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson; Domonick Lawrence Guy, unlawfully, purposely, maliciously and intentionally conspired with Defendant Domonick Lawrence Guy to cause intentional harm to Plaintiff Gurkirn Hundal and Cecil Elmore in retaliation for the Plaintiff Gurkirn Hundal filing lawsuits against Defendants and filing complaints to State and Local entities in the State of California about all Defendants stated above.

344.    The Defendants collectively conspired to have Defendant Domonick Lawrence Guy as an enforcer, to intimidate, threaten with physical violence with a firearm to harm Plaintiff Gurkirn Hundal and Cecil Elmore. The Defendant Domonick Lawrence Guy on the elevator at the above address threatened to kill Plaintiff Gurkirn Hundal and Cecil Elmore while Defendant RBW Security Services INC., security guard Defendant Keandre Stephenson was on duty as security guard on behalf of Defendants RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The

Amerland Group, LLC, as they negligently, intentionally and maliciously allowed and utilized Defendant Domonick Lawrence Guy as an enforcer to cause intentional harm to Plaintiff Gurkirn Hundal and Cecil Elmore on the premises.

345.    Also, Defendant Domonick Lawrence Guy on Main Street near the premises threatened with a firearm to murder Plaintiff Gurkirn Hundal and Cecil Elmore.  As Plaintiff Gurkirn Hundal and Cecil Elmore were in fear for their safety and life, they called 911 for the Los Angeles Police Department.  The Los Angeles Police Department phone operator forwarded this incident to a Non-Emergency Communications Line.  The Plaintiff Gurkirn Hundal and Cecil Elmore filed a Police report to the Central Division Los Angeles Police Department regarding this incident.  And then, Defendant Domonick Lawrence Guy was arrested and charged for this incident.

346.    On another date, Defendant Keandre Stephenson in uniform for Defendants RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC, wrote and signed a statement, letter, documentation supporting Defendant Domonick Lawrence Guy Felony Criminal acts and unlawful collusion to aid and abed Defendant Domonick Lawrence Guy with the intent to conceal the incident that caused intentional, direct and malicious harm to Plaintiff Gurkirn Hundal and Cecil Elmore.  In the statement, letter, documentation Defendant Keandre Stephenson wrote, included false accusations, and defamed Cecil Elmore character.  An example of a false statement, Defendant Keandre Stephenson wrote in his statement, letter, documentation in support of Defendant Domonick Lawrence Guy, Defendant Keandre Stephenson stated that Defendant Domonick Lawrence Guy was never on the same elevator as Plaintiff Gurkirn Hundal and Cecil Elmore during this incident at address 451 S Main Street, Los Angeles, California, 90013.

347.    Plaintiff Gurkirn Hundal and Cecil Elmore filed complaints about Defendants with the State of California Bureau of Security and Investigative Services with evidence to Defendant Cynthia Parry and Defendant Ruby Montoya.  The Defendants Cynthia Parry and Ruby Montoya negligently, intentionally, purposely and maliciously did not investigate properly as they conspired with Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts

Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson; Domonick Lawrence Guy, to cause continuous intentionally harm to Plaintiff Gurkirn Hundal and Cecil Elmore as these Defendants engaged in unlawful collusion to aid and abed the unlawful civil enterprise of these Defendants.  The Defendants Cynthia Parry and Ruby Montoya owe Plaintiff Gurkirn Hundal a duty to investigate the Plaintiff and Cecil Elmore complaint with the State of California Bureau of Security and Investigative Services.  As all persons, such as Plaintiff Gurkirn Hundal complaint must be properly investigated as it is a complaint with the State of California Bureau of Security and Investigative Services.

348.        These Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson, Domonick Lawrence Guy, intentionally caused harm to Plaintiff Gurkirn Hundal and Cecil Elmore with violence because Plaintiff Gurkirn Hundal and Cecil Elmore filed a lawsuit against Defendants at the Stanley Mosk Courthouse which was pending, complaints filed to State of California Bureau of Security and Investigative Services, Los Angeles County Public Health Department, Los Angeles County Housing Department, Los Angeles County Code Enforcement, and State of California Department of Fair Employment and Housing.  Which these Defendants are retaliating, violating Plaintiff Gurkirn Hundal Civil Rights.  Defendant Domonick Lawrence Guy is an unlawful enforcer for Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson, to cause intentional harm to Plaintiff Cecil Elmore.

349.        These Defendants threatened Plaintiff Gurkirn Hundal and Cecil Elmore with physical violence to force Plaintiff Gurkirn Hundal and Cecil Elmore to dismiss his Civil lawsuits and all complaints filed with the County of Los Angeles and State of California.

350.      As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson; Domonick Lawrence Guy, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal . The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## EIGHTY-SECOND CAUSE OF ACTION

### VIOLATION INTENTIONAL TORT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; ROSSLYN PARTNER, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; KEANDRE STEPHENSON; DOMONICK LAWRENCE GUY; CYNTHIA PARRY; RUBY MONTOYA)

351.      Plaintiff incorporates by reference the allegations of paragraphs 343 through 350 above, as if each such allegation was set forth herein.

352. As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson; Domonick Lawrence Guy, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal . The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## EIGHTY-THIRD CAUSE OF ACTION

VIOLATION CALIFORNIA CODE OF CIVIL PROCEDURE § 527.6 —

HARASSMENT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; ROSSLYN PARTNER, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; KEANDRE STEPHENSON; DOMONICK LAWRENCE GUY; CYNTHIA PARRY; RUBY MONTOYA)

353.    Plaintiff incorporates by reference the allegations of paragraphs 343 through 350 above, as if each such allegation was set forth herein.

354. As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson; Domonick Lawrence Guy, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal . The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## EIGHTY-FOURTH CAUSE OF ACTION

### VIOLATION INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS (IIED)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; ROSSLYN PARTNER, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; KEANDRE STEPHENSON; DOMONICK LAWRENCE GUY; CYNTHIA PARRY; RUBY MONTOYA)

355.    Plaintiff incorporates by reference the allegations of paragraphs 343 through 350 above, as if each such allegation was set forth herein.

356.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson; Domonick Lawrence Guy, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal . The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## EIGHTY-FIFTH CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1985 —

### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; ROSSLYN PARTNER, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; KEANDRE STEPHENSON; DOMONICK LAWRENCE GUY; CYNTHIA PARRY; RUBY MONTOYA)

357.    Plaintiff incorporates by reference the allegations of paragraphs 343 through 350 above, as if each such allegation was set forth herein.

358.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson; Domonick Lawrence Guy, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal . The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## EIGHTY-SIXTH CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1981 —

### EQUAL RIGHTS UNDER THE LAW

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; ROSSLYN PARTNER, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; KEANDRE STEPHENSON; DOMONICK LAWRENCE GUY; CYNTHIA PARRY; RUBY MONTOYA)

359.    Plaintiff incorporates by reference the allegations of paragraphs 1243 through 1250 above, as if each such allegation was set forth herein.

360.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson; Domonick Lawrence Guy, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal . The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## EIGHTY-SEVENTH CAUSE OF ACTION

### VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; ROSSLYN PARTNER, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; KEANDRE STEPHENSON; DOMONICK LAWRENCE GUY; CYNTHIA PARRY; RUBY MONTOYA)

361.    Plaintiff incorporates by reference the allegations of paragraphs 343 through 350 above, as if each such allegation was set forth herein.

362.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson; Domonick Lawrence Guy, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal . The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## EIGHTY-EIGHTH CAUSE OF ACTION

### VIOLATION CAL. BUS. & PROF. CODE § 17200 —

### UNFAIR BUSINESS PRACTICES

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; ROSSLYN PARTNER, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; KEANDRE STEPHENSON; DOMONICK LAWRENCE GUY; CYNTHIA PARRY; RUBY MONTOYA)

363.    Plaintiff incorporates by reference the allegations of paragraphs 343 through 350 above, as if each such allegation was set forth herein.

364.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Keandre Stephenson; Domonick Lawrence Guy, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Gurkirn Hundal . The Plaintiff Gurkirn Hundal has suffered and continues to suffer mental anguish and emotional distress, all to their damages and a sum according to proof.

## EIGHTY-NINETH CAUSE OF ACTION

### VIOLATION INTENTIONAL TORT

### (AGAINST BURGER KING COR. )

365.    On September 26, 2022, at address 1501 W 6th St, Los Angeles, California, 90017, Plaintiff Gurkirn Hundal and Cecil Elmore were at the drive-thru of Defendant Burger King Cor. The Defendant Burger King Cor., Latinx female employee on duty in uniform stated discriminatory racial slurs, you ghetto niggers directly, intentionally, maliciously, unlawfully to Plaintiff Gurkirn Hundal and Cecil Elmore which caused harm. And Defendant Burger King Cor., Latinx employee in uniform on duty threw a receipt aggressively, maliciously, intentionally, unlawfully at Plaintiff and Cecil Elmore. After Defendant Burger King Cor., Latinx female employee committed these unlawful acts, she put her hands up and closed the drive-thru window.

366.    While Plaintiff Gurkirn Hundal and Cecil Elmore were waiting at the drive-thru window, a Defendant Burger King Cor., Latinx female employee in uniform and on duty waved down Los Angeles Police Department Police Officer Sergeant I, David E. Rich and stated untrue, slander, defamatory facts about Plaintiff Gurkirn Hundal and Cecil Elmore as both Defendant Burger King Cor., Latinx female employee in uniform and on duty and Los Angeles Police Department Police Officer Sergeant I, David E. Rich, unlawfully, negligently, maliciously, intentionally conspired in concert to harm both Plaintiff and Cecil Elmore. After these statements were told by Defendant Burger King Cor., Latinx female employee, Los Angeles Police Department Police Officer David E. Rich approached aggressively Plaintiff and Cecil Elmore in regards to the untrue, slander and defamatory facts about Plaintiff Gurkirn Hundal and Cecil Elmore as customers at Defendant Burger King COr. restaurant. While Los Angeles Police Department Police Officer David E. Rich was talking to Plaintiff and Cecil Elmore this Officer retaliated and stated, "I were to spit in your face that would be battery or assault." This Los Angeles Police Department Police Officer Sergeant I, David E. Rich appeared to not have his body camera audio and video on recording during this entire interaction as there was no light indicated on. Police Officer David E. Rich stated it will all be documented on my part, also stated an attempted battery is called an assault, it's like swing and miss.

367.    Plaintiff Gurkirn Hundal and Cecil Elmore stated to Los Angeles Police Department Police Officer David E. Rich, that Defendant Burger King Cor., Latinx female employee on duty and in uniform stated racial

discriminatory slurs to Plaintiff Gurkirn Hundal and Cecil Elmore while at the drive-thru window as they were customers. And that Defendant Burger King Cor., Latinx female employee threw a receipt at both Plaintiff Gurkirn Hundal and Cecil Elmore. At the end of this incident with Defendant Burger King, Cor., and Los Angeles Police Department Police Officer David E, Rich, this officer refused to give Plaintiff and Cecil Elmore an incident and/or police report number of this incident.

368.	After this incident, Defendant Ricardo Lopez stated to Plaintiff Gurkirn Hundal and Cecil Elmore that the Defendant Burger King Cor., Latinx female employees were his homies in his gang.

## NINETH CAUSE OF ACTION

### VIOLATION INTENTIONAL TORT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; ROSSLYN PARTNERS, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; THE AMERLAND GROUP, LLC; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RICARDO LOPEZ; SARA LOPEZ; CYNTHIA PARRY; RUBY MONTOYA)

369.	According to California Secretary of State, Defendant RBW Security Services, INC., still is suspended since April 2, 2013, and were still performing duty services at address 451 S Main Street, Los Angeles, California, 90013.

370.	Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Bethany Spooner; Rosslyn Partners, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; The Amerland Group, LLC, have programs and activities that receive Local, State and Federal funds.

371.	On September 29, 2022, at address 451 S Main Street, Los Angeles, California, 90013, Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Bethany Spooner; Rosslyn Partners, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark

Wiese; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad, unlawfully, intentionally, maliciously conspired in concert with Defendant Ricardo Lopez to cause intentional and malicious harm to Plaintiff Gurkirn Hundal and Cecil Elmore.

372.    Defendant Ricardo Lopez halfway in between the doorway at his mother Defendant Sara Lopez apartment unit at address 451 S Main Street Unit 429, Los Angeles, California, 90013, intentionally, maliciously, harassed and sexually harassed by pulling down his shorts and underwear as he exposed his buttocks intentionally to Plaintiff and Cecil Elmore.  On a slew of occasions before this incident Plaintiff and Cecil Elmore informed and gave knowledge to Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Bethany Spooner; Rosslyn Partners, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad, that Defendant Ricardo Lopez has been consistently causing intentional harm to Plaintiff and Cecil Elmore in the building on the premises.  All of these Defendants except for Defendant Ricardo Lopez refused to remove Defendant Ricardo Lopez from the property and/or file an Unlawful Detainer against Defendant Sara Lopez for her son that lives with her Defendant Ricardo Lopez unlawful and violent acts to Plaintiff and Cecil Elmore.

373.    Plaintiff and Cecil Elmore filed complaints about Defendants with the State of California Bureau of Security and Investigative Services with evidence to Defendant Cynthia Parry and Defendant Ruby Montoya.  The Defendants Cynthia Parry and Ruby Montoya negligently, intentionally, purposely and maliciously did not investigate properly as they conspired with Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Ricardo Lopez, to cause continuous intentionally harm to Plaintiff Cecil Elmore and Gurkirn Hundal as these Defendants engaged in unlawful collusion to aid and abed the unlawful civil enterprise of these Defendants.  The security company, Defendants RBW Security Services INC.; Master Muhammad; Hughford Muhammad maliciously, intentionally, conspired in concert and acted to not render Plaintiff fiduciary duties owed by Defendants RBW Security Services INC.; Master Muhammad; Hughford

Muhammad. The Defendants Cynthia Parry and Ruby Montoya owe Plaintiff a fiduciary duty as the Plaintiff filed complaints with the State of California Bureau of Security and Investigative Services. As all persons, such as Plaintiff complaint must be properly investigated as it is a complaint with the State of California Bureau of Security and Investigative Services.

374.    These Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad, intentionally, maliciously, unlawfully conspired and intentionally caused harm to Plaintiff Gurkirn Hundal with intimidation because Plaintiff Gurkirn Hundal filed a lawsuit against Defendants at the Stanley Mosk Courthouse which was pending, complaints filed to State of California Bureau of Security and Investigative Services, Los Angeles County Public Health Department, Los Angeles County Housing Department, Los Angeles County Code Enforcement, and State of California Department of Fair Employment and Housing. Which these Defendants are retaliating, violating Plaintiff Gurkirn Hundal Civil Rights.

375.    As these Defendants intimidated Plaintiff Gurkirn Hundal, Defendants intentionally caused direct harm and interfered with Plaintiff and Cecil Elmore Civil lawsuits in the State of California and all complaints filed with the City of Los Angeles, County of Los Angeles, State of California.

376.    The Defendants and each of them obstructing justice and depriving Plaintiff of rights and privileges, as these Defendants collectively in concert, intentionally, maliciously, negligently, unlawfully conspired in concert to interfere with Plaintiff Gurkirn Hundal Civil Rights. As these Defendants interfered with intimidation and force as they intentionally caused direct harm to Plaintiff Gurkirn Hundal as Plaintiff and Cecil Elmore has pending Civil Cases in the State of California, which Plaintiff and Cecil Elmore is a Plaintiff party involving some Defendants mentioned.

377.    Prior to this incident, Defendants Ruby Montoya and Cynthia Parry have knowledge and evidence that the Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Bethany Spooner; Je T'aime Bradshaw; Sherry Dicko; Michael Vasquez; Joel Jimenez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC; RBW

Security Services INC.; Master Muhammad; Hughford Muhammad; Ricardo Lopez, while using security guards as malicious, unlawful enforcers have caused intentional and negative harm to Plaintiff Cecil Elmore.  Defendants Ruby Montoya and Cynthia Parry have not disciplined Defendants Alico Security Group INC.; Manal Sabry; Daniel Wheeler, in regard to State of California Bureau of Security and Investigative Services.  As Defendants Ruby Montoya and Cynthia Parry are encouraging and motivating Defendants RBW Security Services INC.; Master Muhammad; Hughford Muhammad, to maliciously, intentionally, and negligently harm Plaintiff.

378.    The Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Mark Wiese; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Joel Jimenez; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Cynthia Parry; Ruby Montoya, owe Plaintiff Cecil Elmore a fiduciary duty.  All these Defendants and each of them intentionally, maliciously, negligently, unlawfully, conspired in concert as they breached their fiduciary duty owed to Plaintiff Gurkirn Hundal.

379.    For this reason and others, Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Mark Wiese; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Joel Jimenez; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Ricardo Lopez; Sara Lopez; Cynthia Parry; Ruby Montoya, are liable for this breach of contract, and all injuries and damages that have been caused to Plaintiff Gurkirn Hundal for this breach of contract.

380.    The Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Mark Wiese, Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Joel Jimenez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Bethany Spooner; Alico Security Group INC.; Manal Sabry; Daniel Wheeler, intentionally, maliciously, unlawfully, purposely, negligently conspired to have their unlawful enforcer Defendants Ricardo Lopez, harass, intimidate and sexually harass which caused intentional harm to Plaintiff.

381. Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Mark Wiese, Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Joel Jimenez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Bethany Spooner; Ricardo Lopez; Sara Lopez; Ruby Montoya; Cynthia Parry, intentional hatred, bias, malice, and unlawful acts are motivated by racial discrimination of Plaintiff being South Asian.

382. All Defendants compelled, coerced, aided and/or abetted the unlawful acts and violations alleged in this complaint, which conduct is prohibited.  All Defendants were responsible for the events and damages stated herein, including on the following basis: (a) Defendants committed the acts stated; (b) At all relevant times, one or more Defendants was the agent or employee, and/or acted under the control or supervisor of one or more of the remaining Defendants and in committing the acts stated, acted within the course and scope of such agency and employment and/or is or otherwise liable for Plaintiff damages; (c) At all relevant times, there existed a unity of ownership and interest between or among two (2) or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another, Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times here in mention did not, exist.  All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors of employment with all Defendants, were taken on behalf of all Defendants, and were engaged with, authorized, ratified, and approved of by all other Defendants.

383. Plaintiff raised complaints of illegality and the Defendants retaliated against him.

384. Defendants were aware that treating Plaintiff in this manner above, including depriving Plaintiff Gurkirn Hundal of his livelihood and would devastate Plaintiff and cause extreme hardship.

385. Each of the Defendants involved, conspired and aided and abetted to intentionally harm Plaintiff of his rights secured by the Constitution and Laws of the United States and rights secured by the Constitution and Laws of the State.

386. Plaintiff Gurkirn Hundal wants remedial relief as the Court may deem appropriate, including removal of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Mark Wiese, Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Joel Jimenez; The Rosslyn Lofts Housing Partners, LP; Logan

Property Management, INC.; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Bethany Spooner; RBW Security Service INC.; Master Muhammad; Hughford Muhammad, fiduciary duty.

387.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.

388.     In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## NINETY-FIRST CAUSE OF ACTION

### VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; ROSSLYN PARTNERS, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; THE AMERLAND GROUP, LLC)

389.     Plaintiff incorporates by reference the allegations of paragraphs 369 through 388 above, as if each such allegation was set forth herein.

390.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, humiliation, indignity, embarrassment, which have caused Plaintiff to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## NINTY-SECONC CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1981 —

### EQUAL RIGHTS UNDER THE LAW

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; ROSSLYN PARTNERS, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; THE AMERLAND GROUP, LLC; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RICARDO LOPEZ; SARA LOPEZ; CYNTHIA PARRY; RUBY MONTOYA)

391.    Plaintiff incorporates by reference the allegations of paragraphs 369 through 388 above, as if each such allegation was set forth herein.

392.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, humiliation, indignity, embarrassment, which have caused Plaintiff to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## NINETY-THIRD CAUSE OF ACTION

### VIOLATION CAL. BUS. & PROF. CODE § 17200 —

### UNFAIR BUSINESS PRACTICES

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; ROSSLYN PARTNERS, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; THE AMERLAND GROUP, LLC)

393.    Plaintiff incorporates by reference the allegations of paragraphs 369 through 388 above, as if each such allegation was set forth herein.

394.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, humiliation, indignity, embarrassment, which have caused Plaintiff to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## NINETY-FOURTH CAUSE OF ACTION

VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; ROSSLYN PARTNERS, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; THE AMERLAND GROUP, LLC; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RICARDO LOPEZ; SARA LOPEZ; CYNTHIA PARRY; RUBY MONTOYA)

395.    Plaintiff incorporates by reference the allegations of paragraphs 369 through 388 above, as if each such allegation was set forth herein.

396.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, humiliation, indignity, embarrassment, which have caused Plaintiff to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## NINETY-FIFTH CAUSE OF ACTION

### VIOLATION CALIFORNIA CIVIL CODE § 527.6 —

### HARASSMENT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; ROSSLYN PARTNERS, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; THE AMERLAND GROUP, LLC; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RICARDO LOPEZ; SARA LOPEZ; CYNTHIA PARRY; RUBY MONTOYA; ROBIN PEREZ)

397.    Plaintiff incorporates by reference the allegations of paragraphs 369 through 388    above, as if each such allegation was set forth herein.

398.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, humiliation, indignity, embarrassment, which have caused Plaintiff to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## NINETY-SIXTH CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1985 —

### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; ROSSLYN PARTNERS, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; THE AMERLAND GROUP,

LLC; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RICARDO LOPEZ; SARA LOPEZ; CYNTHIA PARRY; RUBY MONTOYA; ROBIN PEREZ)

399.    Plaintiff incorporates by reference the allegations of paragraphs 369 through 388 above, as if each such allegation was set forth herein.

400. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, humiliation, indignity, embarrassment, which have caused Plaintiff to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### NINETY-SEVENTH CAUSE OF ACTION

VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; ROSSLYN PARTNERS, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; THE AMERLAND GROUP, LLC; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RICARDO LOPEZ; SARA LOPEZ; CYNTHIA PARRY; RUBY MONTOYA; ROBIN PEREZ)

401.    Plaintiff incorporates by reference the allegations of paragraphs 369 through 388 above, as if each such allegation was set forth herein.

402. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, humiliation, indignity, embarrassment, which have caused Plaintiff to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and

oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## NINETY-EIGHT CAUSE OF ACTION

VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI —

42 U.S. CODE § 2000d

PROHIBITION AGAINST EXCLUSION FROM PARTICIPATION IN, DENIAL OF BENEFITS OF, AND DISCRIMINATION UNDER FEDERALLY ASSISTED PROGRAMS ON GROUND OF RACE, COLOR, OR NATIONAL ORIGIN

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; ROSSLYN PARTNERS, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; THE AMERLAND GROUP, LLC; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RICARDO LOPEZ; SARA LOPEZ; CYNTHIA PARRY, RUBY MONTOYA)

403.    Plaintiff incorporates by reference the allegations of paragraphs 369 through 388 above, as if each such allegation was set forth herein.

404.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, humiliation, indignity, embarrassment, which have caused Plaintiff to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## NINETY-NINETH CAUSE OF ACTION

VIOLATION GENERAL NEGLIGENCE

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER; ROSSLYN PARTNERS, LLC; THE ROSSLYN LOFTS

HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; THE AMERLAND GROUP, LLC; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD; RICARDO LOPEZ; SARA LOPEZ; CYNTHIA PARRY; RUBY MONTOYA)

405.     Plaintiff incorporates by reference the allegations of paragraphs 369 through 388 above, as if each such allegation was set forth herein.

406.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, humiliation, indignity, embarrassment, which have caused Plaintiff to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## ONE HUNDREDTH CAUSE OF ACTION

### VIOLATION 42 U.S.C. § 1983

### VIOLATION FOURTH AMENDMENT RIGHTS –

### UNLAWFUL/UNREASONABLE SEARCH AND SEIZURE OF PERSON/PROPERTY

### (AGAINST CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; DOES 2 THROUGH 15)

407.     Plaintiff Gurkirn Hundal timely filed the appropriate administrative claims on June 30, 2023.  The Defendants City of Los Angeles did not provide requisite notice of rejection on the claim filed on June 30, 2023.

408. On January 18, 2023, Defendants Los Angeles Police Department personnel impermissibly detained, battered, threatened the use of deadly force and unlawfully over detained Plaintiff Gurkirn Hundal and Cecil Elmore  in front of residents at address 451 S Main Street, Los Angeles, California, 90013 owned, operated,

maintained, managed by Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; RBW Security Services INC.; Master Muhammad; Hughford Muhammad.

409. Plaintiff Gurkirn Hundal witnessed the entire incident that is the subject.

410. On January 18, 2023, Plaintiff Gurkirn Hundal not only had to witness Cecil Elmore treatment from Defendant Los Angeles Police Department officers, but Plaintiff Gurkirn Hundal was subject to the same unconstitutional, negligent, intentional and excessive force acts committed by Defendant Los Angeles Police Department officers, and he suffered injuries and damages as Plaintiff Gurkirn Hundal.

411. The Plaintiff Gurkirn Hundal is South Asian.

412. On January 18, 2023, Plaintiff Gurkirn Hundal and Cecil Elmore went outside of Cecil Elmore apartment unit door at address 451 S Main Street Unit 437, Los Angeles, California, 90013. The Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers, pointed a loaded firearm at Plaintiff Gurkirn Hundal and Cecil Elmore instantly, negligently and maliciously to cause harm to Plaintiff Gurkirn Hundal and Cecil Elmore. While this loaded firearm was pointed at Plaintiff Gurkirn Hundal, the Plaintiff Gurkirn Hundal was in fear for her life and scared that she would be shot by the Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers. During the Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers, pointed a loaded firearm with their weapon drawn at Plaintiff Gurkirn Hundal and Cecil Elmore, numerous Defendants City of Los Angeles; Los Angeles Police Department, DOE Defendant Officers, as they ordered Plaintiff Gurkirn Hundal and Cecil Elmore to put their hands up and turn around. Plaintiff Gurkirn Hundal and Cecil Elmore complied with all orders. The Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers, unlawfully detained Plaintiff Gurkirn Hundal and Cecil Elmore in handcuffs that were excessively tight on both of their wrists. Plaintiff Gurkirn Hundal and Cecil Elmore were told that he was being charged with Felony Criminal Threats. While Plaintiff Gurkirn Hundal and Cecil Elmore were detained in handcuffs, Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers, asked Cecil Elmore if there was anyone else in his apartment unit injured. Cecil Elmore responded by stating that there is no injured person(s) in Cecil Elmore apartment unit and also that Plaintiff Gurkirn Hundal and Cecil Elmore were the only persons inside of Cecil Elmore apartment unit before being

detained in handcuffs in the hallway. These Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers, asked Cecil Elmore for permission and consent to enter Cecil Elmore apartment unit for search. The Cecil Elmore instantly denied and did not give consent each and every time when asked for permission by Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers to enter Cecil Elmore apartment unit. Defendants Los Angeles Police Department; DOE Defendant Officers, nevertheless, unlawfully searched Cecil Elmore apartment unit without Cecil Elmore consent and/or permission. During Plaintiff Gurkirn Hundal and Cecil Elmore being detained, Cecil Elmore showed Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers video evidence that Plaintiff Gurkirn Hundal and Cecil Elmore did not commit any unlawful acts and/or criminal acts. After Plaintiff Gurkirn Hundal and Cecil Elmore were unlawfully detained for approximately fifty (50) minutes Plaintiff Gurkirn Hundal and Cecil Elmore were released from custody of being detained in handcuffs. No citation was issued, no arrests made against Plaintiff Gurkirn Hundal and/or Cecil Elmore.

413.     The Defendants and each of them, conspired and agreed among themselves along with others to act in concert to deprive Plaintiff Gurkirn Hundal of her clearly established Constitutional Rights as protected by the Fourth Amendment and Fourteenth Amendment, including Plaintiff Gurkirn Hundal right to be free from illegal search and seizure. In furtherance of the conspiracy, including but not limited to the following:

a. Upon information and believe, acting in concert these Defendants and each of them, maliciously and intentionally, unlawfully without warrant illegally searched the apartment unit of Cecil Elmore;

b. Upon information and believe, acting in concert these Defendants and each of them, had knowledge along with no evidence that Plaintiff Gurkirn Hundal and Cecil Elmore committed any criminal acts.

414. On January 18, 2023, Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers, personnel impermissibly detained, battered, threatened the use of deadly force, and unlawfully arrested Plaintiff Gurkirn Hundal and Cecil Elmore.

415. Plaintiff Gurkirn Hundal and Cecil Elmore were not committing a crime or unlawful act and was not reasonably under suspicion of having committed a crime on January 18, 2023, when Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers, contacted Plaintiff Gurkirn Hundal and Cecil Elmore.

416. On January 18, 2023, and/or January 19, 2023, neither Plaintiff Gurkirn Hundal or Cecil Elmore were not wanted by law enforcement, nor had warrant(s) for their arrest and existence.

417. Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendants Officers did not have a reasonable suspicion that either Plaintiff Gurkirn Hundal or Cecil Elmore were involved in, or about to commit a crime.

418. As such, Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers, acted upon Plaintiff Gurkirn Hundal and Cecil Elmore without legal justification.

419. When Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers, unlawfully detained Plaintiff Gurkirn Hundal and Cecil Elmore and used force and threatened the use of deadly force upon Plaintiff Gurkirn Hundal and Cecil Elmore, they could not lawfully detain, or lawfully use the threat of deadly force.

420. Any reasonable Officer knowing the same facts as existed on January 18, 2023, would not have been suspicious that Plaintiff Gurkirn Hundal and Cecil Elmore had been or were about to be involved in activity related to a crime.

421. Plaintiff Gurkirn Hundal are informed and believes that the City of Los Angeles and Los Angeles Police Department; DOE Defendant Officers 2 through 15, were, at the very least, negligent in their treatment of Plaintiff Gurkirn Hundal and Cecil Elmore, at worst, knowingly and intentionally malicious.

422. The Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers 2 through 15, has a duty to stop this type of conduct, to watch that it does not occur, and to, at least, train these officers to access the situation and react professionally without the need for excessive force.

423. Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers, had the ability and opportunity to stop the unlawful acts but did not attempt to do so.

424. Plaintiff Gurkirn Hundal is informed and believes and thereon alleges that, at all times herein mentioned, Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers, maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs with deliberate indifference, and in conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiff Gurkirn Hundal including the right to be free from excessive force under the Fourth Amendment.

425.     As complained of herein above, none of the Defendants to this action had a warrant for any of the Plaintiff Gurkirn Hundal and Cecil Elmore arrests, nor probable cause to believe that Plaintiff Gurkirn Hundal and Cecil Elmore had committed any crime, nor reasonable suspicion of criminality afoot by the Plaintiff Gurkirn Hundal and Cecil Elmore, or any suspicion that the Plaintiff Gurkirn Hundal and Cecil Elmore were a danger to anyone or anything.

426.     Accordingly, the seizure of Plaintiff Gurkirn Hundal and Cecil Elmore by Defendants with force and the threatened use of deadly force, constituted an unlawful and unreasonable seizure of Plaintiff Gurkirn Hundal and Cecil Elmore in violation of their rights under the Fourth Amended to the United States Constitution.

427.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal were injured in her health and person.  The Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical anguish, emotional distress, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.

428.     Plaintiff Gurkirn Hundal were harmed by the acts of the Defendants and the department defectors policies and procedures, and its failure to supervise and train its officers.  The Los Angeles Police Departments failures as an organization, created an atmosphere that violations such as alleged here were sure to occur.

429.     Even if the Defendants did not intend to harm Plaintiff Gurkirn Hundal and Cecil Elmore, their acts were committed with negligence, and a failure to use the standards expected to be use by a competent law enforcement officer.

### ONE HUNDREDTH-FIRSTCAUSE OF ACTION

VIOLATION 42 U.S.C. § 1983

VIOLATION FOURTH AMENDMENT RIGHTS --

EXCESSIVE/UNREASONABLE USE OF FORCE ON PERSON

(AGAINST CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; DOES 2 THROUGH 15)

430.     Plaintiff Gurkirn Hundal hereby reallege and reincorporate by reference the allegations set forth in paragraphs 407 through 429 inclusive, above, as if set forth in full herein.

431. All of the acts of Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers, were done under Color of State Law.

432.    As mentioned above, Plaintiff Gurkirn Hundal was unlawfully detained and held at gun point by Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers.

433.    The acts of the DOE Defendant Officers deprived Plaintiff Gurkirn Hundal of rights, privileges, and immunities secure by the Constitution of the United States, including but not limited to his rights under the Fourth Amendment of the United States Constitution, incorporated and made applicable to the States and their Local Governments by the Fourteenth Amendment by, among other things, using excessive force against Plantiff Gurkirn Hundaal. Specifically, Defendants pointed their gun at Plaintiff Gurkirn Hundal and Cecil Elmore, which under established Ninth Circuit Law is a use of force.

444.    Each of the Officer Defendants were both personally involved an integral participant in the violation of Plaintiff Gurkirn Hundal constitutional rights. None of the officers objected to these violations of Plaintiff Cecil Elmore rights, and each officer participated in the violation by performing police functions including meaningful participation, de facto arrest, and use of unreasonable force against Plaintiff Gurkirn Hundal and Cecil Elmore.

445.    As a direct and proximate result of the aforementioned acts of the Officer Defendants, Plaintiff Gurkirn Hundal sustained and incurred damages including pain, suffering, and emotional injury.

446.    In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff Gurkirn Hundal. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Officer Defendant (but not against the entity Defendant) in an amount adequate to punish the wrongdoers and deter future misconduct.

447.    The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Plaintiff Gukirn Hundal constitutional rights, sufficient for an award of punitive/exemplary damages against said Defendants.

## ONE HUNDRED-SECOND CAUSE OF ACTION

### VIOLATION 42 U.S.C. § 1983

VIOLATION FOURTEENTH AMENDMENT RIGHTS –

FAILURE TO INTERVENE

(AGAINST CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; DOES 2 THROUGH 15)

448.    Plaintiff Gurkirn Hundal hereby reallege and incorporate by reference the allegations set forth in paragraphs 407 through 447, inclusive, above, as if set forth in full herein.

449.    All of the acts of Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers, were done under Color of State Law.

450.    The acts of the Officer Defendants deprived Plaintiff Gurkirn Hundal of rights, privileges, and immunities secure by the Constitution of the United States, including but not limited to his rights under the Fourth Amendment of the United States Constitution, incorporated and made applicable to the States and their Local Governments by the Fourteenth Amendment by, among other things, failing to intervene in the unlawful actions of the other officers. These unlawful actions include the unlawful de facto arrest to Plaintiff Gurkirn Hundal, the unlawful search of Cecil Elmore apartment unit, and the use of excessive force against Plaintiff Gurkirn Hundal, including Defendants pointing their gun at Plaintiff Gurkirn Hundal.

451.    At all relevant times, the Officer Defendants were present and had a realistic opportunity to intervene and prevent the unlawful de facto arrest, search, and excessive force by their fellow officers against Plaintiff Gurkirn Hundal but neglected to do so.

452.    As a direct and proximate result of the aforementioned acts and omissions of the Officer Defendants, Plaintiff Cecil Elmore sustained and incurred damages including pain, suffering, and emotional injury.

453. In doing the foregoing wrongful acts, Defendants, and each of them acted in reckless and callous disregard for the constitutional rights of Plaintiff Gurkirn Hundal. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Officer Defendant (but not against the entity Defendant) in an amount adequate to punish the wrongdoers and deter future misconduct.

**ONE HUNDRED-THIRD CAUSE OF ACTION**

VIOLATION CAL. CIVIL CODE 52.1

---

**BANE ACT**

(AGAINST CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; DOES 2 THROUGH 15)

454. Plaintiff Gurkirn Hundal hereby reallege and incorporate by reference the allegation set forth in paragraphs 407 through 453, inclusive, above, as if set forth in full herein.

455.     Article I, §13 of the California Constitution and the Fourth Amendment to the United States Constitution incorporated and made applicable to the States and their Local Governments by the Fourteenth Amendment, guarantee the right of persons to be free from unlawful false arrest, unlawful searches, and excessive force on the part of law enforcement officers.  The Officer Defendants and the other involved officers, by engaging in the wrongful acts and failures to act alleged herein, intentionally and deliberately denied each of these rights to Plaintiff Cecil Elmore by threats, intimidation, or coercion, to prevent Plaintiff Gurkirn Hundal from exercising her rights to be free of false arrests, unlawful searches, and excessive force, thus giving Plaintiff Gurkirn Hundal claims for damages pursuant to California Civil Code § 52.1.  Specifically, the Officer Defendants and other involved officers unlawfully (1.) threatened Plaintiff, (2.) performed a de facto arrest to Plaintiff, (3.) searched Plaintiff apartment unit, and (4.) used excessive force against Plaintiff, including pointing their gun at Plaintiff.  The Officer Defendants intended by their actions to deprive Plaintiff of his enjoyment of the interest protected but the right to be free of such conduct.

456.     As a direct and proximate result of the aforementioned acts and omissions of the Officer Defendants, Plaintiff Cecil Elmore sustained and incurred damages including pain, suffering, and emotional injury.

457.     Each of the Officer Defendants was both personally involved and aided and abetted in the violation of Plaintiff Gurkirn Hundal Constitutional Rights.  Each Officer knew that each officers were committing unlawful actions against Plaintiff as they planned to and did unlawfully arrest Plaintiff Cecil Elmore, search Plaintiff apartment unit, and used excessive force against Plaintiff.  Each officer gave substantial assistance or encouragement to the other officers and each officers conduct was a substantial fact in causing harm to Plaintiff.

458.     The City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers are vicariously liable for the actions of the Officer Defendants pursuant to Cal. Gov't Code § 815.2(a).

459.    In doing the foregoing wrongful acts, Defendants, and each of them, acted with conscious disregard of Plaintiff rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Officer Defendant (but not against the entity Defendant) to punish the wrongful conduct alleged herein and to deter such conduct in the future.

460.    As the direct and legal result of Defendants conduct, Plaintiff suffered and will continue to suffer damages, including but not limited to those set forth above, and are entitled to statutory damages under Cal. Civ. Code § 52, including damages up to three times Plaintiff actual damages but no less then $4,000 for every offense of California Civil Code § 51 et seq., as well as compensatory and punitive damages and attorneys fees.

## ONE HUNDREDTH-FOURTH CAUSE OF ACTION

### VIOLATION (ASSULT AND BATTERY)

### (AGAINST CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; DOES 2 THROUGH 15)

461.    Plaintiff Gurkirn Hundal hereby reallege and incorporate by reference the allegations set forth in paragraphs 407 through 460, inclusive, above, as if set forth in full herein.

462.    On information and belief Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers drew their weapons and aimed them at Plaintiff persons in a threatening manner.

463.    Plaintiff reasonably belief that Defendants would shoot her.

464.    Defendants intentionally touched Plaintiff Gurkirn Hundal and handcuffing Plaintiff.

465.    Plaintiff did not consent to the officers use of force.

466.    Plaintiff did not consent to Defendants conduct.

467.    Plaintiff was harmed by the officer's uses of force, which has caused her to suffer injuries including pain, suffering, and emotional injuries.  The Defendants City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers, uses of unreasonable force were each substantial factor in causing Plaintiff harm, pain, suffering and emotional injury.

468.    DOE Defendant Officers, while acting within the course and scope of their employment, battered Plaintiff Gurkirn Hundal.

469.        Each of the Officer Defendants was both personally involved and aided and abetted in the violation of Plaintiff Constitutional Rights.  Each officer knew that the other officers were committing unlawful actions against Plaintiff as they planned too and did unlawfully aim their weapon at Plaintiff.  Each officer gave substantial assistance for encouragement to the other officers and each officers conduct was a substantial fact in causing harm to Plaintiff.

470.        Defendants City of Los Angeles; Los Angeles Police Department and DOE Defendant Officers are vigorously liable for the actions of the Officer Defendants pursuant to Cal. Gov't Code § 815.2(a).

471.        In doing the foregoing wrongful acts, Defendants and each of them, acted with conscious disregard of Plaintiff rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Officer Defendant (but not against the entity Defendant) to punish the wrongful conduct alleged herein and to deter such conduct in the future.

472.        As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff was injured in his person they suffered and will continue to suffer severe mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

### ONE HUNDRED-FIFTH CAUSE OF ACTION

VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

(AGAINST CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; DOES 3 THROUGH 15)

473.        Plaintiff Gurkirn Hundal hereby reallege and incorporate by reference the allegations set forth in paragraphs 407 through 472, inclusive, above, as if set forth in full herein.

474.        Defendants actions drawing their gun, pointing their weapon at Plaintiff, detaining Plaintiff, and searching Plaintiff apartment unit was outrageous.  This conduct was performed with reckless disregard to the affect that these actions and omissions would have upon Plaintiff, including emotional distress.

475.        As a direct and proximate results of the aforementioned acts or omissions of Defendants, Plaintiff suffered injuries including pain, suffering, and emotional injury.

476.     All Defendants denied, aided, incited a denial, and/or committed wrongful acts as herein described.

477.     Said acts including all those alleged herein were done to Plaintiff Gurkirn Hundal.

478.     Defendant City of Los Angeles; Los Angeles Police Department; DOE Defendant Officers, are vicariously liable for the actions of the Officer Defendants pursuant to California Government Code § 815.2(a).

479.     In doing the foregoing wrongful acts, Defendants, and each of them, acted with conscious disregard of Plaintiff rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Officer Defendant (but not against the entity Defendant), to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## ONE HUNDRED-SIXTH CAUSE OF ACTION

### VIOLATION NEGLIGENCE/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (NIED)

### (AGAINST CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; DOES 3 THROUGH 15)

480.     Plaintiff Gurkirn Hundal hereby reallege and incorporate by reference the allegations set forth in paragraphs 407 through 479, inclusive, above, as if set forth in full herein.

481.     Defendants City of Los Angeles; Los Angeles Police Department; DOES 1 through 15, owed Plaintiff a duty of care to conduct themselves reasonably, professionally and within constitutional limitations.

482.     The conduct of the Officer Defendants as set forth herein, was tortious in that Defendants breached their duty of care to Plaintiff an unarmed man, besieged by numerous police officers, when the Officer Defendants performed their duties, searched Cecil Elmore apartment unit, and used excessive force against Plaintiff, including pointing a gun at Plaintiff and handcuffing Plaintiff.

483.     Defendants City of Los Angeles; Los Angeles Police Department; DOES 1 through 8, failed to appropriately hire, supervise, train, review and ensure that their officers abided by the standard of care, failed to enact appropriate standards and procedures that would have prevented such harm to Plaintiff, including failing to train LAPD officers (1.) not to use excessive force or perform de facto arrest, or (2.) searches of apartment unit were such actions are not justified.

484.    Each of the Officer Defendants was both personally involved and aided and abetted in the violation of Plaintiff Constitutional Rights. Each officer knew that the other officers were committing unlawful actions against Plaintiff as they planned too and did unlawfully arrest Plaintiff, search Plaintiff apartment unit, and used excessive force against Plaintiff. Each officer gave substantial assistance or encouragement to the other officers and each officer's conduct was a substantial fact in causing harm to Plaintiff.

485.    Defendant City of Los Angeles; Los Angeles Police Department; DOES 1 through 15, are vicariously liable pursuant to California Government Code § 815.2(a).

486.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.

487.    In doing the foregoing wrongful acts, the Officer Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Officer Defendant (but not against the entity Defendant) to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## FOUR HUNDRED-TWENTY FIFTH CAUSE OF ACTION

### VIOLATION DEPRIVATION OF CIVIL RIGHTS – ENTITY AND SUPERVISORY LIABILITY

### (42 U.S.C. § 1983)

### (AGAINST CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; DOES 2 THROUGH 15)

488.    Plaintiff Gurkirn Hundal hereby reallege and incorporate by reference the allegations set forth in paragraphs 407 through 487, inclusive, above, as if set forth in full herein.

489.    Plaintiff is informed and believes thereon alleges that, at all times herein mentioned, Defendants City of Los Angeles; Los Angeles Police Department; DOES 2 through 15, maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others the following policies, practices and customs with deliberate indifference, in conscious reckless disregard to the safety, security and constitutional

and statutory rights of Plaintiff Gurkirn Hundal, including the right to be free from excessive force under the Fourth Amendment:

a. Failing to adequately train, supervise, and control officers in the constitutionally permissible use of force: especially the proper use of carotid restraint holds;

b. Failing to adequately train, supervise, and control officers in proper communication and appropriate responses to members of the public;

c. Failing to set up systems to prevent abuse by officers, including combating the "code of silence" by encouraging officers to intervene and prevent abuse and misconduct by other officers;

d. Failing to discipline officers involved in abusing their authority, or in failing to report or prevent abuses of authority; and

e. Condoning and encouraging LAPD officers in the belief that they can violate the rights of persons such as Plaintiff with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

490.    The following are only a few examples of cases where the involved officers were not disciplined, remanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the City of Los Angeles routinely ratifies such behavior:

a. Sheilanee Sen; Shibanibalsaver v. City of Los Angeles, et al., Case Number: 2:21-CV-02326-SB-KES is a case were the complaint with officers holding two (2) women at gunpoint.  This case is an example that it is a common practice of Los Angeles Police Department to point a firearm at innocent people who have not committed a crime rather than simply conducting an investigation.

b. Hasmik Jasmine Chinaryan v. City of Los Angeles, et al., Case Number: 2:19-CV-09302-MCS-E is a similar case related to Los Angeles Police Department officers pointing their weapons at persons and prolonged detention.

491.    The Officer Defendants and any other involved officers acted pursuant to expressly adopted official policies or longstanding practices or customs of the City of Los Angeles.  These include policies and longstanding practices and/or customs requiring and/or permitting officers limited to utilizing large numbers of police cars, officers, and a helicopter, drawing their weapons and pointing their firearms at people, handcuffing them, detaining them at length, and searching their personal property, all in situations that are not high risk and

based only upon reason suspicion of property crimes such as suspected stolen vehicles and without regard to Ninth Circuit Law.

492.    Defendants City of Los Angeles official policies and/or longstanding practices or customs, including but not limited to its training policies, caused the deprivation of the Constitutional Rights of Plaintiff Cecil Elmore by the Officer Defendants and the other involved officers; that is, the City of Los Angeles official policies and/or longstanding practices or customs are so closely related to the deprivation of Plaintiff Cecil Elmore rights as to be the moving force that caused his injuries.

493.    Upon information and belief, the City took no action in response to Plaintiff allegations and none of the involved officers have been disciplined.

494.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned entity and supervisory Defendants, Plaintiff was injured in his health and person.  The Plaintiff suffered and will continue to suffer severe mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

495.    The Chief failure to train and supervise LAPD officers in the constitutional use of force and search and seizure practices and his ratification of the use of force and search and seizure practices upon Plaintiff, was willful, wanton, malicious and oppressive, and with reckless disregard for, in deliberate indifference to, and with the intent to deprive persons who might come into contact with LAPD officers of constitutional rights, and did in fact violate the aforementioned Fourth, Ninth, and Fourteenth Amendment Rights of Plaintiff, entitling Plaintiff to exemplary and punitive damages against Defendant DOE Los Angeles Police Department Chief in an amount to be proven at trial.

496.    It was that failure that was the moving force in the deprivation of Plaintiff rights against his liberty interest to be free from invasive procedures and seizures.  In the case at bar, the Defendants Police Officers felt free to search, seize and use excessive force and the threat of deadly force, and falsely arresting and reporting on Plaintiff without fear that their acts would receive censure from their department.  Indeed, Plaintiff is informed and believes that those officers audio and/or video tape procedure demonstrating that they felt that their acts were authorized, if not encouraged, by their department, the City of Los Angeles and DOES 1 through 15 (or, at the very least would not meet with disapproval, censure or discipline).  Thus, this problem, the

actions, policies and procedures that lead up to the deprivation of Plaintiff rights were systematic in that department and constituted deliberate indifference by the City to the rights of persons such as the Plaintiff.

## ONE HUNDRED-EIGHTH CAUSE OF ACTION

VIOLATION UNRUH CIVIL RIGHTS ACT

CAL. CIV. CODE § 51

(AGAINST WALMART INC.; THE COCA-COLA COMPANY; RICARDO LOPEZ)

497.     Defendants Ricardo Lopez; Walmart INC.; The Coca-Cola Company, maliciously, intentionally, negligently, unlawfully, recklessly, unlawfully, conspired in concert to directly cause harm to Cecil Elmore.

498.     On May 10, 2023, at address 1301 N Victory Pl, Burbank, California, 91502, Cecil Elmore was shopping with Plaintiff Gurkirn Hundal.  One of Defendant Walmart INC. and Defendant The Coca-Cola Company employees (Employee #1, who is Latinx) intentionally with their arm reached over Plaintiff Gurkirn Hundal within inches.  Cecil Elmore stated to this Defendants Walmart INC.; The Coca-Cola Company, employee (Employee #1) to not reach overPlaintiff Gurkirn Hundal and that he should not violate any woman's personal space within inches because Defendants Walmart INC.; The Coca-Cola Company, employee (Employee #1) had caused intentional harm to Plaintiff Gurkirn Hundal.  While Cecil Elmore was speaking to Defendants Walmart INC.; The Coca-Cola Company, employee (Employe #1), a second Defendants Walmart INC.; The Coca-Cola Company, employee (Employe #2, who is Latinx) started harassing and threatened with gang violence to intentionally harm Cecil Elmore.  Defendants Walmart INC.; The Coca- Cola Company, employee (Employe #2) stated "we don't give a fuck about that bitch."  As this employee (Employe #2) was referencing intentionally, maliciously, negligently, "we don't give a fuck about that bitch," in regards to Plaintiff Gurkirn Hundal.  Cecil Elmore stated to Defendants Walmart INC.; The Coca-Cola Company, employee (Employee #2) its not fair to use misogynistic terms to describe women.  Defendants Walmart INC.; The Coca-Cola Company, employee (Employee #2) intentionally, maliciously, negligently grabbed Cecil Elmore arm and stated discriminatory slurs to Cecil Elmore "Nigger, I will get you fucked up, I'll kill you nigger," … "you don't know where the fuck you at, I know you're not from around here," … "I'm calling the big homies in my gang [used Spanish Gang name] and come up in here and fuck you up,"… "I'm not going to lose my job."  And then Defendants Walmart INC.; The Coca-Cola Company, employee (Employee #2) took his phone out in his hand and made several phone calls.  As Cecil Elmore was scared with

fright and afraid for his life he told Defendant Walmart INC., employee Michael who was on duty and in uniform that Cecil Elmore wants to report the Defendants Walmart INC.; The Coca-Cola Company, employee (Employee #2) for threats of violence and about this incident to a supervisor. Defendant Walmart INC., employee Michael notified Defendant Walmart INC.; employee Melina who is a Coach for Defendant Walmart INC. Plaintiff and Cecil Elmore stated to Defendant Walmart INC., employee Melina, who is Latinx, about this incident and that Cecil Elmore was threatened with physical harm and gang violence from Defendants Walmart INC.; The Coca-Cola Company, employee (Employee #2). Plaintiff stated to Melina that Cecil Elmore needs Defendants Walmart INC.; The Coca-Cola Company, employee (Employee #2) legal first and last name. The Defendant Walmart INC., employee Melina refused to give Cecil Elmore Defendants Walmart INC.; The Coca-Cola Company, employee (Employee #2) legal first and last name. The Defendants employee Melina ignored Cecil Elmore and told Mr. Elmore that he should call Walmart 1-800 number for assistance. Cecil Elmore stated to Defendant Walmart INC., employee Melina that Mr. Elmore and Plaintiff needs to speak to her supervisor immediately. The Defendants employee Melina finally got Defendant Walmart INC., Store Lead employee Francisco who is Latinx, as he had with him another Defendant Walmart INC., employee who is Latinx. Cecil Elmore told Defendant Walmart INC., Store Lead employee Francisco about Defendants Walmart INC., The Coca-Cola Company, employee (Employee #2) had threatened Plaintiff and Cecil Elmore with physical gang violence. In response, Defendant Walmart INC., Store Lead employee, Francisco stated to Mr. Elmore that Defendants Walmart INC.; The Coca-Cola Company, employee (Employee #2) will be prohibited and no longer allowed in Walmart (location above) for the reason of threatening with gang violence to Cecil Elmore. An African American male who was shopping witnessed Defendants Walmart INC.; The Coca-Cola Company, employee (Employee #2) threaten Cecil Elmore with physical gang violence. The African American witness stated to Defendant Walmart INC., employee Michael, "if that employee threatened me like that, I would have done something to him." Defendant Walmart INC., Store Lead employee Fransisco gave Cecil Elmore a yellow sticky note with writing that stated, Fransisco Store Lead and a phone number that started with 747-261.

499.    Defendants Walmart INC.; The Coca-Cola Company, employee (Employee #2) unlawfully conspired in concert with Defendants Walmart INC.; The Coca-Cola Company intentional, malicious, negligent, defamatory, untrue, facts about Cecil Elmore to intentionally harm Cecil Elmore and his reputation. Defendants Walmart INC.; The Coca-Cola Company, employee (Employee #2) left the building and property at address 1301

N Victory Pl, Burbank, California, 91502, without calling the City of Burbank Police Department. Defendant Walmart INC., employee Michael stated to Cecil Elmore "what did the manager do about the employee who threatened you?"

500.    Plaintiff Gurkirn Hundal in fear called 911 and both Plaintiff and Cecil Elmore made a Burbank Police Department Police Report at address, 1301 N Victory Pl, Burbank, California, 91502, with two (2) Burbank Police Department Police Officers who were on duty and in uniform and responded to the 911 call. The two (2) Police Officers went into Defendant Walmart INC., store and could not locate Defendants Walmart INC.; The Coca-Cola Company, employee (Employee #2) because he had left the building and premises without giving his legal first and last name. The two (2) Burbank Police Department Police Officers investigated this incident as they talked to Defendant Walmart INC., employees Store Lead Francisco, Michael and others in regard to this incident. After speaking to Defendant Walmart INC., Store Lead Francisco, Burbank Police Department Police Officers stated to Plaintiff and Cecil Elmore that Defendants Walmart INC.; The Coca-Cola Company, stated that Mr. Elmore was the person who threatened Defendants Walmart INC.; The Coca-Cola Company, employee (Employee #2). Plaintiff and Cecil Elmore stated to Burbank Police Department Police Officers that what Defendants Walmart INC.; The Coca-Cola Company stated was a blatant lie, defamatory, untrue and false facts. This intentional, malicious, negligent, defamatory, false, untrue facts from Defendants Walmart INC.; The Coca-Cola Company.

501.    After this incident, Plaintiff Cecil Elmore was never sent any documentation from the Burbank Police Department. Plaintiff Cecil Elmore called the Burbank Police Department to speak to someone working on the case and was told that Detective Pira was the assigned investigator Detective. Burbank Police Department, investigator Detective Pira stated, on numerous phone calls that he was unable to get the legal first and last name of the suspect Defendants Walmart INC.; The Coca-Cola Company, employee (Employee #2). Cecil Elmore on another occasion called Detective Pira and asked to see video footage of the incident as he explained there are numerous cameras that would have captured the whole incident for the time Cecil Elmore entered Defendant Walmart INC., store to the time Plaintiff and Cecil Elmore exited the store. Detective Pira refused to show Plaintiff and Cecil Elmore video footage of the incident and closed this case of Criminal Threats a Felony Offense and Battery a Misdemeanor Offense. The Burbank Police Department Detective Pira negligently, maliciously, intentionally, conspired in concert with Defendants Ruben Islas Jr; Ruben Islas; Martha

Enriquez; Bethany Spooner; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mike Wiese; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Chase Protective Services, INC.; Thomas Paul White; Ricardo Lopez; Walmart INC.; The Coca-Cola Company to close Cecil Elmore Burbank Police Department complaint without proper investigation and due diligence

502.    While Plaintiff and Cecil Elmore was intentionally harmed on May 10, 2023, Plaintiff had numerous pending Civil Lawsuits as a Plaintiff against Defendants and numerous other pending complaint investigations from State of California Bureau of Security and Investigative Services; County of Los Angeles Health Department; County of Los Angeles Code Enforcement; Los Angeles Police Department Police Reports and Plaintiff is a victim/cooperating witness in the felony criminal case *State of California v. Domonick Lawrence Guy*, as Defendants retaliated against Plaintiff Gurkirn Hundal and Cecil Elmore.

503.    Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Bethany Spooner; Paul Runkle; Mark Wiese; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Parters, LLC; Suffolk Development, LLC; Islas Development LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Pacific Housing, INC.; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Chase Protective Services INC.; Thomas Paul White, have a business and political partnership with State of California Treasurer, Fiona Ma, as they all collectively in concert conspired and interfered with Plaintiff Constitutional Rights and California Constitutional Rights with intimidation and force.  As the State of California Treasurer, Fiona Ma, intentionally, maliciously, negligently, unlawfully conspired in concert with Defendants and others to interfere with this investigation and all other investigations in the State of California involving Plaintiff and Cecil Elmore in the form of malicious and unlawful retaliation.

504.    These Defendants and each of them, conducted themselves in unfair business practices as these Defendants committed in concert unlawful acts directly to cause intentional harm to Plaintiff Gurkirn Hundal and Cecil Elmore.

505.    Defendants and each of them, continuous, malicious, unlawfully conspired to cause direct harm to Plaintiff as these Defendants engaged in unlawful collusion to aid and abed the unlawful civil enterprise of these Defendants.

506.        These Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Paul Runkle; Bethany Spooner; Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Chase Protective Services INC.; Thomas Paul White, unlawfully conspired to intentionally caused harm to Plaintiff with intimidation as Plaintiff Gurkirn Hundal filed a lawsuit against Defendants at the Stanley Mosk Courthouse which was pending, complaints filed to State of California Bureau of Security and Investigative Services; State of California Department of Consumer Affairs and Plaintiff Gurkirn Hundal is a witness for the *State of California v. Domonick Lawrence Guy.* Which these Defendants are retaliating, violating Plaintiff Gurkirn Hundal Civil Rights.  Defendant Domonick Lawrence Guy is an unlawful enforcer for Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Alico Security Group INC.; Manal Sabry; Daniel Wheeler, to cause intentional harm to Plaintiff Cecil Elmore.

507.        The Defendants and each of them obstructing justice and depriving Plaintiff of rights and privileges, as these Defendants collectively in concert, intentionally, maliciously, negligently, unlawfully conspired in concert to interfere with Plaintiff Gurkirn Hundal Civil Rights.  As these Defendants interfered with intimidation and force as they intentionally caused direct harm to Plaintiff Gurkirn Hundal as Plaintiff Gurkirn Hundal has a pending Civil Cases in which Plaintiff Gurkirn Hundal is a Plaintiff party involving some Defendants mentioned.  Plaintiff Gurkirn Hundal is also a cooperating witness with the District Attorneys for the State of California in the case *State of California v. Domonick Lawrence* Guy, which involves some of these Defendants unlawful criminal acts against Plaintiff.

508. Defendant Ricardo Lopez stated that Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Michael Vasquez, had State of California Treasurer, Fiona Ma, interfere with Plaintiff and Cecil Elmore Burbank Police Department Police Report against Defendants Walmart INC.; The Coca-Cola Company, employee (Employee #2).  Defendant Ricardo Lopez stated that Defendants Walmart INC.; The Coca-Cola Company, employee (Employee #2) is in his gang.

509.     All Defendants compelled, coerced, aided and/or abetted the unlawful acts and violations alleged in this complaint, which conduct is prohibited.  All Defendants were responsible for the events and damages stated herein, including on the following basis: (a) Defendants committed the acts stated; (b) At all relevant times, one or more Defendants was the agent or employee, and/or acted under the control or supervisor of one or more of the remaining Defendants and in committing the acts stated, acted within the course and scope of such agency and employment and/or is or otherwise liable for Plaintiff damages; (c) At all relevant times, there existed a unity of ownership and interest between or among two (2) or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another, Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times here in mention did not, exist.  All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors of employment with all Defendants, were taken on behalf of all Defendants, and were engaged with, authorized, ratified, and approved of by all other Defendants.

510.     Plaintiff raised complaints of illegality and the Defendants retaliated against him.

511.     Each of the Defendants involved, conspired and aided and abetted to intentionally harm Plaintiff and Cecil Elmore of his rights secured by the Constitution and Laws of the United States and rights secured by the Constitution and Laws of the State.

512.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.

513.     In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## ONE HUNDRED-NINETH COURSE OF ACTION

VIOLATION CIVIL RIGHTS ACT TITLE II: PUBLIC ACCOMMODATIONS

42 U.S. CODE § 2000

(AGAINST WALMART INC.; THE COCA-COLA COMPANY)

514.        Plaintiff incorporates by reference the allegations of paragraphs 497 through 513 above, as if each such allegation was set forth herein.

515. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## ONE HUNDRED-TENTH CAUSE OF ACTION

VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

(AGAINST WALMART INC.; THE COCA-COLA COMPANY; RICARDO LOPEZ; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENIRQUEZ; BETHANY SPOONER; PAUL RUNKLE; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; MARK WIESE; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARTNERS, LLC; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC.; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.)

516.        Plaintiff incorporates by reference the allegations of paragraphs 497 through 513 above, as if each such allegation was set forth herein.

517. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## ONE HUNDRED-ELEVENTH CAUSE OF ACTION

### VIOLATION DISCRIMINATION

### (AGAINST WALMART INC.; THE COCA-COLA COMPANY)

518.    Plaintiff incorporates by reference the allegations of paragraphs 497 through 513 above, as if each such allegation was set forth herein.

519. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## ONE HUNDRED-TWELVETH CAUSE OF ACTION

### VIOLATION CALIFORNIA CODE OF CIVIL § 527.6

### HARASSMENT, CREDIBLE THREAT OF VIOLENCE

### (AGAINST WALMART INC.; THE COCA-COLA COMPANY; RICARDO LOPEZ)

520.    Plaintiff incorporates by reference the allegations of paragraphs 497 through 513 above, as if each such allegation was set forth herein.

521. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

**ONE HUNDRED-THIRTHEENTH CAUSE OF ACTION**

VIOLATION 42 U.S. CODE § 1985 —

CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

(AGAINST WALMART INC.; THE COCA-COLA COMPANY; RICARDO LOPEZ; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENIRQUEZ; BETHANY SPOONER; PAUL RUNKLE; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; MARK WIESE; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARTNERS, LLC; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC.; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN ZUNIGA; CHASE PROTECTIVE SERVICES INC.; THOMAS PAUL WHITE)

522.    Plaintiff incorporates by reference the allegations of paragraphs 497 through 513 above, as if each such allegation was set forth herein.

523. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

**ONE HUNDRED-FOURTEENTH CAUSE OF ACTION**

VIOLATION UNRUH CIVIL RIGHTS ACT

CAL. CIV. CODE § 51

(AGAINST STARBUCKS CORPORATION)

524.    Since the early 2000's, Defendant Starbucks Corporation has had a policy of giving free coffee to Police Officers. This is a way Defendant Starbucks Corporation has a way to curry favor with the Police Department [Source: thecommoncafe.com "Starbucks' Free Coffee For Police Officers: A Controversial Policy]. Since 2011, Defendant Starbucks Corporation joined Burbank Police Department and Law Enforcement through the Coffee with a Cop Program which is brought to Starbucks stores with their partners Burbank Police

Case 2:24-cv-01721-JGB-SP    Document 1    Filed 03/01/24    Page 144 of 161    Page ID #:144

Department and Law Enforcement Police Officers. In 2017, Defendant Starbucks Corporation announced they were partnering with the International Association of Chiefs of Police and Major Cities Chiefs Association to expand the events. Since then, Defendant Starbucks Corporation has supported more than 1500 Coffee with a Cop Events [Source: Stories.Starbucks.com]. For example, on October 2, 2019, there was a National Coffee with a Cop Day at Defendant Starbucks Corporation store located at address 1520 W. Olive, Burbank, California. From December 1, 2020, Defendant Starbucks Corporation gave Los Angeles Police Department Police Officers and employees a free tall brewed coffee until December 31, 2020. Defendant Starbucks Corporation has a business and personal relationship with Police Departments throughout the United States of America, and with this relationship, Law Enforcement Police Officers favor Defendant Starbucks Corporation.

525.    Defendants Ricardo Lopez; Starbucks Corporation, maliciously, intentionally, negligently, unlawfully, recklessly, unlawfully, conspired in concert to directly cause harm to Plaintiff Cecil Elmore.

526.    On October 28, 2023, at address, 6745 Hollywood Blvd, Hollywood, California, 90028, Plaintiff and Cecil Elmore who suffers from a disability opened the front door to the building at this address above as Cecil Elmore was intentionally discriminated and harmed as this front door did not have American Disability Act function door opener. Plaintiff initially asked Defendant Starbucks Corporation to correct the drink. When the Latinx barista refused too Plaintiff asked Cecil Elmore to ask Defendant Starbucks Corporation, Latinx male employee to correct Plaintiff Starbucks beverage. When Plaintiff was outside of Defendant Starbucks Corporation with this beverage remade by the Latinx employee, Plaintiff and Cecil Elmore noticed approximately fourth (40) percent of the beverage cup was blatantly, intentionally, maliciously filled with an excessive amount of caramel sauce. Cecil Elmore returned to Defendant Starbucks Corporation and asked the same Latinx male on duty and in uniform employee, that the beverage has an excessive amount of caramel sauce. The Defendant Starbucks Corporation Latinx male employee stated to Cecil Elmore, "get someone else to make your drink." Plaintiff did not state anything, did not intimidate, did not threaten Defendant Starbucks Corporation Latinx male employee in uniform on duty as this same Latinx employee yelled intentionally, maliciously, unlawfully, negligently harassed, intimidated, brandished a sharp object (box cutter and/or knife) and threatened with physical gang violence along with discriminatory racial slurs, caused intentional harm to Cecil Elmore.

527.    The Defendant Starbucks Corporation, Latinx male employee with a sharp object in his hand (box cutter and/or knife) intimidating aggressively while brandishing stated to Cecil Elmore, "I will stab you, you

COMPLAINT FOR DAMAGES || JURY DEMAND - 144

bitch ass nigger," "Nigger I will stab you," "Nigger I will get my homies [gang members] in County to fuck you up," "Your bitch made you come back in here with that drink," as Defendants Starbucks Corporation, Latinx male employee stated numerous intentional, negligent, malicious, misogynistic statements in regards to Plaintiff Gurkirn Hundal. This Defendant Starbucks Corporation, Latinx male employee committed this incident in front of numerous African American, Caucasian and other race customers. This same Defendant Starbucks Corporation, Latinx male employee was physically restrained and brought into a back office by Defendant Starbucks Corporation, African American manager.

528. After the Defendant Starbucks Corporation, African American manager on duty and in uniform gave Plaintiff and Cecil Elmore his name and phone number to contact him in regard to this unlawful, intentional, malicious, negligent incident which caused direct harm to Cecil Elmore.

529.     After Plaintiff Gurkirn Hundal on behalf of Cecil Elmore called 911 and Los Angeles Police Department to report this unlawful incident that occurred. Numerous Los Angeles Police Department Police Officers responded as Plaintiff and Cecil Elmore explained that he was threatened with a sharp object (box cuter or knife), gang violence and racial slurs of being called a "Nigger," while Defendant Starbucks Corporation, Latinx male employee was on duty and in uniform as Plaintiff and Cecil Elmore was a customer. Plaintiff and Cecil Elmore stated to Los Angeles Police Department Police Officers that there are pending Civil Lawsuits involving them as Plaintiffs in Los Angeles County. The two (2) main Police Officers of the Los Angeles Police Department Defendant Defendant DOE Grady (41438); Defendat DOE Madjd (42075) did not turn on their body camera audio and video as required. The Los Angeles Police Department, Police Officers Defendant DOE Grady (41438); Defendat DOE Madjd (42075) intentionally, maliciously, negligently did not properly investigate this hate crime and did not obtain in possession of audio and video footage from Defendants Starbucks Corporation of this unlawful and criminal acts committed by Latinx male employee of Defendant Starbucks Corporation. On this same date, the African American manager of Defendant Starbucks Corporation, stated to Los Angeles Police Department, Police Officer Defendant DOE Madjd (42075) that Defendant Starbucks Corporation, Latinx male employee was terminated for the unlawful acts committed against Cecil Elmore. Defendant DOE Grady (41438) and Defendant DOE Madjd (42075) intentionally, maliciously, negligently, unlawfully, purposely conspired in concert to intentionally, maliciously, negligently, unlawfully, purposely closed Plaintiff and Cecil Elmore Los Angeles Police Department Report of the hate crime incident caused by Defendant Starbucks Corporation, Latinx

male employee.  Cecil Elmore stated to Defendant DOE Grady (41438) and Defendant DOE Madjd (42075) to obtain possession of video and audio camera footage of the hate crime, criminal threats, brandish with weapon, committed against Cecil Elmore as these Los Angeles Police Department Police Officers maliciously, negligently, intentionally, unlawfully conspired, declined and refused to do their due-diligence to obtain possession of the audio and video footage of the incident from Defendant Starbucks Corporation.

530.        The Los Angeles Police Department, Police Officers Defendant DOE Grady (41438) and Defendant DOE Madjd (42075), negligently, maliciously, intentionally, conspired in concert with Defendant Starbucks Corporation, to close Plaintiff  and Cecil Elmore Los Angeles Police Department complaint without proper investigation and due diligence. As these Defendants intentionally, maliciously, negligently, deprived Plaintiff Cecil Elmore of his California Constitution Rights Article 1 Section 28.  Cecil Elmore is a victim of a serious crime including save guards in the criminal justice system to fully protect those rights.  Cecil Elmore has rights of victims pervade the criminal justice system, encompassing not only the right to restitution from the wrong-doers for financial losses suffered as a result of criminal acts, but also the more basic expectation that person(s) who commit felonious acts causing injury to Cecil Elmore, person(s) who commit the crime will be appropriately detained in custody, tried by the Courts, and sufficiently punished so that the public safety is protected and encouraged as a goal of highest importance.  Plaintiff California Constitution Rights Article 1 Section 28(d) right to truth in evidence were violated.  Los Angeles Police Department, Police Officers, Defendant DOE Grady (41438) and Defendant DOE Madjd (42075), breached their fiduciary duty as Los Angeles Police Department Police Officers, owed to Plaintiff Cecil Elmore as a citizen and resident of the State of California, City of Los Angeles.  The Defendants and each of them collectively, intentionally, maliciously, negligently, unlawfully conspired to cause intentional harm to Plaintiff Cecil Elmore.

531.        While Plaintiff and Cecil Elmore was intentionally harmed on October 28, 2023, Plaintiff had numerous pending Civil Lawsuits as a Plaintiff against Defendants and numerous other pending complaint investigations from State of California Bureau of Security and Investigative Services; County of Los Angeles Health Department; County of Los Angeles Code Enforcement; Los Angeles Police Department Police Reports and Plaintiff is a victim/cooperating witness in the felony criminal case *State of California v. Domonick Lawrence Guy*, as Defendants retaliated against Plaintiff and Cecil Elmore.  Los Angeles Police Department Police Officers along with Defendant DOE Grady (41438) and Defendant DOE Madjd (42075) had knowledge of Plaintiff Gurkirn

Hundal and Cecil Elmore pending Civil Lawsuit against Los Angeles Police Department as Defendants and complaints Plaintiff Gurkirn Hundal and Cecil Elmore complained against Los Angeles Police Department. These Defendants, Los Angeles Police Department and Police Officers Defendant DOE Grady (41438) and Defendant DOE Madjd (42075) retaliated against Plaintiff Gurkirn Hundal and Cecil Elmore.

532.     On a different date, Defendant Starbucks Corporation, District Manger Frank, called Plaintiff Gurkirn Hundal and Cecil Elmore and stated an apology to Plaintiff Gurkirn Hundal and Cecil Elmore for this unlawful incident. Defendant Starbucks Corporation, District Manager Frank, stated that, "they have about eight cameras recorded audio/video of the incident involving Plaintiff and Cecil Elmore."

533.     On another date, Defendant Starbucks Corporation, District Manager Frank, called Plaintiff Gurkirn Hundal and Cecil Elmore to inform them that District Manager Frank and internal team members looked over the audio and video footage of the incident and they apologize for the terminated employee unlawful, intentional, malicious acts directly to Cecil Elmore.

534.     Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Bethany Spooner; Paul Runkle; Mark Wiese; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Parters, LLC; Suffolk Development, LLC; Islas Development LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Pacific Housing, INC.; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Chase Protective Services INC.; Thomas Paul White, have a business and political partnership with State of California Treasurer, Fiona Ma, as they all collectively in concert conspired and interfered with Plaintiff Cecil Elmore Constitutional Rights and California Constitutional Rights with intimidation and force. As the State of California Treasurer, Fiona Ma, intentionally, maliciously, negligently, unlawfully conspired in concert with Defendants and others to interfere with this Los Angeles Police Department Police Report filed by Plaintiff Cecil Elmore, investigations and all other investigations in the State of California involving Plaintiff and Cecil Elmore in the form of malicious, intentional, negligent and unlawful retaliation.

535.     These Defendants and each of them, conducted themselves in unfair business practices as these Defendants committed in concert unlawful acts directly to cause intentional harm to Plaintiff and Cecil Elmore.

536.     Defendants and each of them, continuous, malicious, unlawfully conspired to cause direct harm to Plaintiff and Cecil Elmore as these Defendants engaged in unlawful collusion to aid and abed the unlawful civil enterprise of these Defendants.

537.     These Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Paul Runkle; Bethany Spooner; Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Chase Protective Services INC.; Thomas Paul White, Defendant DOE Grady (41438) and Defendant DOE Madjd (42075), unlawfully conspired to intentionally caused harm to Plaintiff and Cecil Elmore with intimidation as Plaintiff and Cecil Elmore filed a lawsuit against Defendants at the Stanley Mosk Courthouse which was pending, complaints filed to State of California Bureau of Security and Investigative Services, Los Angeles County Public Health Department, Los Angeles County Housing Department, Los Angeles County Code Enforcement, and State of California Department of Fair Employment and Housing and Plaintiff Cecil Elmore is a witness for the *State of California v. Domonick Lawrence Guy*. Which these Defendants are retaliating, violating Plaintiff and Cecil Elmore Civil Rights. Defendant Domonick Lawrence Guy is an unlawful enforcer for Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Arthur; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Alico Security Group INC.; Manal Sabry; Daniel Wheeler, to cause intentional harm to Plaintiff and Cecil Elmore.

538.     The Defendants and each of them obstructing justice and depriving Plaintiff of rights and privileges, as these Defendants collectively in concert, intentionally, maliciously, negligently, unlawfully conspired in concert to interfere with Plaintiff and Cecil Elmore Civil Rights. As these Defendants interfered with intimidation and force as they intentionally caused direct harm to Plaintiff and Cecil Elmore as Plaintiff and Cecil Elmore has a pending Civil Cases in which Plaintiff and Cecil Elmore are a Plaintiff party involving some Defendants mentioned. Plaintiff and Cecil Elmore is also a cooperating witness with the District Attorneys for the State of California in the case *State of California v. Domonick Lawrence* Guy, which involves some of these Defendants unlawful criminal acts against Plaintiff and Cecil Elmore.

539.    Defendant Ricardo Lopez stated that Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Michael Vasquez, had State of California Treasurer, Fiona Ma, interfere with Plaintiff Cecil Elmore Los Angeles Police Department Police Report against Defendant Starbucks Corporation.  Defendant Ricardo Lopez stated that Defendant Starbucks Corporation, Latinx male employee is in his gang.

540.    All Defendants compelled, coerced, aided and/or abetted the unlawful acts and violations alleged in this complaint, which conduct is prohibited.  All Defendants were responsible for the events and damages stated herein, including on the following basis: (a) Defendants committed the acts stated; (b) At all relevant times, one or more Defendants was the agent or employee, and/or acted under the control or supervisor of one or more of the remaining Defendants and in committing the acts stated, acted within the course and scope of such agency and employment and/or is or otherwise liable for Plaintiff Gurkirn Hundal damages; (c) At all relevant times, there existed a unity of ownership and interest between or among two (2) or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another, Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times here in mention did not, exist.  All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors of employment with all Defendants, were taken on behalf of all Defendants, and were engaged with, authorized, ratified, and approved of by all other Defendants.

541.    Plaintiff Gurkirn Hundal raised complaints of illegality and the Defendants retaliated against her.

542.    Defendants were aware that treating Plaintiff in this manner above, including depriving Plaintiff Gurkirn Hundal of her livelihood and would devastate Plaintiff and Cecil Elmore and cause extreme hardship.

543.    Each of the Defendants involved, conspired and aided and abetted to intentionally harm Plaintiff Gurkirn Hundal of her rights secured by the Constitution and Laws of the United States and rights secured by the Constitution and Laws of the State.

544.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, humiliation, indignity, embarrassment, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

545.        In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## ONE HUNDRED-FIFTEENTH CAUSE OF ACTION

VIOLATION CALIFORNIA CIVIL CODE § 51.5 —

DISCRIMINATION IN BUSINESS DEALINGS

(AGAINST STARBUCKS CORPORATION)

546.        Plaintiff incorporates by reference the allegations of paragraphs 524 through 545 above, as if each such allegation was set forth herein.

547. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, humiliation, indignity, embarrassment, which have caused Plaintiff  to sustain damages in a sum to be determined at trial.

548.        In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## FOUR HUNDRED-FIFTY FOURTH CAUSE OF ACTION

VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

(AGAINST STARBUCKS CORPORATION)

549.        Plaintiff incorporates by reference the allegations of paragraphs 524 through 545 above, as if each such allegation was set forth herein.

550. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock,

humiliation, indignity, embarrassment, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

551.     In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## ONE HUNDRED-SEVENTIETH CAUSE OF ACTION

### VIOLATION INTENTIONAL TORT

(AGAINST TED DEAN CONLEY; RAY, ALOIA & CONLEY, LLP; RUBEN ISLAS; RUBEN ISLAS JR; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARNTERS, LLC; ISLAS DEVELOPMENT, LLC; SUFFOLK DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; SEVANA PETORISAN; SEV LASER REAL ESTATE HOLDINGS, LLC; SEV LASER AESTHETIC CALABASAS, LLC; PETROISAN ESTHETICS ENTERPRISES, LLC; KAYLA CRICHLOW; RAFAELA VASQUEZ; EMMA PERRY; DOE 16; ERICA PEREZ; CARMEN CORTEZ)

552.     From February 28, 2022 to February 28, 2024, at address 451 S Main Street, Los Angeles, California, 90013, the Defendants and each of them listed on this Federal Lawsuit intentionally, unlawfully, maliciously and negligently had cockroaches and bedbugs attack and cause intentional harm to the body of Plaintiff.

553.     These Defendants and each of them, knowingly had knowledge and evidence that these cockroaches, bedbugs and pests where a present infestation and will cause direct harm to Plaintiff. Each of the listed Defendants conspired to interfere with Plaintiff pending Civil Lawsuits in concert to cause harm to Plaintiff. Each Defendant listed worked in collusion to intentionally, maliciously, negligently in concert to interfere with Plaintiff Civil Rights under the Constitutional Rights of the United States of America.

554.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.

555.    In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## ONE HUNDRED-EIGHTEENTH CAUSE OF ACTION

### VIOLATION NEGLIGENCE

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; JOEL JIMENEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING., INC.; MARK WEISE; ROSSLYN PARTNERS, LLC; INSPIRATION PROPERTY MANAGEMENT, INC.; MICHAEL CHILDRESS; ERICA DELERY; CLAUDIA JAUREGUI; GINA KOJAYAN; MICHELLE TSEIBOS; MARIE SFAIR; MICHAEL VASQUEZ; BRIAN HSAIO; THEODORE VICTORIO; GLADYS BOATENG; JANGBIR SINGH; RICHARD LAVIN; EDGAR ANTONYAN; DANIELLE WILLIAMS; JE T'AIME BRADSHAW; SHERRY DICKO; BETHANY SPOONER)

556.    Plaintiff incorporates by reference the allegations of paragraphs 552 through 555 above, as if each such allegation was set forth herein.

557. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.

558.    In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## ONE HUNDRED-NINETEENTH CAUSE OF ACTION

### VIOLATION CALIFORNIA BUSINESS & PROFESSIONS CODE § 6128(a)

(AGAINST TED DEAN CONLEY; RAY, ALOIA & CONLEY, LLC)

559.    Plaintiff incorporates by reference the allegations of paragraphs 552 through 555 above, as if each such allegation was set forth herein.

560. As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Richard Salazar malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRED-TWENTYIETH CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1983 –

### CIVIL RIGHTS CONSPIRACY

(AGAINST TED DEAN CONLEY; RAY, ALOIA & CONLEY, LLP; RUBEN ISLAS; RUBEN ISLAS JR; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARNTERS, LLC; ISLAS DEVELOPMENT, LLC; SUFFOLK DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; SEVANA PETORISAN; SEV LASER REAL ESTATE HOLDINGS, LLC; SEV LASER AESTHETIC CALABASAS, LLC; PETROISAN ESTHETICS ENTERPRISES, LLC; KAYLA CRICHLOW; RAFAELA VASQUEZ; EMMA PERRY; DOE 16)

561.    Plaintiff incorporates by reference the allegations of paragraphs 552 through 5855 above, as if each such allegation was set forth herein.

562. As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Richard Salazar malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRED-TWENTY FIRST CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1983 –

FOURTEENTH AMENDMENT RIGHTS

(AGAINST TED DEAN CONLEY; RAY, ALOIA & CONLEY, LLP; RUBEN ISLAS; RUBEN ISLAS JR; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARNTERS, LLC; ISLAS DEVELOPMENT, LLC; SUFFOLK DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; SEVANA PETORISAN; SEV LASER REAL ESTATE HOLDINGS, LLC; SEV LASER AESTHETIC CALABASAS, LLC; PETROISAN ESTHETICS ENTERPRISES, LLC; KAYLA CRICHLOW; RAFAELA VASQUEZ; EMMA PERRY; DOE 16; ERICA PEREZ; CARMEN CORTEZ)

563. Plaintiff incorporates by reference the allegations of paragraphs 552 through 555 above, as if each such allegation was set forth herein.

564. As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Richard Salazar malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRED-TWENTY FIRST CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1985 –

### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

(AGAINST TED DEAN CONLEY; RAY, ALOIA & CONLEY, LLP; RUBEN ISLAS; RUBEN ISLAS JR; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARNTERS, LLC; ISLAS DEVELOPMENT, LLC; SUFFOLK DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; SEVANA PETORISAN; SEV LASER REAL ESTATE HOLDINGS, LLC; SEV LASER AESTHETIC CALABASAS, LLC; PETROISAN ESTHETICS ENTERPRISES, LLC; KAYLA CRICHLOW; RAFAELA VASQUEZ; EMMA PERRY; DOE 16; ERICA PEREZ; CARMEN CORTEZ)

565. Plaintiff incorporates by reference the allegations of paragraphs 552 through 555 above, as if each such allegation was set forth herein.

566. As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Richard Salazar malicious,

harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRED-TWENTY SECOND CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1983 –

### CIVIL ACTION FOR DEPRIVATION OF RIGHTS

(AGAINST TED DEAN CONLEY; RAY, ALOIA & CONLEY, LLP; RUBEN ISLAS; RUBEN ISLAS JR; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARNTERS, LLC; ISLAS DEVELOPMENT, LLC; SUFFOLK DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; SEVANA PETORISAN; SEV LASER REAL ESTATE HOLDINGS, LLC; SEV LASER AESTHETIC CALABASAS, LLC; PETROISAN ESTHETICS ENTERPRISES, LLC; KAYLA CRICHLOW; RAFAELA VASQUEZ; EMMA PERRY; DOE 16; ERICA PEREZ; CARMEN CORTEZ)

567.    Plaintiff incorporates by reference the allegations of paragraphs 552 through 555 above, as if each such allegation was set forth herein.

568. As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Richard Salazar malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRED-TWENTY THIRD CAUSE OF ACTION

### VIOLATION OF INTENTIONAL TORT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; JOEL JIMENEZ; MARK WIESE; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARTNERS, LLC; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; VALERIE SOSA; HAROLD SAMUEL BEARD; MELINDA JOHNSON; ALICO SECURITY GROUP INC.; MANAL SABRY; DANIEL WHEELER; BETHANY SPOONER; KNOWLES SECURITY INC.;

JOE ZUNIGA; KEVIN ZUNIGA; JOSE SANDIN; RBW SECURITY SERVICES INC.; MASTER MUHAMMAD; HUGHFORD MUHAMMAD)

569.     On July 22, 2023, at address 451 S Main Street, Los Angeles, California, 90013, Defendants Valerie Sosa and Harold Samuel Beard stalked Plaintiff and Cecil Elmore  from outside of this address into the building at this address.  On duty performing security services was Defendant Alico Security Group INC., on behalf of their employer Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Joel Jimenez; Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Manal Sabry; Daniel Wheeler; Knowles Security INC.; Joe Zuniga; Kevin Zuniga; Jose Sandin; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Bethany Spooner.  Defendant Harold Samuel Beard on the elevator at the above address, Defendant Harold Samuel Beard acted as an aggressive enforcer on behalf of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Bethany Spooner; Joel Jimenez; Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Manal Sabry; Daniel Wheeler; Alico Security Group INC.; Knowles Security, INC.; Kevin Zuniga; Joe Zuniga; Keandre Stephenson; Jose Sandin; Tyrone Jenkins; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Gonzalo Rivera; Ricardo Lopez; Sara Lopez; Valerie Sosa; Domonick Lawrence Guy; Paul Runkle, maliciously and intentionally physically attacked and caused intentional harm to Plaintiff and Cecil Elmore.

570.     During this physical attack, from Defendants and each of them, against Plaintiff and Cecil Elmore, Defendant Harold Samuel Beard stated, Cecil Elmore and Gurkirn Hundal better dismiss all lawsuits pending against Ruben Islas and others.  And Defendant Harold Samuel Beard intentionally and maliciously stated that he was going to murder Plaintiff Gurkirn Hundal and Cecil Elmore.

571.     During Cecil Elmore being physically attacked by Defendant Harold Samuel Beard,  Cecil Elmore had no choice as he self-defended himself against Defendant Harold Samuel Beard.  While Cecil Elmore was self-defending himself, Defendant Valerie Sosa kicked Cecil Elmore in the back.  While this occurred Defendant Melinda Johnson walked out of her apartment unit at address 451 S Main Street Unit 435, Los Angeles, California, 90013, as Defendant Melinda Johnson maliciously, intentionally and physically attacked Plaintiff

Gurkirn Hundal and Cecil Elmore by spraying a toxic chemical substance into the eyes of both Plaintiff Gurkirn Hundal and Cecil Elmore, while Defendant Melinda Johnson verbally, intentionally cursed profanity to Plaintiff Gurkirn Hundal and Cecil Elmore.

572.    Plaintiff and Cecil Elmore while in distress from this incident went to Cecil Elmore apartment unit. Plaintiff Gurkirn Hundal call 911 for the Defendant Los Angeles Police Department and Los Angeles Fire Department Paramedics as they reported that Defendants Valerie Sosa; Harold Samuel Beard; Melinda Johnson attacked both Plaintiff Gurkirn Hundal and Cecil Elmore.

573.    Defendant Melinda Johnson called 911 and made a false, defamatory, untrue, malicious, fraudulent statement of facts about Plaintiff Gurkirn Hundal and Cecil Elmore.

574.    As Plaintiff Gurkirn Hundal and Cecil Elmore were waiting for Defendant Los Angeles Police Department and Los Angeles Fire Department to arrive for help regarding Plaintiff and Cecil Elmore injuries sustained from this incident.  No Defendant Los Angeles Police Department Police Officers and Los Angeles Fire Department arrived in a reasonable time and manner.  As Plaintiff Gurkirn Hundal and Cecil Elmore went to the Los Angeles Police Station – Central Division to file a Police Report of this incident and for treatment from Los Angeles Fire Department.  While Plaintiff Gurkirn Hundal and Cecil Elmore were at the Los Angeles Police Department – Central Division, Los Angeles Fire Department arrived and did not treat Plaintiff Gurkirn Hundal and Cecil Elmore for their injuries, hand injury, and eye injury caused from all of these Defendants and each of them collectively.

575.    A resident overheard Defendant Harold Samuel Beard and this resident warned Plaintiff Gurkirn Hundal and Cecil Elmore with a note in regard to Defendant Harold Samuel Beard coming back to shoot Plaintiff Gurkirn Hundal and Cecil Elmore with a firearm.

576.    Prior to this incident, Plaintiff Gurkirn Hundal and Cecil Elmore notified Detective Vaca from the Central Division Los Angeles Police Department; Defendants Los Angeles Police Department; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Joel Jimenez; Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Manal Sabry; Daniel Wheeler and attorney Christopher Stewart, notified each of them that Defendants Harold Samuel Beard; Valerie Sosa;

Melinda Johnson have caused intentional harm to Plaintiff Gurkirn Hundal and Cecil Elmore on numerous occasions on the property of 451 S Main Street, Los Angeles, California, 90013.

577.    Defendants Harold Samuel Beard; Valerie Sosa; Melina Johnson, are and performed as aggressive enforcers on behalf of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Joel Jimenez; Logan Capital Advisors, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Islas Development, LLC; Suffolk Development, LLC; Bethany Spooner; Cynthia Parry; Ruby Montoya; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Dewey Services, Incorporated; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Brian Hsiao; Marie Sfair; Michelle Tsiebos; Richard Lavin; Jangbir Singh; Domonick Lawrence Guy; Alico Security Group, INC.; Manal Sabry; Daniel Wheeler; Ted Dean Conley; Ray, Aloia & Conley, LLP; Employees of the Los Angeles Police Department; Ricardo Lopez; Sara Lopez; Jose Sandin; Keandre Stephenson; Tyrone Jenkins; Sherry Dicko; Je T'aime Bradshaw; Theodore Victorio; Gonzalo Rivera; Gladys Boateng; Edgar Antonyan; Sevana Petrosian; Kayla Crichlow; Petrosian Esthetics Enterprise, LLC, intentionally, maliciously, purposely, unlawfully, causing intentional harm to Plaintiff Gurkirn Hundal.

578.    After this incident, Defendants Harold Samuel Beard; Valerie Sosa; Melinda Johnson, said that they caused intentional harm to Plaintiff Gurkirn Hundal and Cecil Elmore on behalf of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Joel Jimenez; Logan Capital Advisors, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Islas Development, LLC; Suffolk Development, LLC; Bethany Spooner; Cynthia Parry; Ruby Montoya; Chase Protective Services, INC.; Thomas Paul White; Jose Ramirez; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Dewey Services, Incorporated; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Brian Hsiao; Marie Sfair; Michelle Tsiebos; Richard Lavin; Jangbir Singh; Domonick Lawrence Guy; Alico Security Group, INC.; Manal Sabry; Daniel Wheeler; Ted Dean Conley; Ray, Aloia & Conley, LLP; Employees of the Los Angeles Police Department; Ricardo Lopez; Sara Lopez; Jorge Lopez; DOE 1 Jose Sandin; Keandre Stephenson; Tyrone Jenkins; Sherry Dicko; Je T'aime Bradshaw; Theodore Victorio; Gonzalo Rivera; Gladys Boateng; Edgar Antonyan; Tonyua Newsome; Abraham Tapia; Sevana Petrosian; Petrosian Esthetics Enterprise, LLC; Kayla Crichlow, since Plaintiff Gurkirn Hundal and Cecil Elmore filed numerous legal documents against all of the mentioned Defendants. All

of these Defendants and each of them, collectively conspired in concert to cause intentional harm to Plaintiff Gurkirn Hundal and Cecil Elmore.

579.     While Plaintiff Gurkirn Hundal and Cecil Elmore was intentionally harmed on July 22, 2023, Plaintiff had numerous pending Civil Lawsuits against Defendants and numerous other pending complaint investigations from State of California Bureau of Security and Investigative Services; County of Los Angeles Health Department; County of Los Angeles Code Enforcement and Los Angeles Police Department Police Reports as Defendants retaliated against Plaintiff.

580.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, humiliation, indignity, embarrassment, injury to Plaintiff eyes and hand, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.

581.     In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### ONE HUNDRED-TWENTY FOURTH CASUSE OF ACTION

VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

(AGAINST HORTENCIA GARCIA; KIMBERLY JOHNSON)

582.     On September 25, 2023, Plaintiff Gurkirn Hundal and Cecil Elmore at address Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, California, 90012, in regard to case *Cecil Elmore, et al., v. Valerie Sosa, et al.,* Case Number 22STCV07024 related and consolidated cases 22STCV11827; 22STCV11832; 22STCV11834; 22SSTCV12021; 22STCV18987; 22STCV27745, filed to Stanley Mosk Courthouse in this exact order: PLAINTIFFS CECIL EMORE AND GURKIRN HUNDAL TO THE COURT REGARDING DEFENDANT RUBEN ISLAS, ATICLE IN LOS ANGELES TIMES, "CALIFORNIA TREASURER FRIONA MA CALLS ON HOLLYWOOD STUDIOS TO END WRITIERS' AND ACTORS' STRIKES"; REQUEST FOR DISMISSAL (CIV-110); PLAINTIFFS CECIL ELMORE AND GURKIRN HUNDAL NOTICE TO THE COURT REGARDING DEFENDANT RUBEN ISLAS IN THE RECORD GAZETTE, "MOVIE COMPANY PICKS BANNING AS ITS HOME, WILL FOCUS ON INDEPENDENT, LATINX STORIES"; PLAINTIFFS CECIL

ELMORE AND GURKIRN HUNDAL NOTICE TO THE COURT REGARDING DEFENDANT RUBEN ISLAS AGENDA SPECIAL CITY COUNSEL MEETINGS, CITY OF BANNING, CALIFORNIA; PLAINTIFFS CECIL ELMORE AND GURKIRN HUNDAL NOTICE OF DISMISSAL AND WITHDRAWAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF PLAINTIFFS CECIL ELMORE AND GURKIRN HUNDAL; PLAINTIFFS CECIL ELMORE AND GURKIRN HUNDAL NOTICE TO THE COURT REGARDING DEFENDANT RUBEN ISLAS ARTICLE IN LOS ANGELES TIMES, "CITY FUNDING FOR DEVELOPER ANGERS HOUSING ADVOCATES"; PLAINTIFFS CECIL ELMORE AND GURKIRN HUNDAL NOTICE TO THE COURT REGARDING DEFENDANT RUBEN ISLAS ARTICLE LA WEEKLY, "LOS ANGFELES CITY HALL AS SLUMLORD"; PLAINTIFF CECIL ELMORE AND GURKIRN HUNDAL NOTICE TO THE COURT REGARDING DEFENDANT RUBEN ISLAS ARTICLE IN EAST BAY TIMES, "MORE SUITS FILED IN CASA DE VALLEJO FIRE TRAGEDY"; PLAINTIFFS CECIL ELMORE AND GURKIRN HUNDAL NOTICE TO THE COURT REGARDING DEFENDANT RUBEN ISLAS ARTICLE IN LA CAN (LOS ANGELES COMMUNITY ACTION NETWORK), "LOS ANGELES AFFORDABLE HOUSING DEVELOPERS ARRESTED FOR NORTHERN CA MANSLAUGHTER OF TENANTS"; PLAINTIFFS CECIL ELMORE AND GURKIRN HUNDAL NTOICE TO THE COURT REGARDING DEFENDNAT RUBEN ISLAS LINKED IN.

583.     On September 25, 2023 at 3:09pm, Plaintiff Gurkirn Hundal and Cecil Elmore received an email from attorney Christopher Steward in regard to case *Cecil Elmore, et al., v. Valerie Sosa, et al.,* Case Number 22STCV07024 related and consolidated cases 22STCV11827; 22STCV11832; 22STCV11834; 22SSTCV12021; 22STCV18987; 22STCV27745.  In this email, it stated, "Please be advised that the Court, on his own motion, will be continuing the hearing on the demurrers and motions to strike.  The hearings will not proceed on 9/28/23.  The Court will be giving notice of the new date set for the hearing."  On September 25, 2023, no employee, deputy, assistant, clerk or anyone else regarding Case *Cecil Elmore, et al., v. Valerie Sosa, et al.,* Case Number 22STCV07024 related and consolidated cases 22STCV11827; 22STCV11832; 22STCV11834; 22SSTCV12021; 22STCV18987; 22STCV27745, contacted Plaintiff Gurkirn Hundal and/or Cecil Elmore, that the Court, on his own motion, will be continuing the hearing on the demurrers and motions to strike.  The hearings will not proceed on 9/28/23.  The Court will be giving notice of the new date set for the hearing.  As this means that whichever employee, possibly Judge Cherol J. Nellon; Hortencia Garcia; or Kimberly Johnson as they are the only employees working on the Case Number 22STCV07024 who could have contacted attorney Christopher Steward, the employees from Department 14 of Stanley Mosk Courthouse at address 111 N. Hill Street, Los Angeles, California, 90012, did not lawfully contact Plaintiff Gurkirn Hundal and neither Cecil Elmore in the same

manner or format as they contacted attorney Christopher Steward who represents Defendants Ruben Islas; Martha Enriquez; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Joel Jimenez; Gonzalo Rivera; The Rosslyn Lofts Housings Partners, LP; Logan Capital Advisors, LLC; Logan Capital Management, INC.; The Amerland Group, LLC, and other Defendants attorney Eric Elliott and John Roddy, Law firm Mark Trachtman Law for Joe Zuniga; Kevin Zuniga; Tyrone Jenkins; Jose Sandin; Keandre Stephenson; Knowles Security, INC., who have a cross-complaint against Defendants Rosslyn Lofts Housing Partners, LP who is owned, operated, managed by Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Sherry Dicko; Rachel Gilgar; Je T'aime Bradshaw; Danielle Williams; Luther Gadson; Joel Jimenez; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Rosslyn Partners, LLC.  Whichever of these persons, who contacted attorney Christopher Steward are maliciously, intentionally, unlawfully, bias, unlawfully conspiring and are engaging in unlawful collusion in the benefit of attorney Christopher Steward who represents Defendants Ruben Islas; Martha Enriquez; Michael Vasquez; Je T'aime Bradshaw; Sherry Dicko; Joel Jimenez; Gonzalo Rivera; The Rosslyn Lofts Housings Partners, LP; Logan Capital Advisors, LLC; Logan Capital Management, INC.; The Amerland Group, LLC, and other Defendants attorney Eric Elliott and John Roddy, Law firm Mark Trachtman Law for Joe Zuniga; Kevin Zuniga; Tyrone Jenkins; Jose Sandin; Keandre Stephenson; Knowles Security, INC.

584.      As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Richard Salazar malicious, harmful and wrongful acts to Plaintiff Gurkirn Hundal . The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## PRAYER

WHEREFORE, PLAINTIFF GURKIRN HUNDAL pray for relief and judgement as follows:

**On Counts One through Five Hundred-Fortieth against Defendants**

(1) For and Order enjoining Defendants from violating Federal and State Laws;

(2) For a Declaration that Defendants have violated Federal and State Laws;

(3) For Statutory and/or Compensatory Damages according to proof;